# 1: CV 00-2148

CAT B   PRIOR

### U.S. District Court
### USDC District of Columbia (Washington)

### CRIMINAL DOCKET FOR CASE #: 95-CR-319-ALL

USA v. MOORE                                    Filed: 12/07/95

Other Dkt # 1:95-m -00681

Case Assigned to: Judge Richard W. Roberts

SAMUEL BERTRELL MOORE (1)          Reita Pauline Pendry
  defendant                    FTS 598-8438
  [term  05/02/96]             [COR LD NTC pda]
                                   2135 Grierview Lane
                                   Charlotte, NC 28213
                                   AREA CODE (704)

FILED

DEC - 4 2000

RMP.

| Pending Counts: | Disposition |
| --- | --- |
| 18:2113(a); BANK ROBBERY BY FORCE OR VIOLENCE (1) | Defendant Sentenced to One Hundred Fifty-One (151) Months Incarceration; Three (3) Years Supervised Release; Fifty Dollars ($50.00) Special Assessment. DEFENDANT RESENTENCED  to identical sentence imposed on 5/2/96, with credit for     time served. (1) |
| 18:2113(a); BANK ROBBERY BY FORCE OR VIOLENCE (2) | Defendant Sentenced to One Hundred Fifty-One (151) Months Incarceration, to run concurrently; Two (2) Years Supervised Release, to be served consecutively; Fifty Dollars ($50.00) Special Assessment. DEFENDANT RESENTENCED  to identical sentence imposed on 5/2/96, with credit for     time served. (2) |

*U.S. attys,*
*David Barasch*
*728 Walnut St*
*1122 Pa 1701.*

United States District Court
for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, C

By: _____
Deputy Clerk

Docket as of December 1, 2000 2:32 pm                    Page 1

Proceedings include all events.                              CAT B
1:95cr319-ALL USA v. MOORE

                                                                    PRIOR

18:2113(a); BANK ROBBERY BY          Defendant Sentenced to One
FORCE OR VIOLENCE                    Hundred Fifty-One (151) Months
(5 - 7)                              Incarceration, to run
                                     concurrently; Three (3) Years
                                     Supervised Release on each
                                     count, to be served
                                     concurrently  with each other,
                                     and with the terms imposed on
                                     Counts 1 and  2; Fifty Dollars
                                     ($50.00) Special Assessment on
                                     each count.  DEFENDANT
                                     RESENTENCED to identical
                                     sentence imposed on
                                     5/2/96, with credit for time
                                     served.
                                     (5 - 7)

18:2113(a); BANK ROBBERY BY          Defendant Sentenced to One
FORCE OR VIOLENCE                    Hundred Fifty-One (151) Months
(9)                                  Incarceration, to run
                                     concurrently; Three (3) Years
                                     Supervised Release on each
                                     count, to be served
                                     concurrently  with each other,
                                     and with the terms imposed on
                                     Counts 1 and  2; Fifty Dollars
                                     ($50.00) Special Assessment on
                                     each count.  DEFENDANT
                                     RESENTENCED to identical
                                     sentence imposed on
                                     5/2/96, with credit for time
                                     served.
                                     (9)


Offense Level (opening): 4


Terminated Counts:                        Disposition

18:2113(a); BANK ROBBERY BY          Dismissed on oral motion by USA
FORCE OR VIOLENCE                    (3 - 4)
(3 - 4)

18:2113(a); BANK ROBBERY BY          Dismissed on oral motion by USA
FORCE OR VIOLENCE                    (8)
(8)


Offense Level (disposition): 4

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE
                                                                      PRIOR

Complaints                              Disposition

COMPLAINT filed in violation
of 18:2113(a) and 2
[ 1:95-m -681 ]


U. S. Attorneys:

    Stephen Pierce Anthony
    [COR LD NTC gvt]
    COVINGTON & BURLING
    1201 Pennsylvania Avenue, NW
    Washington, DC 20004-7566
    AREA CODE (202)

```
Proceedings include all events.                              CAT B
1:95cr319-ALL USA v. MOORE
                                                                  PRIOR
```

| | | |
|---|---|---|
| 11/8/95 | 1 | MAGISTRATE COMPLAINT and Affidavit filed against SAMUEL BERTRELL MOORE, JUANA DEMONIA  in violation of 18:2113(a) and 2.<br>[ 1:95-m -681 ] (gdf) [Entry date 11/13/95] |
| 11/8/95 | -- | ARREST WARRANT ISSUED  by Magistrate Judge Alan Kay  for SAMUEL BERTRELL MOORE, JUANA DEMONIA .<br>[ 1:95-m -681 ] (gdf) [Entry date 11/13/95] |
| 11/9/95 | -- | DEFENDANT SAMUEL BERTRELL MOORE arrested.<br>[ 1:95-m -681 ] (gdf) [Entry date 11/13/95] |
| 11/9/95 | 2 | WARRANT returned executed as to SAMUEL BERTRELL MOORE  on 11/9/95 .  Return on  arrest warrant issued 11/08/95.<br>[ 1:95-m -681 ] (gdf) [Entry date 11/13/95] |
| 11/9/95 | -- | ARRAIGNMENT on magistrate complaint for SAMUEL BERTRELL MOORE held  before Magistrate Judge Alan Kay : Attorney appearance for SAMUEL BERTRELL MOORE by Reita Pauline Pendry. Preliminary/Detention hearing set for 9:30 11/15/95 for SAMUEL BERTRELL MOORE, for JUANA DEMONIA. Defendant JUANA DEMONIA did not appear. Defendant JUANA DEMONIA in hospital. Defendant MOORE committed/commitment issued.<br>[ 1:95-m -681 ] (gdf) [Entry date 11/13/95] |
| 11/9/95 | 3 | ORDER by Magistrate Judge Alan Kay  as to SAMUEL BERTRELL MOORE : of temporary detention pending hearing pursuant to Bail Reform Act  (N)<br>[ 1:95-m -681 ] (gdf) [Entry date 11/13/95] |
| 11/15/95 | -- | PRELIMINARY HEARING  before Magistrate Judge Alan Kay as to SAMUEL BERTRELL MOORE, JUANA DEMONIA : Control hearing on (10 day hold) set for 9:30 a.m. on 11/17/95 for JUANA DEMONIA. Defendants committed/commitment issued. Court Reporter: Pro Typists, Inc.<br>[ 1:95-m -681 ] (gdf) [Entry date 11/16/95] |
| 11/15/95 | -- | DEFENDANT(S) SAMUEL BERTRELL MOORE, JUANA DEMONIA  ordered held without bond  by Magistrate Judge Alan Kay .<br>[ 1:95-m -681 ] (gdf) [Entry date 11/16/95] |
| 11/15/95 | 8 | ORDER  by Magistrate Judge Alan Kay  as to SAMUEL BERTRELL MOORE : committing defendant to the custody of the U.S. Attorney General.  (N)<br>[ 1:95-m -681 ] (gdf) [Entry date 11/16/95] |
| 11/15/95 | 9 | ATTORNEY APPEARANCE  for SAMUEL BERTRELL MOORE by Reita Pendry<br>[ 1:95-m -681 ] (gdf) [Entry date 11/22/95] |

Proceedings include all events.                              CAT B
1:95cr319-ALL USA v. MOORE
                                                          PRIOR

11/17/95 --      BOND HEARING before Magistrate Judge Alan Kay as to JUANA
                 DEMONIA:Bond set to Work Release. SAMUEL BERTRELL MOORE,
                 JUANA DEMONIA ordered held for the Grand Jury - probable
                 cause shown. Court directs that the 10 day Hold be
                 terminated. Further, Probable cause found as to defendant
                 #1 Samuel Moore and defendant #2 Juana Demonia on 11/15/95.
                 Hold for Grand Jury. Reporter: Pro-Typists, Inc.
                 [ 1:95-m -681 ] (gdf) [Entry date 11/27/95]

11/20/95 11      DETENTION MEMORANDUM by Magistrate Judge Alan Kay as to
                 SAMUEL BERTRELL MOORE .  (N)
                 [ 1:95-m -681 ] (gdf) [Entry date 11/27/95]

