DMB:KLM:all

FILED
HARRISBURG, PA
FEB 8 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL BERTRELL MOORE, Petitioner | : | No. 1:CV-00-2148 |
| v. | : | (Judge Caldwell) |
| DAVID ROMINE, Respondent | : | (Magistrate Judge Smyser) |

### RESPONSE TO THE PETITION FOR HABEAS CORPUS

This is a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Samuel Bertrell Moore, who is currently confined at the Schuylkill Federal Correctional Institute in Minersville, Pennsylvania. Moore alleges that the Bureau of Prisons ("BOP") failed to credit his federal sentence for time spent in pre-trial custody and that BOP records incorrectly reflect the supervised release term imposed by the sentencing court.

On October 7, 1999, Moore filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2255 in the United States District Court for the District of Columbia ("D.C."). On July 17, 2000, an order was issued from the D.C. court granting Moore's petition in part, amending Moore's Judgment and Commitment Order and transferring Moore's claim that the BOP incorrectly calculated his

sentence to this Court. On January 22, 2001, an order was issued by this Court, stating that Moore's claim regarding his sentence calculation would be treated as a habeas corpus claim brought pursuant to 28 U.S.C. §2241 and directing that a response be filed to the habeas petition on or before February 8, 2001.

As discussed more fully below, Moore's claim should be denied because Moore has failed to exhaust available administrative remedies, and Moore's sentence has been properly calculated by the BOP.

### Statement of the Case

Moore is a federal inmate currently serving a 151-month term of imprisonment for bank robbery, in violation of 21 U.S.C. §2113(a). (Ex. 4, p. 1). Moore alleges that the BOP failed to credit his federal sentence for time spent in pre-trial custody. Specifically, Moore contends that he spent 400 days in the custody of the D.C. authorities for the same offense conduct that led to his federal conviction. He seeks credit toward his federal sentence for this 400 days. Moore further contends that BOP records incorrectly reflect that he has a five-year supervised

release term, rather than the three-year term imposed by the sentencing court.[1] (Petition, p. 5; Ex. 6, p. 3).

## Statement of the Facts

On November 9, 1995, Moore was arrested by the District of Columbia Police Department, for violating the Bail Reform Act. (Ex. 13, p. 1; Ex. 16, p. 1). On November 22, 1995, Moore was sentenced in D.C. Superior Court to two consecutive 180-day terms of imprisonment for possession of cocaine and heroin. Moore received another 90-day sentence, consecutive to these terms, for Bail Reform Act violations. This resulted in an aggregate sentence of 450 days for the D.C. convictions. (Ex. 5, p. 1; Ex. 13, p. 3).

On December 7, 1995, a federal indictment was returned against Moore, charging him with nine counts of bank robbery in violation of 21 U.S.C. § 2113(a). (Petition, App. 12, p. 5). On May 2, 1996, Moore pled guilty to six counts of bank robbery. (Petition, App. 12, p. 6). On May 2, 1996, Moore was sentenced in the United States District Court for the District of Columbia to a 151-month term of imprisonment, with a five-year term of supervised

---

[1] The transcript of Moore's re-sentencing affirms this claim, as does an Order from the United States District Court for the District of Columbia ordering that Bureau of Prisons records be changed to reflect this. The Bureau of Prisons is seeking verification of this Order. Once verified, the appropriate change will be made.

release, for these offenses. (Petition, App. 12, p. 6). A federal detainer was lodged with the D.C. Department of Corrections. (Ex. 4, p. 2). When Moore was paroled from his D.C. sentence on December 17, 1996, he was taken into federal custody for service of his federal sentence. (Ex. 4, p. 1).

Moore brought a habeas corpus claim challenging this sentence and was resentenced on October 7, 1997. Moore's sentence did not change significantly; he was resentenced to a 151-month term of imprisonment with a *three-year* term of supervised release (as opposed to the original five-year term). (Ex. 9, p. 3).

## Issues Presented

I. Should the habeas petition be dismissed in that Moore has failed to exhaust available administrative remedies?

II. Should Moore's sentencing calculation claim be denied in that Moore's sentence has been properly calculated by the Bureau of Prisons?

Suggested answers in the affirmative.

## Argument

**I. THE HABEAS PETITION SHOULD BE DISMISSED IN THAT MOORE HAS FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES.**

Federal prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas

4

corpus pursuant to 28 U.S.C. § 2241. Moscato v. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). See also Wilson v. United States, 503 U.S. 329, 335-336 (1992) (prisoners may "seek judicial review of these computations after exhausting their administrative remedies")(citing United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989); United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988).