12/7/95  12      INDICTMENT filed against  SAMUEL BERTRELL MOORE (1)
                 count(s) 1-9 (mlp) [Entry date 12/11/95]

12/7/95  --      CASE ASSIGNED  to Judge Stanley Sporkin  as to SAMUEL
                 BERTRELL MOORE . (mlp) [Entry date 12/11/95]

12/7/95  --      Attorney representation for USA  by Stephen Pierce Anthony.
                 (mlp) [Entry date 12/11/95]

12/7/95  --      PDID AND DATE OF BIRTH for SAMUEL BERTRELL MOORE :  PDID #:
                 194509 DOB: 04/11/45 (mlp) [Entry date 12/11/95]

12/19/95 --      ARRAIGNMENT held  before Judge Stanley Sporkin  as to ,
                 SAMUEL BERTRELL MOORE (1) counts 1-9:  Plea not guilty
                 entered by SAMUEL BERTRELL MOORE (1) count(s) 1-9 .,
                 Trial set for 10:00 2/5/96 for SAMUEL BERTRELL MOORE .
                 Motion hearing set for 2:30 1/29/96 for SAMUEL BERTRELL
                 MOORE . Motions due by 1/10/96 for SAMUEL BERTRELL MOORE
                 ., Defendant committed/commitment issued.   Reporter:
                 Beverly Byrne (mlp) [Entry date 12/22/95]

12/19/95 14      ORDER by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                 MOORE: directing defendant to appear in a line-up at 12:00
                 noon on 1/3/96 . (N) (mlp) [Entry date 01/02/96]

12/26/95 13      MOTION filed by SAMUEL BERTRELL MOORE to dismiss count(s)
                 as to SAMUEL BERTRELL MOORE (1) count(s) cmp, 1-9
                 attachments. (mln) [Entry date 12/26/95]

2/1/96   --      STATUS HEARING  before Judge Stanley Sporkin  as to SAMUEL
                 BERTRELL MOORE: Plea not guilty withdrawn as to SAMUEL
                 BERTRELL MOORE (1) counts 1-2, 5-7, 9. Plea guilty
                 entered by SAMUEL BERTRELL MOORE 1 count(s) 1-2, 5-7, 9 .
                  SAMUEL BERTRELL MOORE  referred for pre-sentence
                 investigation report. Sentence set for 10:00 4/16/96 for
                 SAMUEL BERTRELL MOORE. Defendant committed/commitment
                 issued.   Reporter: Theresa Sorensen (mlp)
                 [Entry date 02/05/96]

2/1/96   15      WAIVER of Trial by Jury as to SAMUEL BERTRELL MOORE .
                 Approved by Judge Stanley Sporkin . (mlp)

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE
                                                                    PRIOR
                    [Entry date 02/05/96]

2/1/96    16       PLEA AGREEMENT filed as to SAMUEL BERTRELL MOORE . (mlp)
                   [Entry date 02/05/96]

5/1/96    17       MEMORANDUM IN AID OF SENTENCING filed by defendant SAMUEL
                   BERTRELL MOORE; Exhibits (3) (kk) [Entry date 05/02/96]

5/2/96    --       SENTENCING by Judge Stanley Sporkin for SAMUEL BERTRELL
                   MOORE (1) Count(s) 1 : Defendant Sentenced to One Hundred
                   Fifty-One (151) Months Incarceration; Three (3) Years
                   Supervised Release; Fifty Dollars ($50.00) Special
                   Assessment; Count(s) 2 : Defendant Sentenced to One Hundred
                   Fifty-One (151) Months Incarceration, to run concurrently;
                   Two (2) Years Supervised Release, to be served
                   consecutively; Fifty Dollars ($50.00) Special Assessment;
                   Count(s) 5-7, 9 : Defendant Sentenced to One Hundred
                   Fifty-One (151) Months Incarceration, to run concurrently;
                   Three (3) Years Supervised Release on each count, to be
                   served concurrently with each other, and with the terms
                   imposed on Counts 1 and 2; Fifty Dollars ($50.00) Special
                   Assessment on each count, for a total Special Assessment of
                   Three Hundred Dollars ($300.00); Count(s) 3-4 and 8
                   dismissed on oral motion by USA; Defendant
                   committed/commitment issued Court Reporter: Beverly Byrne
                   (kk) [Entry date 05/07/96]

5/2/96    18       RECEIPT and Acknowledgment of Presentence Investigation
                   Report by USA as to SAMUEL BERTRELL MOORE. (kk)
                   [Entry date 05/07/96]

5/2/96    19       RECEIPT and Acknowledgment of Presentence Investigation
                   Report by SAMUEL BERTRELL MOORE. (kk) [Entry date 05/07/96]

5/9/96    20       JUDGMENT and Commitment issued by Judge Stanley Sporkin as
                   to SAMUEL BERTRELL MOORE. (kk) [Entry date 05/15/96]

7/15/96   21       ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                   MOORE authorizing transcript of proceeding held on 5/2/96.
                   Signed: 7/11/96.  Reporter: Beverly Byrne. (mln)
                   [Entry date 07/16/96]

7/17/96   22       TRANSMITTED supplemental record on as to SAMUEL BERTRELL
                   MOORE ; Consisting of: Copy of CJA 24 ordering Transcript
                   on Appeal,. (mln) [Entry date 07/17/96]

9/18/96   23       TRANSCRIPT filed as to SAMUEL BERTRELL MOORE  for date of
                   5/2/96.  Reporter: Beverly Byrne (mln) [Entry date 09/19/96]

5/6/97    24       APPLICATION filed by defendant SAMUEL BERTRELL MOORE to
                   proceed in forma pauperis Location of Dft: USP, Allenwood,
                   P.O. Box 3000, White Deer, PA 17887 (kk)
                   [Entry date 05/12/97]

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE

                                                                    PRIOR

5/6/97    25    MOTION filed by defendant SAMUEL BERTRELL MOORE to vacate,
                set aside or correct sentence pursuant to 28 USC 2255,
                referencing count(s) 1, 2, 5-7, 9 (Civil Case No: 97-990
                (SS)) (kk) [Entry date 05/12/97]

5/6/97    26    APPLICATION filed by defendant SAMUEL BERTRELL MOORE to
                proceed in forma pauperis . Location of Dft:
                USP-Allenwood, P.O. Box 3000, White Deer, PA 17887 (kk)
                [Entry date 05/22/97]

5/20/97   --    ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                : granting application by defendant SAMUEL BERTRELL MOORE
                (1) to proceed in forma pauperis [26-1] (Fiat) (N) (kk)
                [Entry date 05/22/97]

5/21/97   27    ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                MOORE : directing the government to show cause within 60
                days of service of defendant's 2255 motion as to why the
                relief requested should not be granted. (N) (mlp)
                [Entry date 06/03/97]

5/27/97   28    RESPONSE  by plaintiff USA  in opposition to motion to
                vacate, set aside or correct sentence pursuant to 28 USC
                2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                97-990 (SS)) [25-1] by SAMUEL BERTRELL MOORE . (mlp)
                [Entry date 06/03/97]

6/2/97    29    ATTORNEY APPEARANCE for defendant SAMUEL BERTRELL MOORE by
                Reita Pendry (kk) [Entry date 06/04/97]

6/5/97    30    ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                : directing that the United States secure the transcript
                of the defendant's sentencing, and file its final
                opposition to defendant's 2255 motion (N) (kk)
                [Entry date 06/11/97]

6/19/97   31    SUPPLEMENTAL SUBMISSION by the UNITED STATES as to SAMUEL
                BERTRELL MOORE (gdf) [Entry date 06/23/97]

6/27/97   32    ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                : granting motion by defendant SAMUEL BERTRELL MOORE (1) to
                vacate, set aside or correct sentence pursuant to 28 USC
                2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                97-990 (SS)) [25-1]; Defendant's sentence is vacated;
                Defendant shall be resentenced on 9/11/97 at 2:00 PM; The
                Federal Public Defender shall appoint counsel to represent
                defendant at the resentencing; The U.S. shall prepare a
                writ of habeas corpus ad prosequendum to secure defendant's
                attendance at the resentencing (N) (kk)
                [Entry date 07/05/97]