The BOP has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. In order to exhaust appeals under the Administrative Remedy Procedures for Inmates, an inmate must first raise his complaint to the warden of the institution where he is confined. An appeal of this decision may be made in turn to the Regional Director and to the Central Office of the BOP. 28 C.F.R. §§ 542.14, 542.15. No administrative remedy appeal is considered to have been finally exhausted until considered by the BOP's Central Office.

In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central offices so that rapid verification may be made as to whether an inmate has exhausted administrative appeals

on a particular issue. A review of the SENTRY administrative remedy records indicate that Moore has never raised the instant issues at the administrative level. (Ex. 1, p. 2). Moore has thus failed to exhaust his administrative remedies pursuant to the requirements set forth in 28 C.F.R. §§542.10 - 542.16.

Because Moore has not exhausted his administrative remedies, this petition should be dismissed.

## II.  MOORE'S SENTENCING CALCULATION CLAIM SHOULD BE DENIED IN THAT THE BUREAU OF PRISONS HAS PROPERLY CALCULATED HIS 1996 FEDERAL SENTENCE.

As to the sentencing aspect of Moore's claim, which is properly raised in a §2241 petition,[2] the BOP has properly calculated Moore's sentence. To understand this, we briefly address certain basic principles governing criminal sentences.

First, a sentence commences when the defendant is received by the Attorney General for service of his sentence.

---

[2] See United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1980) (challenge involving credit calculation is a challenge to the execution of a sentence and should be raised in a habeas petition brought under 28 U.S.C. §2241).

18 U.S.C. §3585(a);[3] <u>United States v. Wilson</u>, 503 U.S. 329, 333-34 (1992); <u>United States v. Pungitore</u>, 910 F.2d 1084, 1119 (3d Cir. 1990)(applying predecessor statute of §3585(a)); <u>Chambers v. Holland</u>, 920 F.Supp. 618, 621 (M.D. Pa.), *aff'd without opinion*, 100 F.3d 946 (3d Cir. 1996). Moreover, a sentence cannot commence prior to the date it is imposed. <u>United States v. Labeille-Soto</u>, 163 F.3d 93, 98 (2d Cir. 1998)(while the district court believed the defendant was "getting hit pretty hard," it could not order the sentence to commence 16 months earlier than the date it was imposed so the defendant could receive federal credit for a state sentence he was serving); <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980).

Next, under 18 U.S.C. §3584, a district court may order that a sentence run concurrently with a prior sentence or consecutively.

The next step in computing a federal sentence is to determine if the defendant is entitled to credit for any time

---

[3] Section 3585(a) provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. §3585(a).

7

imprisoned before the federal sentence commenced. The Supreme Court has held that *only* the Attorney General, acting through the BOP, can calculate what credit, if any, a defendant convicted of a federal crime is entitled to receive. The district court has absolutely no authority to determine the amount of credit at sentencing. Wilson, 503 U.S. at 333-35. Thus, regardless whether the sentencing court directs that the defendant be given credit for time served, it is the BOP that determines if there is any credit to be given and how much credit is to be granted.

Congress has enacted 18 U.S.C. §3585(b), to guide the BOP's calculation of credit. See Labeille-Soto, 163 F.3d at 99. Relevant to this case, the statute prohibits a federal defendant from being credited with time spent in custody prior to the federal sentence being imposed if that time has been credited against

another sentence. 18 U.S.C. §3585(b).[4] See Wilson, 503 U.S. at 337 (in section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time").

Accordingly, a federal prisoner cannot receive credit for time served on a prior sentence if that detention time was already credited to the prior sentence. See Labeille-Soto, 163 F.3d at 99 ("a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence."); Bluitt v. Flowers, 162 F.3d 1172 (10th Cir. 1998) (same)(unpublished); United States v. Dennis, 926 F.2d 768, 769 (8th Cir. 1991)(same); Chambers, 920 F.Supp. at 622-23. See also United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1980)(to

---

[4] Section 3585(b) provides:

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. §3585(b)(emphasis added).

9

seek credit on federal sentence for time spent in state custody, the prisoner "must first establish that he has not already received credit on his unrelated state sentences for that time period.")