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE

                                                                        PRIOR

9/9/97    33        SUPPLEMENT by defendant SAMUEL BERTRELL MOORE to his motion
                    to vacate, set aside or correct sentence pursuant to 28 USC
                    2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                    97-990 (SS)) [25-1] (kk) [Entry date 09/09/97]

9/10/97   34        WRIT OF HABEAS CORPUS AD PROSEQUENDUM issued to Warden,
                    Allenwood, PA, for production of Samuel Moore, for hearing
                    on September 30, 1997, as to SAMUEL BERTRELL MOORE .
                    Ordered by Judge Stanley Sporkin . (lkn)
                    [Entry date 09/11/97]

9/30/97   --        RESENTENCING before Judge Stanley Sporkin for SAMUEL
                    BERTRELL MOORE (1) : Motion by defendant SAMUEL BERTRELL
                    MOORE (1) to vacate sentence, denied. Sentence of 5/2/96
                    reimposed. COUNT 1 : DEFENDANT RESENTENCED to identical
                    sentence imposed on 5/2/96, with credit for time served.
                    (Defendant Sentenced to One Hundred Fifty-One (151) Months
                    Incarceration; Three (3) Years Supervised Release; Fifty
                    Dollars ($50.00) Special Assessment.) COUNT 2 : DEFENDANT
                    RESENTENCED to identical sentence imposed on 5/2/96, with
                    credit for time served. (Defendant Sentenced to One Hundred
                    Fifty-One (151) Months Incarceration, to run concurrently;
                    Two (2) Years Supervised Release, to be served
                    consecutively; Fifty Dollars ($50.00) Special Assessment.)
                    COUNTS 5-7, 9 : DEFENDANT RESENTENCED to identical sentence
                    imposed on 5/2/96, with credit for time served. (Defendant
                    Sentenced to One Hundred Fifty-One (151) Months
                    Incarceration, to run concurrently; Three (3) Years
                    Supervised Release on each count, to be served concurrently
                    with each other, and with the terms imposed on Counts 1 and
                    2; Fifty Dollars ($50.00) Special Assessment on each
                    count.) Total Special Assessment of Three Hundred Dollars
                    ($300.00). Defendant committed/commitment issued.
                    Reporter: Beverly Byrne (kk) [Entry date 10/07/97]

10/2/97   35        NOTICE OF APPEAL filed by defendant SAMUEL BERTRELL MOORE
                    from Court's oral sentence imposed on 9/30/97 and entered
                    on 10/7/97. Appeal references SAMUEL BERTRELL MOORE (1),
                    count(s) 1, 2, 5-7, 9. Counsel and defendant notified.
                    Docketing statement received.  NO FEE: FPD (kk)
                    [Entry date 10/07/97]

10/6/97   37        ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                    MOORE authorizing transcript of proceeding held on
                    9/30/97. Signed: 10/3/97.  Reporter: Beverly Byrne. (mln)
                    [Entry date 10/08/97]

10/6/97   38        OPINION by Judge Stanley Sporkin as to SAMUEL BERTRELL
                    MOORE  (N) (kk) [Entry date 10/08/97]

Proceedings include all events.                          CAT B
1:95cr319-ALL USA v. MOORE
                                                               PRIOR

10/6/97   39      ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                  : denying motion by defendant SAMUEL BERTRELL MOORE (1) to
                  vacate, set aside or correct sentence pursuant to 28 USC
                  2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                  97-990 (SS)) [25-1] (N) (kk) [Entry date 10/08/97]

10/7/97   36      TRANSMITTED PRELIMINARY RECORD on appeal [35-1] by SAMUEL
                  BERTRELL MOORE to U.S. Court of Appeals and Counsel.
                  Docketing Statement attached. (kk) [Entry date 10/07/97]

10/8/97   40      JUDGMENT and Commitment issued  by Judge Stanley Sporkin as
                  to SAMUEL BERTRELL MOORE. (erd) [Entry date 10/10/97]

10/17/97  41      USCA # 97-3142 assigned for appeal [35-1] by SAMUEL
                  BERTRELL MOORE (erd) [Entry date 10/20/97]

1/15/98   42      TRANSCRIPT filed as to SAMUEL BERTRELL MOORE  for date of
                  09/30/97.  Reporter: Beverly J. Byrne (jmf)
                  [Entry date 01/16/98]

7/16/98   43      CERTIFIED COPY of Judgment filed in USCA, dated 5/22/98,
                  referencing  appeal [35-1]  as to SAMUEL BERTRELL MOORE
                  Affirming the judgment of USDC as to SAMUEL BERTRELL MOORE
                  (1) count(s) 5-7, 9, 1, 2.    USCA # 97-3142 (erd)
                  [Entry date 08/21/98]

9/9/98    44      ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                  MOORE authorizing transcript of proceeding held on 2/1/96.
                  Signed: 9/8/98.  Reporter: Theresa Sorensen. (erd)
                  [Entry date 09/14/98]

10/7/99   45      APPLICATION filed by SAMUEL BERTRELL MOORE, 09644050 to
                  proceed in forma pauperis.  Location of Dft: FCI,
                  Schulylkill, P.O. Box 759, Minersville, PA  17954-0759. (erd)
                  [Entry date 10/13/99]

10/7/99   46      MOTION filed by SAMUEL BERTRELL MOORE to vacate, set aside
                  or correct sentence pursuant to 28:2255, referencing SAMUEL
                  BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No:
                  99-2680) (erd) [Entry date 10/13/99]

11/30/99  47      ORDER   by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                  MOORE: Response to 28 U.S.C. 2255 motion due by 12/15/99
                  for SAMUEL BERTRELL MOORE .  (N) (hsj) [Entry date 12/07/99]

12/15/99  48      RESPONSE by USA  to motion to vacate, set aside or correct
                  sentence pursuant to 28:2255, referencing SAMUEL BERTRELL
                  MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No: 99-2680)
                  [46-1] by SAMUEL BERTRELL MOORE (bjsp) [Entry date 12/29/99]

12/28/99  49      MOTION filed by SAMUEL BERTRELL MOORE Enlargment of time
                  to file his reply motion. (hsj) [Entry date 01/14/00]

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE
                                                                      PRIOR

1/13/00  50      ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                 MOORE : granting motion Enlargment of time to file his
                 reply motion. [49-1] as to SAMUEL BERTRELL MOORE (1) Reply
                 to response to motion due by 2/1/00 for SAMUEL BERTRELL
                 MOORE .  (N) (hsj) [Entry date 02/01/00]

1/27/00  51  —   REPLY  by SAMUEL BERTRELL MOORE  to response to motion to
                 vacate, set aside or correct sentence pursuant to 28:2255,
                 referencing SAMUEL BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2
                 (Civil Case No: 99-2680) [46-1] by SAMUEL BERTRELL MOORE (ks)
                 [Entry date 02/07/00]

2/23/00  52      ORDER CASE REASSIGNED  from Judge Sporkin  to Judge Richard
                 W. Roberts  by direction of the Calendar Committee, as to
                 SAMUEL BERTRELL MOORE.  (N) (erd) [Entry date 03/01/00]

7/17/00  53      ORDER by Judge Richard W. Roberts as to SAMUEL BERTRELL
                 MOORE: granting in part motion to vacate, set aside or
                 correct sentence pursuant to 28:2255, referencing SAMUEL
                 BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No:
                 99-2680) [46-1] as to SAMUEL BERTRELL MOORE (1); the
                 Judgment & Commitment Order issued on 10/08/97 is AMENDED
                 so that page three of the Judgment and Commitment Order
                 shall state that the defendant shall be placed on a term of
                 supervised release for a term of three years on Count(s) 1,
                 2, 5, 6, 7 and 9, all count(s) to be served concurrently;
                 the defendant's motion to Vacate, Set Aside or Correct his
                 Sentence pursuant to 28 U.S.C. 2255 is TRANSFERRED to the
                 Middle District of Pennsylvania. (N) (su)
                 [Entry date 07/24/00]

# 1: CV 00-2148

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

)
UNITED STATES OF AMERICA,     )
)
)
v.     )     Civil Action No. 99-2680 (RWR)
)     Crim. Action No. 95-315 (RWR)
)
SAMUEL B. MOORE-BEY,     )     **FILED**
)
Defendant.     )     JUL 1 7 2000
)

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

Defendant has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. He claims that the Bureau of Prisons incorrectly calculated the term of his sentence and that there is a separate clerical error in his Judgment and Commitment Order regarding the term of his supervised release. In its court-ordered response to the defendant's motion, the government concedes that the defendant's Judgment and Commitment Order erroneously states the period of his supervised release to be five years rather than three years. Accordingly, the Court will amend the defendant's Judgment and Commitment Order to correct the error.