Next, we note that a court cannot "equitably depart" from a statute when imposing a sentence. As the Fourth Circuit recognized in Thomas v. Whalen, 962 F.2d 358, 363 (4th Cir. 1992), a court making an "equitable modification" to the statute of when a federal sentence commences is "contrary to even the most elementary principles of equity."

> A federal court, whether in law or in equity, has no authority to depart from the clear command of a statute in order to effect a result that it believes to be (or even one that would in fact be) dictated by general principles of fairness. The Supreme Court has stated:
>
>> Courts of equity can no more disregard statutory and constitutional requirements than can courts of law. They are bound by positive provisions of a statute equally with courts of law, and where [a claim] is ... void because not in compliance with express statutory ... provision, a court of equity cannot interpose to give validity to such [a claim], or any part thereof.

Thomas, 962 F.2d at 363 (quoting Hedges v. Dixon County, 150 U.S. 182, 192 (1893)). Equity, therefore, cannot create a

10

remedy in violation of the law, Id. at 363-64 (citing Rees v. City of Watertown, 86 U.S. (19 Wall.) 107, 122 (1874)), and equity cannot alter the clear language of section 3585(b). Id.[5]

In the instant case, Moore seeks credit for approximately 400 days. This period reflects the time Moore spent in D.C. custody in service of the sentences imposed by the D.C. Superior Court. (Ex. 5, pp. 1-2). D.C. Department of Corrections documents reflect that Moore was already credited for this time. (Ex. 13, p. 1). Therefore, pursuant to 18 U.S.C. § 3585(b), Moore cannot receive credit toward his federal sentence for time spent in

---

[5]Finally, we note that when a district court does impose a condition or restriction that it is without authority to impose, that part of the sentencing order that is "illegal" is to be construed as "surplusage and ineffective." United States v. Janiec, 505 F.2d 983, 986-87 (3d Cir. 1974). See also Taylor v. Reno, 164 F.3d 440, 445-46 (9th Cir. 1998)(sentencing court's pronouncement that defendant was "now in federal custody" was made without any authority and, therefore, was mere surplusage that could be disregarded); United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)(that portion of a sentence that is contrary to law should be treated as surplusage and ignored); United States v. Huss, 520 F.2d 598, 602 (2d Cir. 1975)(same, and further holding that a district court has the power to correct an illegal sentence at any time under Rule 35); Hamilton v. Salter, 361 F.2d 579, 580 (4th Cir. 1966)(sentencing court's provision for concurrent sentence, at that time, was not permissible under federal law and, therefore, "could be ignored as surplusage..."). See also Montos v. United States, 261 F.2d 39, 40 (7th Cir. 1958), *overturned on different grounds*, Jake v. Herschberger, 173 F.3d 1059 (7th Cir. 1999).

11

service of his D.C. sentence as it has already been credited against another sentence.

Moore argues that his "official detention" for purposes of determining his federal sentence began on the day he was arrested by D.C. authorities. He claims the D.C. arrest was the "instant product of direct action for federal officials." There is no basis for this claim. Records reflect that Moore was arrested for violating the Bail Reform Act, and remained in D.C. custody until he was paroled from that sentence. (Ex. 24; Ex. 4, p. 1). In that a federal sentence cannot commence until the defendant is received by the Attorney General of the United States for service of his federal sentence, see 18 U.S.C. § 3585(a); Pinaud v. James, 851 F.2d 27 (2d Cir. 1988); Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996), Moore's arrest and confinement by D.C. authorities, no the Attorney General, did not commence his "official detention" for serving his federal sentence.

## Conclusion

For the above-stated reasons, the habeas petition should be dismissed for lack of jurisdiction.

> Respectfully submitted,
>
> DAVID M. BARASCH
> United States Attorney
>
> *[signature]*
>
> KATE L. MERSHIMER
> Assistant U.S. Attorney
> SHELLEY GRANT
> Paralegal Specialist
> 228 Walnut Street
> Post Office Box 11754
> Harrisburg, PA 17108-1754
> 717/221-4482

Date:    February 8, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,      :
        Petitioner  :  No. 1:CV-00-2148
                    :
   v.                       :  (Judge Caldwell)
                    :
DAVID ROMINE,               :  (Magistrate Judge Smyser)
        Respondent  :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 8th day of February, 2001, she served a copy of the attached

**RESPONSE TO THE PETITION FOR HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Samuel Bertrell Moore
Reg. No. 09644-050
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

_____
Shelley Grant
Paralegal Specialist