Defendant's challenge to the calculation of his sentence by the Bureau of Prisons must, however, be brought via a petition for a writ of habeas corpus in the jurisdiction of his confinement because the defendant is attacking the execution of



United States District Court
for the District of Columbia
**A TRUE COPY**

NANCY MAYER-WHITTINGTON, Clerk

-2-

the sentence as opposed to its imposition.  See <u>Preiser v.</u>
<u>Rodriguez</u>, 411 U.S. 475, 487-88 (1973) (holding that prisoner's
claim challenging deprivation of good-time credits sounded in
habeas even if restoration of the credits did not result in his
immediate release); <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 811-
13 (D.C. Cir. 1988) (<u>en</u> <u>banc</u>) (holding that the proper defendant
in a federal habeas case is the warden of the facility in which
the prisoner is incarcerated and that the habeas court must have
personal jurisdiction over the warden); <u>Perkins v. Henderson</u>, 881
F. Supp. 55, 59 n.4 (D.D.C. 1995) ("It is well settled in this
jurisdiction and elsewhere that § 2255 will lie only to attack
the imposition of a sentence and that an attack on the execution
thereof may be accomplished only by way of habeas corpus in the
district of confinement.").  The remainder of the defendant's
motion will therefore be transferred to the Middle District of

-3-

Pennsylvania where the defendant is incarcerated.[1]  Accordingly,
it is hereby

ORDERED that the defendant's Motion to Vacate, Set Aside or
Correct his Sentence Pursuant to 28 U.S.C. § 2255 [46] be, and
hereby is, GRANTED IN PART.  It is further

ORDERED that the Judgment and Commitment Order issued by the
Honorable Stanley Sporkin on October 8, 1997 in the above-
captioned criminal case be, and hereby is, AMENDED so that page
three of the Judgment and Commitment Order shall state that the
defendant shall be placed on a term of supervised release for a
term of three years on Counts 1, 2, 5, 6, 7 and 9, all counts to
be served concurrently.  It is further

ORDERED that the defendant's Motion to Motion to Vacate, Set
Aside or Correct his Sentence Pursuant to 28 U.S.C. § 2255 [46]

---

[1] The government has suggested in accordance with the
admonition of <u>Chatman-Bey</u>, 864 F.2d at 814, that the Court first
order the defendant to show cause why this case should not be
transferred.  However, <u>Chatman-Bey</u> involved a <u>sua sponte</u> transfer
in which the prisoner had neither been given notice that the case
might be transferred nor an opportunity to explain why the case
could and should be heard in this jurisdiction.  Here, by
contrast, the defendant has responded to the government's
argument that the case should be transferred in his reply brief.
Because "[d]elay is undesirable in all aspects of our justice
system, but is especially to be avoided in the sensitive context
of habeas corpus," <u>id.</u>, it is appropriate to transfer immediately
so as to secure the speediest possible resolution of this matter.

-4-

be, and hereby is, TRANSFERRED to the Middle District of

Pennsylvania.

SIGNED this ___14th___ day of July, 2000.


_____
RICHARD W. ROBERTS
United States District Judge

● ORIGINAL

1: CV 00-2148

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 5 1999

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 99-2680 (SS) |
| SAMUEL B. MOORE-BEY, | ) | Crim. Action No. 95-319 (SS) |
| | ) | |
| Defendant. | ) | |

## UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

Claiming that the Bureau of Prisons has incorrectly calculated the term of his sentence and there was a separate clerical error in his commitment order, Defendant has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Regarding Defendant's first claim, he challenges the execution, rather than the imposition, of his sentence. Defendant is currently incarcerated in a federal prison in Pennsylvania. Accordingly, his challenge must be brought as a habeas corpus petition in the jurisdiction of his confinement (the Middle District of Pennsylvania). Concerning Defendant's second argument, Defendant's commitment order indeed erroneously states the period of supervised release imposed by the Court. Therefore, the Court should amend the judgment and commitment order to correct this clerical

United States District Court
for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, Clerk

By _____
Deputy Clerk

error and then transfer the case to the Middle District of Pennsylvania.[1]

## Argument

### I.    Because Defendant is Challenging the Execution of his Sentence, as Opposed to its Imposition, Defendant's Motion Should be Brought as a Petition for a Writ of Habeas Corpus in the Jurisdiction of His Confinement.

This Court has held that: "[i]t is well settled in this jurisdiction and elsewhere that Section 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement."[2]   It follows, then, that a challenge to the Bureau of Prisons' computation of a prisoner's sentence lies in habeas corpus law.[3]

Here, although Defendant has filed a motion under § 2255,  Defendant essentially contests the manner in which his sentence will be executed by the Bureau of Prisons (BOP).  Defendant does not claim than an illegal sentence was initially imposed.  Rather, he alleges that BOP has not credited him for his time served on a

---

[1]  If the Court concludes that it does have jurisdiction to hear Defendant's motion in its entirety, the United States requests that it have an opportunity to address the merits of Defendant's first basis for relief.

[2]  *Perkins v. Henderson*, 881 F. Supp. 55, 59 n. 4 (D.D.C. 1995); *see also Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999) (proper method of challenging BOP's denial of credit for time served is habeas petition, not Section 2255 motion).

[3]  *Bazan v. Bureau of Prisons*, 1999 WL 151426 (D.C. Cir. 1999) (because inmate would be eligible for immediate release if a sentence reduction was applied to him, his claim sounded in habeas).  *Cf. Anyanwutaku v. Moore*, 151 F.3d 1053, 1056 (D.C. Cir. 1998) (for a state prisoner, a petition for a writ of habeas corpus is the exclusive remedy when the relief sought "necessarily implies" or automatically results in a speedier release).

separate charge.  When a prisoner seeks credit for a period of time-served – even if the credit does not result in his immediate release – such a claim sounds in habeas corpus.[4] As such, Defendant's claim should have been brought as a petition for a writ of habeas corpus.[5]

Furthermore, the Court is without personal jurisdiction over the necessary party to Defendant's challenge.  As demonstrated above, by challenging the duration of his incarceration, Defendant's sole remedy is a habeas petition against his warden.  The D.C. Circuit has held that the venue for a habeas corpus action must be in the federal district containing the warden of the prison.[6]  The D.C. Circuit further has instructed that a "court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner," and the custodian of a federal prisoner is neither the BOP nor the Attorney General, but the warden of the prison where the prisoner is incarcerated.[7]  Lacking jurisdiction, the Court should transfer the case to the U.S.

---

[4]  *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

[5]  *See LoBue v. Christopher*, 82 F.3d 1081 (D.C. Cir. 1996) (habeas corpus was exclusive remedy for Illinois prisoner who could not maintain declaratory judgment action in D.C. to challenge the constitutionality of the federal extradition statutes); *Chatman-Bey v. Thornburgh* , 864 F.2d 804, 810 (D.C. Cir. 1988) (*en banc*) (prisoner challenging determination of parole eligibility date must do so via a habeas petition).

[6]  *Chatman-Bey*, 864 F.2d at 810.

[7]  *Chatman-Bey*, 864 F.2d at 809; *Guerra v. Meese*, 786 F.2d 414, 415-417 (D.C. Cir. 1986) (interpreting a prisoner's custodian within the meaning of 28 U.S.C. §§ 2241-2243 (1982)); *see also Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495 (1973) (habeas corpus requires that the court issuing the writ have jurisdiction over the custodian of the prisoner);

3

District Court for the Middle District of Pennsylvania, after giving Defendant notice of this proposed action and opportunity to be heard as to why the motion can, and should, be heard by this Court.

## II.   Prior to Transferring the Case, the Court Should Correct the Clerical Error in the Judgment and Commitment Order.

Defendant complains that despite the Court's imposition of a three-year period of supervised release during his resentencing, the judgment and commitment order indicate that a five-year period is applicable. The Court observed in its Order of November 30, 1999, that a transcript of the resentencing verifies Defendant's claim. Consequently, the United States does not oppose correction of the judgment and commitment order to indicate that a three-year, as opposed to a five-year, period of supervised release was imposed in this case.[8]

### Conclusion

For these reasons, the Court should correct the judgment and commitment order and then transfer Defendant's motion to the U.S. District Court for the Middle District of Pennsylvania.

---

*Bazan*, 1999 WL 1514246.

[8] Fed. R. Crim. P. 36 ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.").

4

Respectfully submitted,

WILMA A. LEWIS
United States Attorney

ROBERT D. OKUN
Chief, Special Proceedings Section

JOSEPH N. KASTER
Assistant United States Attorney
555 4th Street, N.W.
Rm. 11-848
Washington, D.C. 20001
(202) 514-7283

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing response to be served by mail to defendant, Samuel B. Moore-Bey, FCI -- Schuylkill, P.O. Box 759, Minerville, PA 17954-0759, this _15th_ day of _December_, 1999.

JOSEPH N. KASTER

1: CV 00-2143

Samuel B. Moore-Bey
Reg. No. 09644-050
FCI - Schuylkill
Box 759
Minersville, PA 17954-0759

October 10, 2000

Office of the Clerk
    of the Court
U.S. Dist. Ct. for the
    Middle Dist. of PA
P.O. Box 1148
235  N. Washington Avenue
Scranton, PA  18501

SCRANTON

OCT 1 3 2000

PER _____
DEPUTY CLERK

RE:  U.S. v. MOORE-BEY
     *Civil Action No. 99-2680
     *Crim. Action No. 95-319
     *(NOTE: THE ABOVE CIVIL AND CRIM.
      ACTION NUMBERS WERE ISSUED BY THE
      U.S. DIST. CT. FOR THE DIST. OF
      COLUMBIA)

Dear Clerk of the Court:

    Be advised, on October 7, 1999, I caused to be filed a 2255
Motion To Vacate, Set Aside, Or Correct Sentence, in the United States
District Court for the District of Columbia **(Please see attachment of
the last two pages of my Criminal Docket in these instant matters).**
Having written one of several letters to the Office of the Clerk of
the Court for the District of Columbia regarding a disposition in the
above entitled case, dated 9-25-00 (See attached letter to Clerk), I
today received an up-dated copy of my Criminal Docket.  Said Criminal
Docket now evidences that U.S. District Court Judge Richard W. Roberts
granted my 2255 Motion in part on 7-17-00, and then **TRANSFERRED** the
other part of the same 2255 Motion to your jurisdiction.  I was not
notified, and the event of transfer of these instant matters remained
unbeknown to me until today.

    Consequently, as a **pro se litigant**, I may now be in jeopardy of
being penalized and/ or prejudiced by events over which I had no con-
trol.

    Please forward me any information,i.e. Case Numbers, status of
my case, what moves are necessary on my part to change this instant
litigation into a 2241 Motion, if any.  The light at the end of the
tunnel has been extinguished...

    Your assistance shall be deeply appreciated.

Sincerely,

Proceedings include all ~~events~~.                                    CAT B
1:95cr319-ALL USA v. MOORE
                                                                       PRIO

10/6/97   39      ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                  : denying motion by defendant SAMUEL BERTRELL MOORE (1) to
                  vacate, set aside or correct sentence pursuant to 28 USC
                  2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                  97-990 (SS)) [25-1] (N) (kk) [Entry date 10/08/97]

10/7/97   36      TRANSMITTED PRELIMINARY RECORD on appeal [35-1] by SAMUEL
                  BERTRELL MOORE to U.S. Court of Appeals and Counsel.
                  Docketing Statement attached. (kk) [Entry date 10/07/97]

10/8/97   40      JUDGMENT and Commitment issued  by Judge Stanley Sporkin as
                  to SAMUEL BERTRELL MOORE. (erd) [Entry date 10/10/97]

10/17/97  41      USCA # 97-3142 assigned for appeal [35-1] by SAMUEL
                  BERTRELL MOORE (erd) [Entry date 10/20/97]

1/15/98   42      TRANSCRIPT filed as to SAMUEL BERTRELL MOORE  for date of
                  09/30/97.  Reporter: Beverly J. Byrne (jmf)
                  [Entry date 01/16/98]

7/16/98   43      CERTIFIED COPY of Judgment filed in USCA, dated 5/22/98,
                  referencing  appeal [35-1]  as to SAMUEL BERTRELL MOORE
                  Affirming the judgment of USDC as to SAMUEL BERTRELL MOORE
                  (1) count(s) 5-7, 9, 1, 2.    USCA # 97-3142 (erd)
                  [Entry date 08/21/98]

9/9/98    44      ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                  MOORE authorizing transcript of proceeding held on 2/1/96.
                  Signed: 9/8/98.  Reporter: Theresa Sorensen. (erd)
                  [Entry date 09/14/98]

10/7/99   45      APPLICATION filed by SAMUEL BERTRELL MOORE, 09644050 to
                  proceed in forma pauperis.  Location of Dft: FCI,
                  Schulylkill, P.O. Box 759, Minersville, PA  17954-0759. (erd
                  [Entry date 10/13/99]

10/7/99   46      MOTION filed by SAMUEL BERTRELL MOORE to vacate, set aside
                  or correct sentence pursuant to 28:2255, referencing SAMUEL
                  BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No:
                  99-2680) (erd) [Entry date 10/13/99]

11/30/99  47      ORDER   by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                  MOORE: Response to 28 U.S.C. 2255 motion due by 12/15/99
                  for SAMUEL BERTRELL MOORE .  (N) (hsj) [Entry date 12/07/99

12/15/99  48      RESPONSE by USA  to motion to vacate, set aside or correct
                  sentence pursuant to 28:2255, referencing SAMUEL BERTRELL
                  MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No: 99-2680)
                  [46-1] by SAMUEL BERTRELL MOORE (bjsp) [Entry date 12/29/99

12/28/99  49      MOTION filed by SAMUEL BERTRELL MOORE Enlargment of time
                  to file his reply motion. (hsj) [Entry date 01/14/00]

Proceedings include all events.                                      CAT B
1:95cr319-ALL USA v. MOORE
                                                                  PRIO

1/13/00  50      ORDER   by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                 MOORE : granting motion Enlargment of time to file his
                 reply motion. [49-1] as to SAMUEL BERTRELL MOORE (1) Reply
                 to response to motion due by 2/1/00 for SAMUEL BERTRELL
                 MOORE .   (N) (hsj) [Entry date 02/01/00]

1/27/00  51      REPLY by SAMUEL BERTRELL MOORE  to response to motion to
                 vacate, set aside or correct sentence pursuant to 28:2255,
                 referencing SAMUEL BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2
                 (Civil Case No: 99-2680) [46-1] by SAMUEL BERTRELL MOORE (ks
                 [Entry date 02/07/00]

2/23/00  52      ORDER CASE REASSIGNED  from Judge Sporkin  to Judge Richard
                 W. Roberts  by direction of the Calendar Committee, as to
                 SAMUEL BERTRELL MOORE.   (N) (erd) [Entry date 03/01/00]

7/17/00  53      ORDER by Judge Richard W. Roberts as to SAMUEL BERTRELL
                 MOORE: granting in part motion to vacate, set aside or
                 correct sentence pursuant to 28:2255, referencing SAMUEL
                 BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No:
                 99-2680) [46-1] as to SAMUEL BERTRELL MOORE (1); the
                 Judgment & Commitment Order issued on 10/08/97 is AMENDED
                 so that page three of the Judgment and Commitment Order
                 shall state that the defendant shall be placed on a term of
                 supervised release for a term of three years on Count(s) 1,
                 2, 5, 6, 7 and 9, all count(s) to be served concurrently;
                 the defendant's motion to Vacate, Set Aside or Correct his
                 Sentence pursuant to 28 U.S.C. 2255 is TRANSFERRED to the
                 Middle District of Pennsylvania. (N) (su)
                 [Entry date 07/24/00]

Samuel B. Moore-Bey
Reg. No. 09644-050
FCI - Schuylkill
Box 759
Minersville, PA 17954-0759

September 25, 2000

Office of the Clerk
    of the Court
U.S. District Court for
    the District of Columbia
U.S. Courthouse
333  Constitution Ave., N.W.
Washington, D.C. 20001

                              RE:  U.S.  v.  MOORE-BEY
                                   Civil Action No. 99-2680
                                   Crim. Action No.  95-319

Dear Clerk of the Court:

        Please forward me a copy of the Criminal Docket for the
above entitled case.  The last two (2) pages of said docket
should suffice.  I continue to remain concerned with entries
from 10/7/99 to date.


        Your Office has my genuine appreciation for all past and
present assistance.


                              Sincerely yours,

                              S. Moore Bey

                              Samuel B. Moore-Bey


cc:  file

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on October 7, 1994

UNITED STATES OF AMERICA  :   Criminal No. 95-0319
                          :
            v.            :   Magist. No.: 95-681M-01
                          :
SAMUEL BERTRELL MOORE     :   Violations:
                          :   18 U.S.C. § 2113(a)
            Defendant.    :   (Bank Robbery)

**FILED IN OPEN COURT**

**DEC 0 7 1995**

### I N D I C T M E N T

**CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA**

The Grand Jury charges that:

#### COUNT ONE

On or about June 12, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another, approximately $2,270.00 in money belonging to and in the care, custody, control, management and possession of the Crestar Bank, located at 1340 Good Hope Road, S.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(**Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a)).

#### COUNT TWO

On or about June 27, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another, approximately $1,400.50 in money belonging to and in the care, custody, control, management and possession of the Crestar Bank,

located at 825 North Capitol Street, N.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

**(Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a)).

### COUNT THREE

On or about August 3, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another, approximately $4,590.00 in money belonging to and in the care, custody, control, management and possession of the Crestar Bank, located at 1340 Good Hope Road, S.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

**(Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a)).

### COUNT FOUR

On or about August 31, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another, approximately $3,700.00 in money belonging to and in the care, custody, control, management and possession of the Crestar Bank, located at 1340 Good Hope Road, S.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

**(Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a)).

### COUNT FIVE

On or about September 19, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another,

approximately $1,414.74 in money belonging to and in the care, custody, control, management and possession of the Crestar Bank, located at 1340 Good Hope Road, S.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(**Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a)).

### COUNT SIX

On or about October 5, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another, approximately $500.00 in money belonging to and in the care, custody, control, management and possession of the Crestar Bank, located at 825 North Capitol Street, N.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(**Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a)).

### COUNT SEVEN

On or about October 12, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another, approximately $1,325.00 in money belonging to and in the care, custody, control, management and possession of the Crestar Bank, located at 300 Pennsylvania Avenue, S.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(**Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a)).

## COUNT EIGHT

On or about October 17, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another, approximately $6,765.00 in money belonging to and in the care, custody, control, management and possession of the Riggs Bank, located at 650 Pennsylvania Avenue, S.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(**Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a)).

## COUNT NINE

On or about November 7, 1995, in the District of Columbia, the defendant, **SAMUEL BERTRELL MOORE**, by force, violence and intimidation, did take from the person and presence of another, approximately $5,950.00 in money belonging to and in the care, custody, control, management and possession of the Crestar Bank, located at 300 Pennsylvania Avenue, S.E., the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(**Bank Robbery**, in violation of Title 18, United States Code, Sections 2113(a)).

A TRUE BILL

FOREPERSON

Eric H. Holder, Jr.
Attorney of the United States in
and for the District of Columbia

United States District Court
for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, Clerk

By
Deputy Clerk

4

 

U.S. Depart.    f Justice

United States Attorney

*District of Columbia*

CR. 95-319-ss

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

January 23, 1996

FILED

FEB 1 - 1996

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Reita Pendry, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

Re: <u>United States v. Samuel Moore,</u>
Crim. No. 95-319

Dear Ms. Pendry:

Your client, Samuel Moore, is currently charged by indictment with nine counts of Bank Robbery, in violation of 18 U.S.C. §2113(a).

By this letter, the United States of America (hereinafter also referred to as "the Government") extends the following plea offer. **This plea offer expires at the close of business on Friday, January 26, 1996.** If your client accepts the terms and conditions of this offer, kindly have him execute this document in the space provided below and return this document to the United States Attorney's Office for the District of Columbia (hereinafter also referred to as "this Office"). Upon receipt of the executed document, this letter will become the plea agreement itself. The terms of the offer are as follows:

<u>Mr. Moore's Obligations</u>:

1. Your client, Mr. Moore, agrees to admit his guilt and enter pleas of guilty to the following six counts of the indictment, each count of which charges Bank Robbery, in violation of 18 U.S.C. § 2113(a): Count 1 (Crestar Bank, 1340 Good Hope Road, S.E., June 12, 1995), Count 2 (Crestar Bank, 825 North Capitol Street, N.E., June 27, 1995), Count 5 (Crestar Bank, 1340 Good Hope Road, S.E., September 19, 1995), Count 6 (Crestar Bank, 825 North Capitol Street, N.E., October 5, 1995), Count 7 (Crestar Bank, 300

6

2

Pennsylvania Avenue, S.E., October 12, 1995), and Count 9 (Crestar Bank, 300 Pennsylvania Avenue, S.E., November 7, 1995). Your client understands that pursuant to 8 U.S.C. § 2113(a) and the general fine provisions of 18 U.S.C. § 3571, each count carries a penalty of a fine of not more than $250,000.00 or imprisonment for not more than 20 years, or both. In addition, your client agrees to pay the special assessment required by 18 U.S.C. § 3013 prior to the date of sentencing. Your client further understands that pursuant to §5E1.2 of the Federal Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client renounces any claim to the money seized from the getaway vehicle subsequent to the November 7 robbery, and agrees that that money shall be returned to the Crestar Bank.

The Government's Obligations:

2. In return for your client's entry of pleas of guilty to the above-mentioned counts, this Office agrees that upon imposition of sentence in this matter, the Government will dismiss the remaining counts of the indictment and will ask that your client receive full credit for acceptance of responsibility. In addition, the Government will not oppose imposition of a sentence at the bottom of the applicable guideline range.

General Provisions

3. Your client understands and agrees that this Office reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge or charges to which he shall plead guilty. In addition, your client understands and agrees that in exercising this right, the Government may solicit and make known the view or views of any victim, any witness, any member of the community, as well as the views of the appropriate Federal, state, or local authorities, regarding the nature and seriousness of your client's misconduct and its impact on them and the community.

4. This Office understands that your client reserves the right to request lenient sentencing. Your client understands, however, that federal sentencing ranges for specific offenses are determined in accord with the United States Sentencing Commission's Guidelines Manual. In addition, your client understands and agrees that the actual sentence that can be imposed by the United States District Court, including the amount of fines, may depend upon additional considerations, including, but not limited to, your client's criminal history, his role in the offense, and other relevant criminal conduct, including, but not limited to, his admissions to the United States Probation Office, and others, relating to his involvement in criminal activity both within and

3

outside the scope of the indictment to which he has entered his plea of guilty, as well as mandatory minimum and consecutive sentencing provisions and other enhancements and adjustments mandated by the <u>Guidelines</u> <u>Manual</u>. Your client understands further that ultimately the sentence to be imposed is a matter solely within the discretion of the Court. Your client also understands that neither the United States District Court for the District of Columbia, nor any of its respective judges, are a party to this agreement.

5. Your client further understands that the Government retains full right of allocution in connection with any pre-sentence or post-sentence motions that may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, the Government is not obligated to and does not intend to file any pre-sentence or post-sentence downward departure motions based on "substantial assistance in an investigation of another person who has committed any offense," pursuant to 18 U.S.C. 3553(e)/5K1.1 of the federal sentencing guidelines, or Rule 35(b) of the Federal Rules of Criminal Procedure.

6. Your client also understands and agrees that notwithstanding this plea agreement, the Government reserves its right to bring a civil action(s) in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal, state, or local statute.

7. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States of America. Nothing in this agreement shall be construed as enlarging or broadening the Government's obligations. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

8. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals, offices, and agencies remain free to prosecute your client for any offense(s) within their respective jurisdictions.

9. There are no other agreements, promises, understandings, or undertakings between your client and the Government, and your client understands that there can be no valid addition or alteration to this agreement unless the modification is made on the

4

record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

ERIC H. HOLDER, JR.
UNITED STATES ATTORNEY

STEPHEN P. ANTHONY
ASSISTANT UNITED STATES ATTORNEY

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Reita Pendry, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2-1-96

S. Moore Bey
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read each of the four pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with him, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty to the criminal charge as set forth in this agreement.

Date: 2-1-96

Reita Pendry
Attorney for the Defendant

for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, Clerk

By Evrile Saunders
Deputy Clerk

CO–526
(12/86)

FILED

FEB 1 – 1996

NANCY MAYER-WHITTINGTON, CL.
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    )
                            )
              vs.           )        Criminal No. 95-319-ss
                            )
_Samuel Moore-bey_          )
                            )

### WAIVER OF TRIAL BY JURY

With the consent of the United States Attorney and the
approval of the Court, the defendant waives his right to trial
by jury.

_S. Moore Bey_
**Defendant**

_Reita Pendry_
**Counsel for defendant**

I consent:

_[signature]_
**United States Attorney**

Approved:

_[signature]_
**Judge**

United States District Court
for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, Clerk

By _Evette K. Saunders_
Deputy Clerk

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet    Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**OCT 8 - 1997**

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

Case Number CR 95-319

SAMUEL BERTRELL MOORE-BEY
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SAMUEL BERTRELL MOORE-BEY, was represented by Reita Pendry.

The defendant pleaded guilty to count(s) 1,2,5,6,7,9.
Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery | 6/12/95 | 1 |
| 18 USC 2113(a) | Bank Robbery | 6/27/95 | 2 |
| 18 USC 2113(a) | Bank Robbery | 9/15/95 | 5 |
| 18 USC 2113(a) | Bank Robbery | 10/5/95 | 6 |
| 18 USC 2113(a) | Bank Robbery | 10/12/95 | 7 |
| 18 USC 2113(a) | Bank Robbery | 11/7/95 | 9 |

As pronounced on September 30, 1997, the defendant is sentenced as provided in pages 2 through 4 of Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 300.00, for count 1,2,5,6,7,9, which shall be due during first 3 months of supervised release.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the ___7___ day of ___Oct_____, 19_9_7

STANLEY SPORKIN
United States District Judge

Judgment--Page 2 of 4

Defendant: SAMUEL BERTRELL MOORE-BEY
Case Number: CR 95-319

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of the 151 months on each count to run concurrently with credit for time served.

The defendant is remanded to the custody of the United States Marshal.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 11/92)(D.C.rev.) Shee.    Supervised Release

Defendant: SAMUEL BERTRELL MOORE
Case Number: CR 95-319

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years on count 1, 2 years on count 2 to be served consecutively; 3 years on counts 5,7 and 9 to be served concurrently with each other and with terms imposed in counts 1 and 2. (TOTAL 5 Years).

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall not use, possess, sell or transport any illegal drugs or associate with any individual who engages in similar conduct; nor shall the defendnat frequent any place where illegal drugs are used, sold or distributed.

5. The defendant shall submit to drug testing as directed by the Probation Office, and may be placed in drug treatment program if Probation office deems necessary.

6. The defendant may not enter a bank during the first 3 years of supervised release without the permission of the Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 11/92)(D.C. rev.) Shee   Statement of Reasons

Defendant:  SAMUEL BERTRELL MOORE
Case Number:  CR 95-319

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

### OR

☐ The court adopts the factual findings and guideline application in the presentence report except
(see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:_____

Criminal History Category:_____

Imprisonment Range: _____ to _____ months

Supervised Release Range: _____ to _____ years

Fine Range: $_____ to $_____

    ☐ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $_____

    ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

The sentence departs from the guideline range

    ☐ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following reason(s):

NANCY MAYER-WHITTINGTON, Clerk

By_____
                 Deputy Clerk

(Orig)
Sporkin, J.

AO 243 (Rev. 6/85)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District FOR THE DISTRICT OF COLUMBIA | |
|---|---|---|
| Name of Movant SAMUEL B. MOORE-BEY | Prisoner No. 09644-050 | Case No. CR. 95-319 |

Place of Confinement
FCI - SCHUYLKILL, BOX 759, MINERSVILLE, PA  17954-0759

UNITED STATES OF AMERICA          V.          SAMUEL B. MOORE-BEY
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ___ U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA, WASH., D.C.

**FILED**

2. Date of judgment of conviction ___ RESENTENCE - SEPTEMBER  30, 1997.

OCT - 7 1999

3. Length of sentence ___ 151 MONTHS

4. Nature of offense involved (all counts) ___ BANK ROBBERY  -  6 COUNTS

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   PLED GUILTY TO 6 COUNTS. THREE COUNTS WERE DROPPED

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐          N/A
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐    N/A

CC: Judge
AUSA-Special Proceedings
Dft.

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 243 (Rev. 5/85)

If you did appeal, answer the following:

(a) Name of court U.S. COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA

(b) Result DENIED

(c) Date of result MAY 22, 1998

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a)(1) Name of court U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

(2) Nature of proceeding 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (SEE: ATTACHED MEMO IN SUPPORT)

(3) Grounds raised MOTION HEARD ON GROUNDS THAT I WAS NOT ADVISED OF RIGHT TO APPEAL BY THE COURT OR COUNSEL (SEE: ATTACHED MEMO IN SUPPORT)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒ No ☐

(5) Result SENTENCE VACATED, RESENTENCED, ADVISED OF RIGHT TO APPEAL

(6) Date of result SENTENCE VACATED, 5/2/96; RESENTENCED 9/30/97

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(3)

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐ No ☐    N/A

    (5) Result _____ N/A _____

    (6) Date of result _____ N/A _____

  (c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒ No ☐
    (2) Second petition, etc.    Yes ☐ No ☐

  (d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

                  N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

  CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

  (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one:  ERROR IN THE COMPUTAYION OF SENTENCE BYBOP.

Supporting FACTS (state *briefly* without citing cases or law) THE BOP DID NOT CORRECTLY COMPUTE OFFICIAL DENTION TIME, AND FAILED TO AWARD PROPER AMOUNT OF CREDIT FOR TIME SERVED (SEE: MEMO IN SUPPORT OF MOTION AND APPENDIX

B. Ground two:  CLERICAL MISTAKE IN RECORDING OF SUPERVISED RELEASE.

Supporting FACTS (state *briefly* without citing cases or law): ERROR/MISTAKE WHERE JUDGMENT AND COMMITMENT DOES NOT REFLECT ACTUAL PRONOUNCE-MENT OF THE COURT.

C. Ground three:  N/A

Supporting FACTS (state *briefly* without citing cases or law):

AO 243 (Rev. 5/85)

D. Ground four: _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

NONE OF THESE GROUNDS WERE PREVIOUSLY PRESENTED BECAUSE THEY DID

NOT EXIST UNTIL NOW (SEE:  ATTACHED MEMO IN SUPPORT AND APPENDIX)

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☒  No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____ N/A _____

(b) At arraignment and plea __ MS. REITA PENDRY, ESQ., FEDERAL PUBLIC DEFENDER,
     625 INDIANA AVE., N.W., WASH., D.C. 20004

(c) At trial _____ N/A _____

(d) At sentencing _____ SAME _____

(6)

AO 243 (Rev. 5/85)

(e) On appeal _____ SAME _____

(f) In any post-conviction proceeding _____ SAME _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____
         N/A

   (b) Give date and length of the above sentence: _____ N/A _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☐                        N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_10/1/99_
   (date)

cc:  ATTORNEY OF RECORD
     file

_Samuel Moore Bey_
Signature of Movant

(7)

**APPENDIX**

to reach the total of five years supervised release.  After some
advice from Mr. Gregory Hunt, U.S. Probation Officer regarding the
Statutory and Guideline Provisions being not more than three years,
the court departed upward, did not exceed the statutory or guide-
line provisions of three years on any one count, rather, sentenced
petitioner to three years supervised release on five of the counts,
to run concurrently, and two years on one of the counts to run con-
secutive to the other counts.  A total of five years supervised re-
lease.  The first sentencing transcript is consistant with the Judg-
ment and Commitment of the same date, regarding five years super-
vised release.

However, no complex calculations occured at the second senten-
cing regarding supervised release.  The court ordered three years
supervised release on all six counts, to run concurrently(APP.3,p.15).
The transcript is very concise.  The clerical mistake is reflected
on the Judgment and Commitment of the same date.  It continues to
read five years supervised release(APP.4-3).  It should read three
years as intended by pronouncement of the court.

The mistake is further reflected on petitioner's BOP computa-
tion sheet(APP.18-1).  The language of the court at both sentencings
is clear and not ambiguous.  What the court ordered and pronounced
is clearly evidenced upon the face of both sentencing transcripts.
The Court Docket also reflects the error of the Judgment and Commit-
ment of September 30, 1997.  It still reflects count two running
consecutive from the other five concurrent counts of supervised re-
lease(APP.12,pp.1 & 8).  The court intended count two to run concur-
rent with the other five counts.  This error is inconsistant with
the transcript record and the intent of the court.  This is not a

10

harmless error, but plain error and a due process violation of constitutional magnitude.

The government has already conceded to the recognition of the reduction of supervised release from five years to three years. They make reference to said change in their Appellee Brief of this instant case, filed February 25, 1998, on page two, footnote #3(APP. 17-2).  The change was irrelevant to the issue raised on appeal.

The petitioner's proffered recognition of the foregoing errors and mistakes within the record, should in no way encroach upon the 1987 amendment to Rule 35, whereupon it no longer provides the authority for judges to reconsider and modify sentences, except in cases where the defendant cooperates with the government post-sentence and is entitled to a reduced sentence for substantial assistance in the prosecution of other persons.  Such a provision has no relevancy to petitioner in these instant matters, past proceedings nor his future contemplations.  Petitioner is not requesting a sentence reduction, but reparation of the record and the restoration of truth.

Title 18 Section 3571, Clerical mistakes, establishes statutory authority to correct the foregoing grievous injustice, and the FRCP - Rule 36, Clerical mistakes dictate authoritative procedure to be applied at any time.

## CONCLUSION

For these reasons, and any others that may appear to the court, the movant should receive all credit for time served and earned, from his "official detention" at the outset of his incarceration on November 7, 1995, until his transfer to the BOP on

December 17, 1996.  Petitioner is entitled to the entire 400-Days.
Also, the court has authority to redress the clear and grievous in-
justice, where the erroneous enhancement and distorted recording of
movant's supervised release remains fundamentally unfair.

Respectfully submitted,

10/1/99
DATE

Samuel B. Moore-Bey, Petitioner Pro Se
Reg. No. #09644-050
FCI - Schuylkill
P.O. Box 759
Minersville, PA  17954-0759

## CERTIFICATE OF SERVICE

I certify that I have caused to be forwarded, by certified
mail, the original and two copies of my Pro Se 2255 Motion To Vacate,
Set Aside or Correct Sentence, Memorandum in support of same, and
Appendix, to the Office of the Clerk of the Court for the District
Of Columbia, U.S. Courthouse, 3rd & Constitution Ave., N.W., Wash-
ington, D.C. 20001, to be served on all interested parties in this
matter, on this 1st day of October, 1999.

Samuel B. Moore-Bey, Petioner Pro Se

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 27 1997

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

v.

Cr. No. 95-319
(SS.)

SAMUEL B. MOORE-BEY

ORDER

Upon consideration of the defendant's <u>Motion under 28 U.S.C. section 2255 to
Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody</u>, and the
responses thereto filed by the United States, and it appearing that the defendant was not
advised of his right to appeal, it is **ORDERED** that the defendant's sentence is vacated,
that he shall be resentenced on _Sept 11_, 1997 at _2:00 pm_ (time), that the Federal Public
Defender shall appoint counsel to represent the defendant at that resentencing, and that
the United States shall prepare a writ, <u>habeas corpus ad prosequendum</u>, securing the
defendant's attendance on that date.

UNITED STATES DISTRICT COURT JUDGE

6/26/97

Dated:

John M. Facciola
Assistant United States Attorney
Room 11-852
555 4th Street, N.W.
Washington, D.C. 20001

APP-1

AO 245 S (Rev. 11/92)(D.C. rev.) Shee.    'dgment in a Criminal Case    ⓘ    _Keila Pendry_

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.              Case Number CR 95-319

**FILED**

**MAY - 9 1996**

SAMUEL BERTRELL MOORE
Defendant.

NANCY MAYER-WHITTINGTON, CLE
U.S. DISTRICT COURT

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SAMUEL BERTRELL MOORE, was represented by Reita Pendry.

On motion of the United States the court has dismissed the remaining counts.

The defendant pleaded guilty to count(s) 1,2,5,6,7,9.
Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery | 6/12/95 | 1 |
| 18 USC 2113(a) | Bank Robbery | 6/27/95 | 2 |
| 18 USC 2113(a) | Bank Robbery | 9/15/95 | 5 |
| 18 USC 2113(a) | Bank Robbery | 10/5/95 | 6 |
| 18 USC 2113(a) | Bank Robbery | 10/12/95 | 7 |
| 18 USC 2113(a) | Bank Robbery | 11/7/95 | 9 |

As pronounced on May 2, 1996, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 300.00, for count 1,2,5,6,7,9, which shall be due during the first year of supervised release.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _____ day of _____ , 19 9 6

_____
STANLEY SPORKIN

**APP-2**

Judgment--Page 2 of 4

Defendant: SAMUEL BERTRELL MOORE
Case Number: CR 95-319

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 151 Months on Counts 1,2,5 through 7 and 9, all counts to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant receive psychological and drug addiction treatment; that the defendant be incarcerated in a facility close to the Washington D.C. area, i.e. Cumberland, or Petersburg.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

APP 2-2

AO 245 S (Rev. 11/92)(D.C.rev.) Sheet ____ )ervised Release _____

Defendant: SAMUEL BERTRELL MOORE
Case Number: CR 95-319

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years on count 1, 2 years on count 2 to be served consecutively; 3 years on counts 5,7 and 9 to be served concurrently with each other and with terms imposed in counts 1 and 2. (TOTAL 5 Years).

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall not use, possess, sell or transport any illegal drugs or associate with any individual who engages in similar conduct; nor shall the defendant frequent any place where illegal drugs are used, sold or distributed.

5. The defendant shall submit to drug testing as directed by the Probation Office, and may be placed in drug treatment program if Probation office deems necessary.

6. The defendant may not enter a bank during the first 3 years of supervised release without the permission of the Probation Office.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 11/92)(D.C. rev.) Shee    Statement of Reasons

Defendant: SAMUEL BERTRELL MOORE
Case Number: CR 95-319

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

### OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:_____

Criminal History Category:_____

Imprisonment Range: _____ to _____ months

Supervised Release Range: _____ to _____ years

Fine Range: $_____ to $_____

    ☐ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $_____

    ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

The sentence departs from the guideline range

    ☐ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following reason(s):

APP. 2-4