DMB:KLM:all

Law Clerk's Copy

FILED
HARRISBURG

FEB - 8 2001

MARY E. D'ANDREA, CLERK

Per_____
DEPUTY CLERK

copy
(5)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,                    :
            Petitioner            :        No. 1:CV-00-2148
                             :
        v.                      :        (Judge Caldwell)
                             :
DAVID ROMINE,                             :        (Magistrate Judge Smyser)
            Respondent           :

**EXHIBITS IN SUPPORT OF RESPONSE TO THE
PETITION FOR WRIT OF HABEAS CORPUS**

DAVID M. BARASCH
United States Attorney
KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY GRANT
Paralegal Specialist
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108-1754
717/221-4482

February 8, 2001

## TABLE OF EXHIBITS

Declaration of M. Leslie Owen . . . . . . . . . . . . . . . . Ex. 1

Correspondence re: Transfer of Certified Records  . . . . . Ex. 2

Order of Court dated January 22, 2001 . . . . . . . . . Ex. 3

Sentence Monitoring Computation Data  . . . . . . . . . . Ex. 4

Memorandum from Chris Angelini, Assistant Inmate Systems
    Manager, dated April 8, 1997 . . . . . . . . . . . . Ex. 5

Order of Court dated July 14, 2000  . . . . . . . . . . . Ex. 6

Judgment in a Criminal Case, Case No. CR-95-319, dated
    May 8, 1996  . . . . . . . . . . . . . . . . . . . . . Ex. 7

Determination of Violent/Non-Violent Status, dated
    April 28, 1997 . . . . . . . . . . . . . . . . . . . Ex. 8

Judgment in a Criminal Case, Case No. CR 95-319, dated
    October 7, 1997  . . . . . . . . . . . . . . . . . . Ex. 9

U.S. District Court, District of Columbia, Criminal
    Docket for Case No. 95-CR-319 . . . . . . . . . . . Ex. 10

Presentence Investigation Report for Criminal No.
    CR-95-319-01 . . . . . . . . . . . . . . . . . . . . Ex. 11

Commitment to Bureau of Prisons . . . . . . . . . . . . Ex. 12

File Note dated February 4, 1997, F. Ortiz, LIE . . . . . Ex. 13

Correspondence from Superior Court of the District
    of Columbia dated February 11, 1997  . . . . . . . . Ex. 14

Memorandum from Fernando Ortiz, LIE, dated July 9,
    1997 . . . . . . . . . . . . . . . . . . . . . . . . Ex. 15

United States Marshals Service Individual Custody
    and Detention Report . . . . . . . . . . . . . . . . Ex. 16

Detainer Action Letter dated March 4, 1997  . . . . . . Ex. 17

Detainer Action Letter dated October 19, 1998 . . . . . Ex. 18

Detainer Action Letter dated October 19, 1998 . . . . . Ex. 19

Detainer Action Letter dated November 19, 1998 . . . . . Ex. 20

Detainer Action Letter dated November 19, 1998 . . . . . Ex. 21

Joint Fugitive Task Force Memorandum dated
      November 17, 1998 . . . . . . . . . . . . . . . . Ex. 22

United States Marshals Service Detainer . . . . . . . . Ex. 23

Warrant, District of Columbia Board of Parole . . . . . Ex. 24

U.S. Department of Justice, Bureau of Prisons,
      Transfer Order . . . . . . . . . . . . . . . . . . Ex. 25

Sentence Monitoring Report . . . . . . . . . . . . . . Ex. 26

Writ of habeas Corpus ad Prosequendum . . . . . . . . . Ex. 27

# EXHIBIT - 1

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Samuel Bertrell Moore,
    PETITIONER

    V.

United States,
    RESPONDENT

CASE NO. 1:CV-00-2148

DECLARATION OF M. LESLIE OWEN

1.    I, M. Leslie Owen, do hereby declare that I am an Assistant
Regional Counsel, with the Northeast Regional Office, Federal
Bureau of Prisons, Philadelphia, Pennsylvania.  I declare that I
am familiar with the Bureau of Prisons' Administrative Remedy
Program for inmates, and as part of my official duties, I have
access to administrative remedies filed by all inmates in the
Bureau of Prisons.  I am aware that Petitioner, Samuel Bertrell
Moore, Federal Registration Number 09644-050, has initiated a
claim against the defendant alleging that the Bureau has
miscalculated his federal sentence.

2.    The Bureau of Prisons has established an administrative
remedy procedure whereby inmates can seek formal review of any
complaint regarding any aspect of their imprisonment.  In order to

exhaust appeals under the Administrative Remedy Program, an inmate must first raise his complaint to the Warden of the institution where he is confined.  An appeal of this decision may be made in turn to the Regional Director and to the Central Office of the Federal Bureau of Prisons.  28 C.F.R. §§ 542.14, 542.15.  No administrative remedy appeal is considered to have been finally exhausted until considered by the Bureau of Prisons' Central Office.

3.    In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central offices, in a system known as SENTRY, so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue.

4.    I declare that I have reviewed the SENTRY Administrative Remedy records as they pertain to Petitioner.  These records establish that, although Petitioner did submit an "Inmate Request to Staff Member," an informal resolution mechanism, Petitioner has never raised any issues regarding his sentence calculation through the Bureau of Prisons' Administrative Remedy Program.  Petitioner has failed to exhaust his administrative remedies pursuant to the requirements set forth in 28 C.F.R. §§542.10 - 542.16.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this ____2nd____ day of February, 2001.

M. Leslie Owen
Assistant Regional Counsel
Federal Bureau of Prisons
Northeast Regional Office
Philadelphia, Pennsylvania

3

# EXHIBIT - 2

**CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC  20001**

U.S. District Court for the
Middle District of Pennsylvania
Post Office Box 1148
Scranton, PA  18501-1148

*00CV-2148*

| | | |
|---|---|---|
| RE:   USA v. | SAMUEL B. MOORE-BEY | *FILED* |
| CR#: | 95-319 | RECEIVED SCRANTON |
| Date: | 1/12/01 | |

*DISTRICT OF COLUMBIA RECORD*

*JAN 16 2001*

MARY E. D'ANDREA, CLERK
PER _____
        DEPUTY CLERK

Dear Clerk:

Pursuant to Title 28 USC Section 2255, I am forwarding herewith a certified copy of the Indictment (Information and Waiver of Indictment), Judgment and Probation, Order for Transfer of Jurisdiction of Probation and docket sheet.

Please acknowledge receipt of the enclosed copy of the letter and include the case number that was assigned to it in your Court.

Very truly yours,

Nancy Mayer-Whittington
Clerk of Court

By _Evette R. Saunders_
        Deputy Clerk

**EXHIBIT - 3**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,            : CIVIL NO: 1:CV-00-2148
            Petitioner,           :
                                  : (Judge Caldwell)
        v.                        :
                                  : (Magistrate Judge Smyser)
UNITED STATES OF AMERICA,         :
            Respondent,           :

**FILED**
**HARRISBURG, PA**

**ORDER**

JAN 2 2 2001

MARY E. D'ANDREA, CLERK
PER_____
            DEPUTY CLERK

        The petitioner, a federal prisoner proceeding *pro se*,

filed in the United States District Court for the District of

Columbia a motion under 28 U.S.C. § 2255 to vacate, set aside

or correct his sentence.  The petitioner claimed that there was

a clerical error in his Judgement and Commitment Order

regarding the term of his supervised release and that the

Bureau of Prisons (BOP) incorrectly calculated the term of his

sentence.  By an Order filed on July 17, 2000, Judge Roberts of

the United States District Court for the District of Columbia

granted the petitioner's § 2255 motion in part and amended the

petitioner's Judgment and Commitment Order.  Judge Roberts

further ordered that the petitioner's claim that the BOP

AO 72A
(Rev. 8/82)

incorrectly calculated his sentence be transferred to this court.  On December 15, 2000, this court received part of the original file from the United States District Court for the District of Columbia.  It was not until January 16, 2001, however, that this court received a copy of the petitioner's § 2255 motion.

We will treat the petitioner's claim that the BOP incorrectly calculated his sentence as a habeas corpus claim brought pursuant to 28 U.S.C. § 2241.

AND NOW, this 22nd day of January, 2001, **IT IS HEREBY ORDERED** that:

1.  Respondent shall show cause on or before February 8, 2001 why the petitioner should not be granted habeas corpus relief;

2.  A determination as to whether or not the petitioner shall be produced for a hearing will be held in abeyance pending the filing of a response;

2

3.   Petitioner shall, if he so desires, file a reply to the response to the show cause order within ten (10) days of its filing; and

4.   The Clerk is directed to serve a copy of the petition (doc. 2) and this Order on the United States Attorney and to note the address of the United States Attorney on the front of the docket sheet in this case.  **All documents filed by the parties and by the Court shall be served upon the United States Attorney.**


J. Andrew Smyser
Magistrate Judge

Dated: January 22, 2001.

3

# EXHIBIT - 4

+5705447224  F C I SCHUYLKILL                    118 P02    FEB 01 '01  10:0█

```
  ALPC6  540*23  *              SENTENCE MONITORING           *      04-02-19█
  PAGE 002 OF 002 *              COMPUTATION DATA              *      09:45:32
                                AS OF 04-02-1997
```

REGNO..: 09644-050 NAME: MOORE, SAMUEL BERTRELL


------------------------CURRENT COMPUTATION NO: 010 ---------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-02-1997 AT ALP AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN.........:  12-17-1996
TOTAL TERM IN EFFECT...........:   151 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    12 YEARS        7 MONTHS

JAIL CREDIT....................:   FROM DATE      THRU DATE
                                   11-08-1995     11-08-1995

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 592
TOTAL GCT AWARDED...............: 0
STATUTORY RELEASE DATE (CURRENT): 07-15-2009
SIX MONTH /10% DATE.............: 06-01-2007
EXPIRATION FULL TERM DATE.......: 07-15-2009


PROJECTED SATISFACTION DATE.....: 12-01-2007
PROJECTED SATISFACTION METHOD...: GCT REL
REMARKS.......: PAROLED FROM DC DEPARTMENT OF CORRECTIONS ON 12/17/1996 FOR
                SERVICE OF SENTENCE.
```

G0000        TRANSACTION SUCCESSFULLY COMPLETED

+5705447224    F C I SCHUYLKILL                        118 P03    FEB 01 '01  10:09

```
ALPC6   540*23  *              SENTENCE MONITORING              *        04-02-199
PAGE 001            *           COMPUTATION DATA                *        09:45:32
                                AS OF 04-02-1997
```

REGNO..: 09644-050 NAME: MOORE, SAMUEL BERTRELL


```
FBI NO...........: 602087E            DATE OF BIRTH: 04-11-1945
ARS1.............: ALP/A-DES
UNIT.............: IV                 QUARTERS.....: IVB-232U
DET/NOTIF RMK....: NO                 NOTIFICATIONS: NO
```
DETAINER: PAROLE VIOLATION, D.C. SUPERIOR COURT- FILED BY U.S. MARSHAL E/PA.
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-01-2007 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, DISTRICT CRT
DOCKET NUMBER...................: CR 95-319
JUDGE...........................: SPORKIN
DATE SENTENCED/PROBATION IMPOSED: 05-02-1996
DATE COMMITTED..................: 01-06-1997
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                    FELONY ASSESS   MISDMNR ASSESS    FINES          COSTS
NON-COMMITTED.:     $300.00          $00.00          $00.00         $00.00

RESTITUTION...:   PROPERTY:  NO   SERVICES:  NO       AMOUNT:  $00.00
```

--------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  551
OFF/CHG: COUNTS 1,2,5,6,7,9: BANK ROBBERY / 18 USC 2113(A)

```
  SENTENCE PROCEDURE.............: 3559 VCCLEA VIOLENT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  151 MONTHS
  TERM OF SUPERVISION............:   5 YEARS
  DATE OF OFFENSE................: 06-12-1995
```

Re-COMPUTED BY _____ DATE _4-2-97_

AUDITED BY _____ DATE _4/2/97_

RELEASE/TRANSFER

G0002        MORE PAGES TO FOLLOW AUDIT _____        DATE _____


T/A L.K. Duggi  11-19-98

# EXHIBIT - 5



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

---

*White Deer, PA  17887-3500*

April 8, 1997

MEMORANDUM FOR MOORE, SAMUEL BERTRELL
                REGISTER NUMBER: 09644-050
                UNIT IVB-232U

FROM:      Chris Angelini
           Assistant Inmate Systems Manager

SUBJECT:   Inmate Request to Staff Member Dated 04/02/1997

In your request, you state that you should receive an additional
award of prior custody credit from 11-08-1995 through 12-16-1996.
A review of your file indicates the following.

On 11/08/1995, you were arrested by the Washington Police
Department, for violations of the Bail Reform Act, D.C. Superior
Court offenses.  See attached Criminal Docket for your current
conviction which references an arrest warrant being issued by
federal authorities.  This arrest date is also listed in the
presentence investigation report, page 11, paragraph 55, as well as
the FBI Rap Sheet, which indicates that the **state offenses** were for
Robbery Fear, and Failure to Appear.  If you wish to review your
PSI and your FBI Rap Sheet, you may do so by directing a response
with your unit team.

On November 22, 1995 you were sentence in D.C. Superior Court to
two (2) separate terms of 180 days imprisonment under Docket #'s:
M16734-94B & M16734-94C (See attached DC Face Sheet).  On December
14, 1995, you received an additional term of 90 days consecutive
under Docker #: F9493-95C.  The D.C. Face Sheet indicates that you
were awarded jail credit from 11/09/1995 through 11/21/1995, the
day before sentencing in D.C. Superior Court.  Your aggregate
sentence of 450 days began on November 22, 1995.  You were paroled
to a federal detainer on December 17, 1996 for service of your
current sentence.

Title 18, United States Code, § 3585(b), is the controlling statute
for the award of prior custody credit, which states, "A defendant
shall be given credit toward the service of a term of imprisonment
for any time he has spent in official detention prior to the date
the sentence commences, (1) as a result of the offense for which
the sentence was imposed; or (2) as a result of any other charge
for which the defendant was arrested after the commission of the
offense for which the sentence was imposed; that has not been



credited against another sentence".

Pursuant to the above information, and source documents contained in your file, an additional award of credit would be contrary to Title 18, U.S.C. § 3585(b).  The attached document that was submitted with your request is merely a Criminal Complaint which indicates that you did commit the offense Bank Robbery on November 7, 1995, which is count 9, as stated on your Judgment & Commitment Order.  Your request cannot be granted as this period of time was previously awarded to your D.C Superior Court sentences.

APP. 13-2

# EXHIBIT - 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
|  | ) |
| SAMUEL B. MOORE-BEY, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Civil Action No. 99-2680 (RWR)
Crim. Action No. 95-319 (RWR)

FILED

JUL 1 7 2000

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Defendant has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. He claims that the Bureau of Prisons incorrectly calculated the term of his sentence and that there is a separate clerical error in his Judgment and Commitment Order regarding the term of his supervised release. In its court-ordered response to the defendant's motion, the government concedes that the defendant's Judgment and Commitment Order erroneously states the period of his supervised release to be five years rather than three years. Accordingly, the Court will amend the defendant's Judgment and Commitment Order to correct the error.

Defendant's challenge to the calculation of his sentence by the Bureau of Prisons must, however, be brought via a petition for a writ of habeas corpus in the jurisdiction of his confinement because the defendant is attacking the execution of



-2-

the sentence as opposed to its imposition. <u>See</u> <u>Preiser v.</u>
<u>Rodriguez</u>, 411 U.S. 475, 487-88 (1973) (holding that prisoner's
claim challenging deprivation of good-time credits sounded in
habeas even if restoration of the credits did not result in his
immediate release); <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 811-
13 (D.C. Cir. 1988) (<u>en</u> <u>banc</u>) (holding that the proper defendant
in a federal habeas case is the warden of the facility in which
the prisoner is incarcerated and that the habeas court must have
personal jurisdiction over the warden); <u>Perkins v. Henderson</u>, 881
F. Supp. 55, 59 n.4 (D.D.C. 1995) ("It is well settled in this
jurisdiction and elsewhere that § 2255 will lie only to attack
the imposition of a sentence and that an attack on the execution
thereof may be accomplished only by way of habeas corpus in the
district of confinement."). The remainder of the defendant's
motion will therefore be transferred to the Middle District of

-3-

Pennsylvania where the defendant is incarcerated.[1]  Accordingly,
it is hereby

ORDERED that the defendant's Motion to Vacate, Set Aside or
Correct his Sentence Pursuant to 28 U.S.C. § 2255 [46] be, and
hereby is, GRANTED IN PART.  It is further

ORDERED that the Judgment and Commitment Order issued by the
Honorable Stanley Sporkin on October 8, 1997 in the above-
captioned criminal case be, and hereby is, AMENDED so that page
three of the Judgment and Commitment Order shall state that the
defendant shall be placed on a term of supervised release for a
term of three years on Counts 1, 2, 5, 6, 7 and 9, all counts to
be served concurrently.  It is further

ORDERED that the defendant's Motion to Motion to Vacate, Set
Aside or Correct his Sentence Pursuant to 28 U.S.C. § 2255 [46]

---

[1] The government has suggested in accordance with the
admonition of <u>Chatman-Bey</u>, 864 F.2d at 814, that the Court first
order the defendant to show cause why this case should not be
transferred.  However, <u>Chatman-Bey</u> involved a <u>sua sponte</u> transfer
in which the prisoner had neither been given notice that the case
might be transferred nor an opportunity to explain why the case
could and should be heard in this jurisdiction.  Here, by
contrast, the defendant has responded to the government's
argument that the case should be transferred in his reply brief.
Because "[d]elay is undesirable in all aspects of our justice
system, but is especially to be avoided in the sensitive context
of habeas corpus," <u>id.</u>, it is appropriate to transfer immediately
so as to secure the speediest possible resolution of this matter.

-4-

be, and hereby is, TRANSFERRED to the Middle District of

Pennsylvania.

SIGNED this _14th_ day of July, 2000.

_____
RICHARD W. ROBERTS
United States District Judge

United States District Court
for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, Clerk

By _____
Deputy Clerk

# EXHIBIT - 7

+5705447224   F C I SCHUYLKILL                         118 P09   FEB 01 '01  10:1

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet    Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                         Case Number CR 95-319

SAMUEL BERTRELL MOORE
    Defendant.

# FILED

MAY – 9 1996

NANCY MAYER-WHITTINGTON, CLE
U.S. DISTRICT COURT

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SAMUEL BERTRELL MOORE, was represented by Reita Pendry.

On motion of the United States the court has dismissed the remaining counts.

The defendant pleaded guilty to count(s) 1,2,5,6,7,9.
Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery | 6/12/95 | 1 |
| 18 USC 2113(a) | Bank Robbery | 6/27/95 | 2 |
| 18 USC 2113(a) | Bank Robbery | 9/15/95 | 5 |
| 18 USC 2113(a) | Bank Robbery | 10/5/95 | 6 |
| 18 USC 2113(a) | Bank Robbery | 10/12/95 | 7 |
| 18 USC 2113(a) | Bank Robbery | 11/7/95 | 9 |

*U.S. MARSHAL DISTRICT OF COLUMBIA*

  As pronounced on May 2, 1996, the defendant is sentenced as provided in pages 2 through 4 of this Judgmen
he sentence is imposed pursuant to the Sentencing Reform Act of 1984.
  It is ordered that the defendant shall pay to the United States a special assessment of $ 300.00, for count(s
,2,5,6,7,9, which shall be due during the first year of supervised release.
  It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days o
ny change of name, residence, or mailing address until all fines, restitution, costs, and special assessments impose
y this Judgment are fully paid.

Signed this the ____ day of _____, 19 9 6

United States District Court
for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, Clerk

By _____
    Deputy Clerk

STANLEY SPORKIN

+5705447224        E C I SCHUYLKILL                118 P10    FEB 01 '01  10:12

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet    risonment

Judgment--Page 2 of 4

Defendant: SAMUEL BERTRELL MOORE
Case Number: CR 95-319

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 151 Months on Counts 1,2,5 through 7 and 9, all counts to be served concurrently.

    The Court makes the following recommendations to the Bureau of Prisons: That the defendant receive psychological and drug addiction treatment; that the defendant be incarcerated in a facility close to the Washington D.C. area, i.e. Cumberland, or Petersburg.

    The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_Partial Return_

Defendant delivered on _Jan. 6, 1997_ to _USMS Airlift_
at _Harrisburg, PA_ , with a certified copy of this Judgment.

_1-6-97_
_Del. To_
_ALF Harrisburg, PA_

_Herbert Rutherford III_
United States Marshal DC/DC

By _Irene B. Douglas_
Deputy Marshal

DC/DC

+5705447224    F C I SCHUYLKILL                    118 P11    FEB 01 '01   10:13

Judgment--Page 3 of 4

Defendant: SAMUEL BERTRELL MOORE
Case Number: CR 95-319

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years on count 1, 2 years on count 2 to be served consecutively; 3 years on counts 5,7 and 9 to be served concurrently with each other and with terms imposed in counts 1 and 2. (TOTAL 5 Years).

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.  If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.  If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3.  The defendant shall not own or possess a firearm or destructive device.

4.  The defendant shall not use, possess, sell or transport any illegal drugs or associate with any individual who engages in similar conduct; nor shall the defendnat frequent any place where illegal drugs are used, sold or distributed.

5.  The defendant shall submit to drug testing as directed by the Probation Office, and may be placed in drug treatment program if Probation office deems necessary.

6.  The defendant may not enter a bank during the first 3 years of supervised release without the permission of the Probation Office.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)   The defendant shall support his or her dependents and meet other family responsibilities.
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)   The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

+5705447224    F C I SCHUYLKILL                    118 P12    FEB 01 '01    10:13

Defendant: SAMUEL BERTRELL MOORE                    Judgment--Page 4 of 4
Case Number: CR 95-319

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except
(see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:_____

Criminal History Category:_____

Imprisonment Range: _____ to _____ months

Supervised Release Range: _____ to _____ years

Fine Range: $_____ to $_____

☐ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $_____

☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to
depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the
following reason(s):

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

# EXHIBIT - 8

+5705447224   F C I SCHUYLKILL                          118 P04   FEB 01 '01   10:09

BP-S 613.055  **DETERMINATION** [CDFRM]
JUN 96   **VIOLENT / NON-VIOLENT STATUS, VCCLEA**
U.S. DEPARTMENT OF JUSTICE                        FEDERAL BUREAU OF PRISON

INSTITUTION: ALP                                  UNIT: IVB

INMATE NAME: Moore, Samuel                        REG. NO: 09644-050

TO: INMATE SYSTEMS MANAGEMENT

| DOCKET NUMBER | COUNT NUMBER | OFFENSE | VIOLENT (V) / NON-VIOLENT (NV) | |
|---|---|---|---|---|
| CR95-319 | 1 | Bank Robbery | ☑ V | ☐ NV |
| '' | 2 | Bank Robbery | ☑ V | ☐ NV |
| '' | 5 | Bank Robbery | ☑ V | ☐ NV |
| '' | 6 | Bank Robbery | ☑ V | ☐ NV |
| '' | 7 | Bank Robbery | ☑ V | ☐ NV |
| '' | 9 | Bank Robbery | ☑ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |
| | | | ☐ V | ☐ NV |

Case Manager                                      4-28-97
                                                  Date

(This form may be replicated via WP)

# EXHIBIT - 9

+5705447224   F C I SCHUYLKILL                          118 P05    FEB 01 '01   10:09

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 8 - 1997

UNITED STATES OF AMERICA

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

v.

Case Number CR 95-319

SAMUEL BERTRELL MOORE-BEY
Defendant.

U.S. MARSHAL
DISTRICT OF COLUMBIA

Dec 14   9 10 AM '97

RECEIVED

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SAMUEL BERTRELL MOORE-BEY, was represented by Reita Pendry.

The defendant pleaded guilty to count(s) 1,2,5,6,7,9.
Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 18 USC 2113(a) | Bank Robbery | 6/12/95 | 1 |
| 18 USC 2113(a) | Bank Robbery | 6/27/95 | 2 |
| 18 USC 2113(a) | Bank Robbery | 9/15/95 | 5 |
| 18 USC 2113(a) | Bank Robbery | 10/5/95 | 6 |
| 18 USC 2113(a) | Bank Robbery | 10/12/95 | 7 |
| 18 USC 2113(a) | Bank Robbery | 11/7/95 | 9 |

As pronounced on September 30, 1997, the defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 300.00, for counts 1,2,5,6,7,9, which shall be due during first 3 months of supervised release.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the ___7___ day of ___Oct___, 19 _97_

United States District Court
for the District of Columbia
A TRUE COPY
NANCY MAYER-WHITTINGTON, Clerk

STANLEY SPORKIN
United States District Judge

+5705447224   F C I SCHUYLKILL                         118 P06    FEB 01 '01  10:10

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of

Defendant: SAMUEL BERTRELL MOORE-BEY
Case Number: CR 95-319

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to b
imprisoned for a term of the 151 months on each count to run concurrently with credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on *11-4-97* to *USP ALP*
at *LEA BOT BUS*                                    , with a certified copy of this Judgment
      USP ALLENWOOD, WHITE DEER, PA 17887

DOCUMENT VERIFIED BY: *F. Ortiz*                    _Rancho Court_
                                                     United States Marshal *Bus of*
DATE: *11/5/97*
SERVED WITH: *Mrs Kay, Criminal Clerk*             By _____
AGENCY: *U.S. Dist. Court D.C*                              Deputy Marshal
PHONE NUMBER: *(202) 273-0503*

Mrs Kay, Criminal Clerk informed me that the Defendants Motion to Vacate the Sentence impose
on May 2, 1996 was denied by the Judge.  The Judge Re-imposed the Sentence issued on May 2,
leaving the T.I.E. of 151 months.
                                F. Ortiz, DUS    11/5/1997

+5705447224    F C I SCHUYLKILL                        118 P07    FEB 01 '01  10:11

AO 245 S (Rev. 11/92)(D.C.rev.) Sh__    __rvised Release

Defendant: SAMUEL BERTRELL MOORE
Case Number: CR 95-319

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years on count 1, 2 years on count 2 to be served consecutively; 3 years on counts 5,7 and 9 to be served concurrently with each other and with terms imposed in counts 1 and 2. (TOTAL 5 Years).

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.  If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.  If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3.  The defendant shall not own or possess a firearm or destructive device.

4.  The defendant shall not use, possess, sell or transport any illegal drugs or associate with any individual who engages in similar conduct; nor shall the defendnat frequent any place where illegal drugs are used, sold or distributed.

5.  The defendant shall submit to drug testing as directed by the Probation Office, and may be placed in drug treatment program if Probation office deems necessary.

6.  The defendant may not enter a bank during the first 3 years of supervised release without the permission of the Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)  The defendant shall support his or her dependents and meet other family responsibilities.
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)  The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 11/92)(D.C. rev.) Sh      ement of Reasons

Defendant: SAMUEL BERTRELL MOORE                    Judgment--Page 4 of 4
Case Number: CR 95-319

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

### OR

☐ The court adopts the factual findings and guideline application in the presentence report except
   (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____

Criminal History Category: _____

Imprisonment Range: _____ to _____ months

Supervised Release Range: _____ to _____ years

Fine Range: $_____ to $_____

   ☐ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $_____

   ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to
depart from the sentence called for by application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the
following reason(s):

### OR

The sentence departs from the guideline range

   ☐ upon motion of the government, as a result of defendant's substantial assistance.

   ☐ for the following reason(s):

# EXHIBIT - 10

+5705447224 F C I SCHUYLKILL                          118 P21    FEB 01 '01  10:18
FEB-11-91 00:24 FROM:
E••&k2S••&114C••&11E••&1      ••&a1L••&a132M••&166F•   166F••&17.25C  PAGE:02
:/CHASER Docket as of 09/19/96 7:28 pm  Printed 02/12/99.              Page 1
:roceedings include all events.                                       CAT B
:95cr319-ALL USA v. MOORE                                             CLOSED
                                                                           PRIOR
                                            CAT B . CLOSED
                                            PRIOR

                        U.S. District Court
            USDC·District of Columbia (Washington)

            CRIMINAL DOCKET FOR CASE #: 95-CR-319-ALL

SA v. MOORE                                      Filed: 12/07/95

ther Dkt # 1:95-m -00681

ase Assigned to:  Judge Stanley Sporkin

AMUEL BERTRELL MOORE (1)           Reita Pauline Pendry
    defendant                      (202) 208-7500
                                   Suite 550
                                   [COR LD NTC pda]
                                   FEDERAL PUBLIC DEFENDER FOR
                                   D.C.
                                   625 Indiana Avenue, N.W.
                                   Washington, DC 20004

ending Counts:                           Disposition

8:2113(a); BANK ROBBERY BY         Defendant Sentenced to One
ORCE OR VIOLENCE                   Hundred Fifty-One (151) Months
1)                                 Incarceration; Three (3) Years
                                   Supervised Release; Fifty
                                   Dollars ($50.00) Special
                                   Assessment
                                   (1)

8:2113(a); BANK ROBBERY BY         Defendant Sentenced to One
ORCE OR VIOLENCE                   Hundred Fifty-One (151) Months
2)                                 Incarceration, to run
                                   concurrently; Two (2) Years
                                   Supervised Release, to be
                                   served consecutively; Fifty
                                   Dollars ($50.00) Special
                                   Assessment
                                   (2)

8:2113(a); BANK ROBBERY BY         Defendant Sentenced to One
ORCE OR VIOLENCE                   Hundred Fifty-One (151) Months
5 - 7)                             Incarceration, to run
                                   concurrently; Three (3) Years
                                   Supervised Release on each
                                   count, to be served
                                   concurrently ·with each other,
                                   and with the terms imposed on
                                   Counts 1 and  2; Fifty Dollars
                                   ($50.00) Special Assessment on

+5705447224  E C I SCHUYLKILL                    118 P22     FEB 01 '01 10:18
FEB-11 97 08:24  FROM:                              TO:7   547 6299        PAGE:03

C/CHASER Docket as of 09/         7:28 pm  Printed 02/1/        Page 2
roceedings include all events.                                 CAT B
:95cr319-ALL USA v. MOORE                                      CLOSED
                                                                        PRIOR

                                    each count    (5 - 7)

8:2113(a); BANK ROBBERY BY          Defendant Sentenced to One
ORCE OR VIOLENCE                    Hundred Fifty-One (151) Months
9)                                  Incarceration, to run
                                    concurrently; Three (3) Years
                                    Supervised Release on each
                                    count, to be served
                                    concurrently  with each other,
                                    and with the terms imposed on
                                    Counts 1 and  2; Fifty Dollars
                                    ($50.00) Special Assessment on
                                    each count    (9)

ffense Level (opening): 4

erminated Counts:                            Disposition

8:2113(a); BANK ROBBERY BY          Dismissed on oral motion by USA
ORCE OR VIOLENCE                    (3 - 4)
3 - 4)

8:2113(a); BANK ROBBERY BY          Dismissed on oral motion by USA
ORCE OR VIOLENCE                    (8)
8)

ffense Level (disposition): 4

omplaints                                    Disposition

OMPLAINT filed in violation
f 18:2113(a) and 2
 1:95-m -681 )

. S. Attorneys:

  Stephen Pierce Anthony
  (202) 616-2139
  [COR LD NTC gvt]
  U.S. ATTORNEY'S OFFICE
  Judiciary Center Building
  555 Fourth Street, NW
  Washington, DC 20001

+5705447224  E C I SCHUYLKILL                        118 P23    FEB 01 '01  10:19
FEB-11 9( 08:24 FROM:                                TO:        547 6299     PAGE:04
C/CHASER Docket as of 09/     7:28 pm  Printed 02/1            Page 3
roceedings include all events.                                CAT B
:95cr319-ALL USA v. MOORE                                     CLOSED
                                                                     PRIOR

1/8/95   1      MAGISTRATE COMPLAINT and Affidavit filed against SAMUEL
                BERTRELL MOORE, JUANA DEMONIA  in violation of 18:2113(a)
                and 2.
                [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

1/8/95   --     ARREST WARRANT ISSUED  by Magistrate Judge Alan Kay  for
                SAMUEL BERTRELL MOORE, JUANA DEMONIA .
                [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]   *Not Awarded
                                                               on DC Sentence*

1/9/95   --     DEFENDANT SAMUEL BERTRELL MOORE arrested.
                [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

1/9/95   2      WARRANT returned executed as to SAMUEL BERTRELL MOORE  on
                11/9/95 .  Return on  arrest warrant issued 11/08/95.
                [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

1/9/95   --     ARRAIGNMENT on magistrate complaint for SAMUEL BERTRELL
                MOORE held  before Magistrate Judge Alan Kay : Attorney
                appearance for SAMUEL BERTRELL MOORE by Reita Pauline
                Pendry. Preliminary/Detention hearing set for 9:30 11/15/95
                for SAMUEL BERTRELL MOORE, for JUANA DEMONIA. Defendant
                JUANA DEMONIA did not appear. Defendant JUANA DEMONIA in
                hospital. Defendant MOORE committed/commitment issued.
                [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

1/9/95   3      ORDER by Magistrate Judge Alan Kay  as to SAMUEL BERTRELL
                MOORE : of temporary detention pending hearing pursuant to
                Bail Reform Act  (N)
                [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

1/15/95  --     PRELIMINARY HEARING  before Magistrate Judge Alan Kay as to
                SAMUEL BERTRELL MOORE, JUANA DEMONIA : Control hearing on
                (10 day hold) set for 9:30 a.m. on 11/17/95 for JUANA
                DEMONIA. Defendants committed/commitment issued. Court
                Reporter: Pro Typists, Inc.
                [ 1:95-m -681 ] (gdf) [Entry date 11/16/95]

1/15/95  --     DEFENDANT(S) SAMUEL BERTRELL MOORE, JUANA DEMONIA  ordered
                held without bond  by Magistrate Judge Alan Kay .
                [ 1:95-m -681 ] (gdf) [Entry date 11/16/95]

1/15/95  8      ORDER   by Magistrate Judge Alan Kay  as to SAMUEL BERTRELL
                MOORE : committing defendant to the custody of the U.S.
                Attorney General.  (N)
                [ 1:95-m -681 ] (gdf) [Entry date 11/16/95]

1/15/95  9      ATTORNEY APPEARANCE  for SAMUEL BERTRELL MOORE by Reita
                Pendry
                [ 1:95-m -681 ] (gdf) [Entry date 11/22/95]

.•&10H••E••[4i

# EXHIBIT - 11

+5705447224     F C I SCHUYLKILL                    118 P29    FEB 01 '01  10:23

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES AMERICA )
)
v. )    PRESENTENCE INVESTIGATION REPORT
)
Samuel Bertrell Moore )    Criminal No. CR 95-319-01

---

**Prepared for:**     The Honorable Stanley Sporkin
                      United States District Judge

**Prepared by:**      Gregory A. Hunt
                      U.S. Probation Officer
                      Washington, D.C.
                      (~~▮▮▮▮▮▮▮▮~~ (202) -565 -1343

**Assistant U.S. Attorney**          **Defense Counsel**
Michale Tubach                       Reita Pauline Pendry
The Judiciary Center Building        Federal Public Defender
555 Fourth Street, N.W.              625 Indiana Avenue, N.W., Suite 500
Washington, D.C. 20001               Washington, D.C. 20004
(202) 514-7746                       (202) 208-7500

**Sentencing Date:**    May 2, 1996 at 4:30 p.m.

**Offense:**    <u>Count 1, 2, 5, 6, 7 and 9</u>: Bank Robbery {18 U.S.C. §
                2113(a)} - 20 years/$250,000 fine.

| DATE | INMATE | REG. NO. | CASE NO. | DHO | STATUS |
|------|--------|----------|----------|-----|--------|
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |
|      |        |          |          |     |        |

MOORE, Samuel Bertrell                                      Page 1a

**Identifying Data:**

| | |
|---|---|
| Date of Birth: | April 11, 1945 |
| Age: | 51 |
| Race: | Black, Non-Hispanic |
| Sex: | Male |

| | |
|---|---|
| SSN: | 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 |
| FBI No.: | 602 087 E |
| U.S. Marshal No.: | 25317-016 |
| Other ID No.: | 194-509 (MPD) |
| | 141-821 (DCDC) |

| | |
|---|---|
| Education: | Bachelor of Arts Degree |
| Dependents: | None |
| Citizenship: | United States |

| | |
|---|---|
| Legal Address: | c/o Evelyn Moore (Mother) |
| | 2629 Jasper Street, S.E. |
| | Apartment 2 |
| | Washington, D.C. |

| | |
|---|---|
| Aliases: | Samuel Betrell Moore-Bey |
| | S. Moore Bey |
| | Billy Wyatt |
| | James Anthony William |
| | William Wyatt |
| | Robert Jones |



MOORE, Samuel Bertrell                                           **Page 2**

## PART A.  THE OFFENSE

### Charge(s) and Conviction(s)

1.  On December 7, 1995, the Grand Jury for the United States District Court for the District of Columbia filed a nine-count indictment charging Samuel Bertrell Moore in Counts One through Nine with Bank Robbery, 18 U.S.C. § 2113(a).  These offenses occurred between June 12, 1995 and November 7, 1995.

2.  On February 1, 1996, the defendant pled guilty to Counts 1, 2, 5 through 7, and 9. In the related case of Juana Demonia, the United States Attorney's Office had the charges against her dismissed on December 7, 1995.

3.  The written plea agreement in this case required the defendant to enter a plea of guilty to six counts of Bank Robbery.  Each count carries as its maximum penalty 20 years imprisonment, a $250,000 fine, and a supervised release term of 3 years. In return, the government agreed to recommend that the defendant receive full credit for acceptance of responsibility and will not oppose a sentence at the bottom of the guideline range.  The government retained the right of full allocution at sentencing.

### The Offense Conduct

4.  The defendant robbed three different banks on six occasions.  His modus operandi was to enter the bank and approach a teller.  He would then hand a note to the teller demanding large bills.  During the robberies he usually made a threat such as he didn't want anyone to get hurt or "this thing is going to explode any minute now." On September 19, 1995, while robbing the Crestar Bank at 1340 Good Hope Road, S.E., Washington, D.C., the defendant threatened to "hurt someone" after the bank teller gave him a dye pack.  After receiving the money he would flee the bank.

5.                        **Summary of Robberies**

| Count | Date | Bank | Amount |
|-------|------|------|--------|
| One | 6-12-95 | Crestar 1340 Good Hope Rd. | $2,270 |
| Two | 6-27-95 | Crestar 825 N. Capitol St. | $1,400.50 |

MOORE, Samuel Bertrell                                                  Page 3

| | | | |
|---|---|---|---|
| **Five** | 9-15-95 | Crestar 1340 Good Hope Rd. | $1,414.74 |
| **Six** | 10-5-95 | Crestar 825 N. Capitol St. | $500 |
| **Seven** | 10-12-95 | Crestar 300 Penna. Ave, S.E. | $1,325 |
| **Nine** | 11-7-95 | Crestar 300 Penna. Ave, S.E. | $2,000 |
| **Total** | | | $8,910.24 |

6.   On November 7, 1995, the defendant entered the Crestar Bank, 300 Pennsylvania Avenue, S.E., and approached a bank teller. He asked her how she was "doing" and then gave her a note that read "GIVE US YOUR LARGE BILLS." He further stated, "Don't do anything stupid, there are three more of us in here." After the teller gave him the a stack of twenty dollar bills, totaling $2,000, the defendant exited the bank. When the robbery occurred an undercover police officer was in the bank. The officer pursued the defendant on foot and, via radio, broadcasted a "lookout" for the defendant. The defendant began running and dropped the bundle of cash on the sidewalk. The money was recovered by the police. The defendant then entered a vehicle driven by Juana Demonia. She drove from the scene and police pursued them. The police pursued them for approximately 2 miles and the chase ended when they lost control of the defendant's vehicle and ran into a tree. Both the defendant and Ms. Demonia were injured. They were also arrested. Later a search of the vehicle was conducted and the police recovered an additional $3,950 in cash.

7.   The six robberies to which the defendant pled guilty involved $8,910.24.

**Victim Impact**

8.   The victims in this case were the banks. No one was injured. Restitution should be made to the Crestar Bank, 1340 Good Hope Road, N.E., Washington, D.C. in the amount of $3,684.74; Crestar Bank, 825 N. Capitol Street, N.W, Washington, D.C. in the amount of $1,900.50; and the Crestar Bank, 300 Pennsylvania Avenue, S.E., Washington, D.C. in the amount of $3,325.

MOORE, Samuel Bertrell                                               Page 4

9.   Tellers and managers of the banks were interviewed and no one incurred any
     injuries or serious mental/emotional problems.  One manager indicated that their
     bank has been robbed on so many occasions that there is nothing to say about the
     robberies anymore.

     <u>Adjustment for Obstruction of Justice</u>

10.  The probation officer has no information which would suggest the defendant
     impeded or obstructed justice.

     <u>Adjustment for Acceptance of Responsibility</u>

11.  The defendant readily admitted his involvement in not only the six bank robberies
     for which he was convicted but also the others charged in the indictment.  He
     committed all of these robberies as the result of his drug addiction.  He has been
     a drug addict since 1968.  Although he admitted to the robberies, he stated that it
     was not his intent to harm anyone or threaten to harm them.  He never carried a
     weapon and only pretended to carry a bomb.  He also selected banks where there
     were not any security guards to reduce the possibility of violence.  In fact, the
     defendant did not know it was a robbery offense until his lawyer advised him.  He
     thought these offenses were larcenies.

12.  In any case, he deeply regrets his actions.  In a letter to our office he stated, "I
     sincerely emphasize profound regret for my actions" and "thanksgiving (sic) for not
     causing any harm" to anyone.  He wanted the Court to know that his "motives were
     neither evil nor malicious", but he realizes that such behavior cannot be repeated.

     <u>Offense Level Computation</u>

13.  The 1995 edition of the <u>Guidelines Manual</u> has been used in this case.  Pursuant
     to U.S.S.G. § 3D1.2(d), none of the counts of conviction may be grouped.

14.  **Base Offense Level (Count 9 and Group 1):**  The guideline for Bank Robbery, 18
     U.S.C. §§ 2113(a) and (b)is found in U.S.S.G. § 2B3.1.  This section provides for
     a base offense level of 20.                                              <u>20</u>

15.  **Specific Offense Characteristics:**  As the funds were stolen from a financial
     institution, a 2-level increase is warranted pursuant to U.S.S.G. § 2B3.1(b)(1).    <u>2</u>

16.  **Victim-Related Adjustment:**  None.                                     <u>0</u>

17.  **Adjustment for Role in the Offense:**  None.                            <u>0</u>

MOORE, Samuel Bertrell                                              Page 5

18.    **Adjustment for Obstruction of Justice:**  None.

19.    **Reckless Endangerment Adjustment:**  As the defendant was involved in a high
       speed chase in which his vehicle was involved in an accident involving injuries, a
       2-level increase is warranted pursuant to U.S.S.G. § 3C1.2.                    2

20.    **Adjusted Offense Level (Subtotal):**                                        24

21.    Although Counts 1, 2, 5, 6 and 7 are counted separately, they are combined below
       as each has the same calculations.  There is no increase in any of the robberies
       based on the amount of money taken during the robbery.  In spite of combining
       them below, each represents a separate group for purposes of the Multiple Count
       Adjustment.

22.    **Base Offense Level [Counts 1 (Group 2), 2 (Group 3), 5 (Group 4), 6 (Group 5)
       and 7 (Group 6)]:**  The guideline for Bank Robbery, 18 U.S.C. §§ 2113(a) and (b)is
       found in U.S.S.G. § 2B3.1.  This section provides for a base offense level of 20.    20

23.    **Specific Offense Characteristics:**  As the funds were stolen from a financial
       institution, a 2-level increase is warranted pursuant to U.S.S.G. § 2B3.1(b)(1).    2

24.    **Victim-Related Adjustment:**  None.                                         0

25.    **Adjustment for Role in the Offense:**  None.                               0

26.    **Adjustment for Obstruction of Justice:**  None.

27.    **Adjusted Offense Level (Subtotal):**                                        22

       **Multiple-Count Adjustment**  (See Section 3D1.4)

                                                             **Units**

28.    Adjusted Offense Level for Group 1        24        1

29.    Adjusted Offense Level for Group 2        22        1

30.    Adjusted Offense Level for Group 3        22        1

31.    Adjusted Offense Level for Group 4        22        1

32.    Adjusted Offense Level for Group 5        22        1

MOORE, Samuel Bertrell                                                    Page 6

33.    Adjusted Offense Level for Group 6        22      1

34.    Total Number of Units                             6

35.    Greater Adjusted Offense Level            24

36.    Increase in Offense Level                  5

37.    **Combined Adjusted Offense Level:**                                    29

       **Chapter Four Enhancements**

38.    **Career Criminal Provision:**  In accordance with the provisions found in U.S.S.G.
       § 4B1.1, because the defendant was at least 18 years old at the time of the instant
       offense, the instant offense is a felony violent offense, and the defendant has at
       least two prior felony violent offense convictions as detailed below, the defendant
       is a career criminal.  Therefore, as the penalties for his offenses are a maximum of
       twenty years, his adjusted offense level is 32.                         32

39.    **Adjustment for Acceptance of Responsibility:**  As the defendant readily admitted
       his involvement in the offense of conviction, and provided timely and complete
       information in regard to his involvement in the offense, a 3-level decrease is
       warranted, pursuant to U.S.S.G. § 3E1.1(a) and (b)(1).                  -3

40.    **Total Offense Level:**                                                29

       **Offense behavior Not Part of Relevant Conduct**

41.    The defendant was involved in three other bank robberies for which he did not pled
       guilty.  All three were cited in the Indictment as follows: (Count 3) August 3, 1995
       robbery of the Crestar Bank of $4,590.00; (Count 4) August 31, 1995 robbery of
       Crestar Bank of $3,700; and (Count 8) October 17, 1985 robbery of Riggs Bank of
       $6,765.

## PART B.  THE DEFENDANT'S CRIMINAL HISTORY

       **Juvenile Adjudications**

42.    None known.

MOORE, Samuel Bertrell                                                Page 7

### Criminal Convictions

| | Date of Arrest | Conviction/ Court | Sentence Imposed | Guideline | Pnt |
|---|---|---|---|---|---|
| 43. | 8-18-63 (age 18) | Unauthorized Use of Motor Vehicle D.C. Superior Court Washington, D.C. Dkt.No. 885-63 | 1-3-65: 5010(b) Youth Corrections Act 7-28-66: Paroled | 4A1.2(e)(3) | 0 |

No further details of this conviction were available. This period of confinement was served at the Lorton Reformatory.

| | | | | | |
|---|---|---|---|---|---|
| 44. | 7-18-69 (age 24) | Narcotics Violation U.S. District Court Eastern District of Virginia, Alexandria, Virginia | 12-23-69: NARA 5 years | 4A1.2(e)(3) | 0 |

We were unable to determine if the defendant was represented by counsel. No further details of this conviction were available. The defendant served this period of confinement at the Lorton Reformatory. His release date is unknown.

| | | | | | |
|---|---|---|---|---|---|
| 45. | 12-30-69 (age 24) | Forgery D.C. Superior Court Washington, D.C. Dkt. No. 1782-69 | 7-10-70: 2 to 6 years | 4A1.2(e)(3) | 0 |

The defendant had benefit of counsel. No further details of this are known.

| | | | | | |
|---|---|---|---|---|---|
| 46. | 1-10-72 (age 26) | Forgery and Uttering D.C. Superior Court Washington, D.C. | 7-28-72: 18 months to 5 years 4-4-74: Paroled 8-14-74: Paroled warrant issued | 4A1.2(e)(3) | 0 |

The defendant had benefit of counsel. No further details of this are known. The defendant was arrested for armed robbery while he was on parole. A parole warrant was issued but there was no available information indicating that his parole was revoked.

+5705447224   F C I SCHUYLKILL                    119 P08   FEB 01 '01 10:30

**MOORE, Samuel Bertrell**                                                    Page 8

| 47. | 9-25-74 (age 29) | Ct. A: Armed Robbery Ct. B: CPWL D.C. Superior Court Washington, D.C. Dkt. No. 89769-74 | 4-30-75: 6 to 18 years 1-31-94: Most recent reparole; parole pending | 4A1.1(a) | **3** |

DAX 2|14|17

The defendant had benefit of counsel. According to D.C. Department of Correction's records, the defendant was identified as a "look out" for a robbery that took place at a 'carry out'. He was later arrested in an automobile in the possession of cocaine and a .22 caliber revolver.

The defendant served this period of confinement in conjunction with the below described sentence at the Lorton Reformatory. Institutional records reflect that the defendant was paroled on April 30, 1981; however, he was arrested on November 5, 1981 for violation of the National Firearms Act and on January 6, 1982 for Carrying a Pistol Without a License. Although both charges were dismissed, a parole violation warrant was issued on March 23, 1982 and the defendant was returned to Lorton. On May 30, 1986, he was released to a halfway house for work release. On September 30, 1986, he escaped from that facility and was charged with Prison Breach. He was once again returned to Lorton and again released to a halfway house on October 31, 1988. This time he was paroled on January 15, 1989. On December 4, 1989 he was arrested for Credit Card Fraud and Receiving Stolen Property and on January 19, 1990 he was arrested for Distribution of Heroin. He was convicted of the Receiving Stolen Property and his parole was again revoked on May 8, 1990. On June 25, 1991 he was paroled on this offense for a third time. On January 7, 1993, the defendant was arrested for Distribution of Heroin and subsequently convicted of Attempted Distribution of Heroin. His parole was again revoked. His was paroled for a fourth time on January 31, 1994. A parole violation is currently outstanding because of his arrest in the instant offense.

| 48. | 11-8-74 (age 29) | Carrying a Pistol Without a License D.C. Superior Court Washington, D.C. Dkt. No. 89206-74 | 4-30-75: 1 year | 4A1.2(e)(3) | **0** |

The defendant had benefit of counsel. According to D.C. Department of Correction's records, the police received a telephone call that there was a man with a gun 1336 T Street, N.W., Washington, D.C. When they arrived on the scene

MOORE, Samuel Bertrell                                                      Page 9

they saw the defendant exiting the building.  He was in possession of a handgun.
This period of confinement was served in conjunction with the sentence described
above.

| 49. | 5-13-75<br>(age 30) | Count 1: Bank Robbery<br>Count 2: Bank Larceny<br>Count 3: ADW<br>U.S. District Court for<br>the District of Maryland<br>Baltimore, Maryland<br>Dkt. No. 75-346 | 2-20-76: Count 1:<br>20 years; Count 2:<br>10 years; Count 3:<br>25 years | 4A1.1(a) | **3** |

The defendant had benefit of counsel.  The facts of this case were unavailable.
The period of confinement was served in conjunction with the above described
charge.  His parole violations and status is the same as put forth above.

| 50. | 8-17-82<br>(age 37) | Counts 2 and 4: Theft<br>by Deception, 3rd<br>degree<br>Union County Superior<br>Court<br>Union County, N.J.<br>Dkt. No. 97633 | 3-28-83: 3 to 7<br>years<br>2-16-86: Paroled<br>2-25-87: Parole<br>expired | 4A1.1(a) | **3** |

The defendant had benefit of counsel.  According to the presentence report
completed for Judge A. Donald Mckenzie, the defendant committed a bank fraud
involving $1,920.

| 51. | 6-4-87<br>(age 42) | Prison Breach<br>D.C. Superior Court<br>Washington, D.C.<br>Dkt. No. M-12133-87 | 3-10-88: 9 to 27<br>months, ESS,<br>serve 9 months, 3<br>years probation<br>3-19-90: Probation<br>revoked, 9 to 27<br>months | 4A1.1(a) | **3** |

The defendant had benefit of counsel.  According to D.C. Department of
Correction's records, the defendant left a community corrections center without
permission on September 30, 1986.  He was placed there while pending a charge

+5705447224   F C I SCHUYLKILL                        119 P10    FEB 01 '01  10:31

MOORE, Samuel Bertrell                                              Page 10

of Possession with Intent to Distribute Cocaine and a parole violation.  He was
again released to the a community corrections center on October 31, 1988 and was
released to both parole and probation supervision on January 15, 1989.  However,
the defendant incurred two additional arrests, one a conviction for fraud, while on
supervision and his probation was revoked.  Also cited as violations of probation
were failure to complete drug program and failure to report to the probation office.

| | | | | | |
|---|---|---|---|---|---|
| 52. | 12-14-89 (age 44) | Receiving Stolen Property D.C. Superior Court Washington, D.C. Dkt. No. M-13116-89 | 5-17-90: 9 months | 4A1.1(b) | **2** |

The defendant had benefit of counsel.  According to a D.C. Department of
Correction's record, the defendant attempted to purchase $381.54 of merchandise
at the Hecht's Department store.  At the time of his arrest he was caught in
possession of a stolen wallet and checkbook.

| | | | | | |
|---|---|---|---|---|---|
| 53. | 1-8-93 (age 47) | Attempted Distribution of Heroin D.C. Superior Court Washington, D.C. Dkt. No. F-2623-93(G) | 8-17-93: 4 to 12 years, ESS, time served, 4 years probation | 4A1.1(c) | **1** |

The defendant had benefit of counsel.  No details of this offense were available.
According to his probation officer, Mr. Mullings, the defendant's adjustment to
probation has been poor.  He is currently pending a Show Cause Hearing for
violation of probation due to his recent conviction in the instant offense and failure
to pay restitution.

| | | | | | |
|---|---|---|---|---|---|
| 54. | 12-19-94 (age 49) | Count B: Possession of Cocaine Count C: Possession of Heroin D.C. Superior Court Washington, D.C. Dkt. No. M-16734-94 B & C | 11-22-95: 180 days on both counts | 4A1.1(b) | **2** |

The defendant had benefit of counsel.  According to a D.C. Superior Court

+5705447224   F C I SCHUYLKILL                      119 P11    FEB 01 '01   10:31

**MOORE, Samuel Bertrell**                                            **Page 11**

presentence report, the police received a telephone call that an individual was selling drugs at 22nd and Alabama Avenue, S.E. Upon arriving on the scene the police observed the defendant who fit the description of the person involved. Upon searching the defendant the police recovered one packet of cocaine and two bags of heroin. The defendant also had $63 in cash.

| | | | | | |
|---|---|---|---|---|---|
| 55. | 11-8-95 (age 50) | Bail Reform Act D.C. Superior Court Washington, D.C. Dkt. No. F-9493-95 C | 12-14-95: 90 days | 4A1.1(b) | 2 |

*Released 12/17/96 VIA Parole*

The defendant had benefit of counsel. No further details are known in regard to this offense.

### Criminal History Computation

56. The criminal convictions above result in a subtotal criminal history score of 19.

57. At the time the instant offense was committed, the defendant was on parole for the sentence imposed on February 20, 1976 and he was on probation for the sentenced imposed on August 17, 1993. Pursuant to U.S.S.G. § 4A1.1(d), 2 points are added.

58. The instant offense was committed less than two years following the defendant's release from custody on January 31, 1994 for the sentence imposed on April 30, 1975. Pursuant to U.S.S.G. § 4Aa1.1(e), 1 point is added.

59. The total of the criminal history points is 22. According to the sentencing table in U.S.S.G. (Chapter, Part A), 22 criminal history points establish a criminal history category of VI. In addition, as the defendant is also a career criminal, his criminal history category is a VI.

### Other Criminal Conduct

60. On February 12, 1982 the defendant was arrested by the Prince George County Police Department and charged with Forgery. This case was nolle prossed in Prince George County Circuit Court in Dkt. No. 82-298. According to the Statement of Charges filed by the police, the defendant attempted to negotiate a $527.45 check that was a forgery. He was going to place half of the check in a savings account and cash the other half. Upon reviewing the records of the savings account, it was learned that other stolen/forged checks were deposited into this account.

MOORE, Samuel Bertrell                                                    Page 12

### Other Arrests

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 61. | 8-23-63 (age 18) | Homicide | D.C. Department of Corrections Washington, D.C. | Unknown |
| 62. | 8-26-63 (age 18) | Unauthorized Use of Motor Vehicle | D.C. Department of Corrections Washington, D.C. | Nolle Prossed |
| 63. | 6-18-68 (age 23) | Grand Larceny | D.C. Metropolitan Police Department Washington, D.C. | Unknown |
| 64. | 6-19-68 (age 23) | Petty Larceny and Narcotics Possession | D.C. Department of Corrections Washington, D.C. | Unknown |
| 65. | 8-10-74 (age 29) | Carrying a Dangerous Weapon (Gun) and Receiving Stolen Property Dkt. Nos. 57344-74 A and B | D.C. Superior Court Washington, D.C. | No Papered |
| 66. | 9-25-74 (age 29) | Assault on a Police Officer Dkt. Nos. J-4623-88 A and B | D.C. Superior Court Washington, D.C. | No Papered |
| 67. | 11-5-81 (age 36) | Possession of a Prohibited Weapon Dkt. No. F-4065-82 | D.C. Superior Court Washington, D.C. | 9-5-84: Dismissed |
| 68. | 1-6-82 (age 36) | Carrying a Pistol Without a License Dkt. Nos. F-137-82 | D.C. Superior Court Washington, D.C. | 1-7-82: Dismissed |

MOORE, Samuel Bertrell                                                    Page 13

| 69. | 1-20-90<br>(age 44) | Distribution of<br>Heroin and<br>Cocaine<br>Dkt. No. F-752-90 | D.C. Superior Court<br>Washington, D.C. | 3/8/91: Dismissed |
|---|---|---|---|---|
| 70. | 5-25-94<br>(age 17) | Possession of<br>Heroin<br>Dkt. Nos. M-6725-<br>94 | D.C. Superior Court<br>Washington, D.C. | 2-27-95: Nolle<br>Prossed |

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

71.   Samuel Bertrell Moore was born on April 11, 1945 in Washington, D.C.  His
parents, Samuel Moore, Sr. and Evelyn Moore, had two children and the defendant
is the eldest.  He has a younger sister, Barbara Moore.  The defendant's father died
when the defendant was approximately 9 years old.  The defendant believes that
his father died from an overdose of drugs.  The defendant was raised by his mother
and lived with her, when he was not incarcerated, all of his life.   However, at the
age of 18 the defendant began his adult periods of incarceration and has not spent
any lengthy periods in the community since that time.

72.   The defendant has never been married but claims paternity of four children.  These
four children are the product of relationships that the defendant maintained with
three different women.  His eldest offspring is Anthony Moore, age 31.  This child's
mother was Shirley Cook.  The defendant had a second child with Ms. Cook.  He
is Samuel Moore IV, age 21.  Both of these sons live in the area.  The defendant
has another son, Samuel Moore III, age 31, who was the product of a relationship
that the defendant maintained with Diane Moten.  The fourth son is Rodney Moore,
age 27, who is a correctional officer with the D.C. Department of Corrections.  His
mother was Jean Banks.

### Physical Condition

73.   The defendant is 5 feet and 6 inches tall and he weighs 150 pounds.  He reported
that he does not have any health problems.  He has never suffered any serious
illnesses or injuries.

MOORE, Samuel Bertrell                                                        Page 14

### Mental and Emotional Health

74.   The probation has no information indicating that the defendant is experiencing mental or emotional problems of any kind.

### Substance Abuse

75.   The defendant reported that he has been a heroin and cocaine abuser since 1967. He has ingested both substance by either "snorting" or intravenously. During the time of the instant offense he was using approximately $100 worth of drugs per day. According to D.C. Superior Court presentence reports, the defendant has been in numerous drug programs, even methadone, but was never able to successfully complete a program in the community.

### Education and Vocational Skills

76.   While incarcerated at the Lorton Reformatory the defendant attended the University of the District of Columbia's (UDC) extension program. He attended that institution from January 12, 1981 to December 19, 1981, from August 25, 1986 to December 13, 1986, and from May 21, 1990 to December 15, 1991. He asserted that he obtained his Bachelor of Arts in Urban Planning and Development; however, their records did not reflect that information. He also reported that he obtained his paralegal certificate from UDC. Lorton Reformatory records reflect his graduation from high school.

### Employment Record

77.   The defendant was unemployed at the time of his arrest; however, he claimed that he has previously been employed as a counselor for UDC and as a paralegal for an a Ms. Queen in Maryland. UDC did not have a record of this employment and we were unable to locate Ms. Queen.

### Financial Condition: Ability To Pay

78.   The defendant has no assets, liabilities, or income. He also qualified for appointed counsel. In view of his financial status, he does not possess the ability to pay restitution or a fine or the costs of incarceration or supervision.

MOORE, Samuel Bertrell                                               Page 15

## PART D.    SENTENCING OPTIONS

### Custody

79.    **Statutory Provisions: Counts 1, 2, 5 through 7, and 9:**  Imprisonment for not more than 20 years, pursuant to 18 U.S.C. §§ 2113(a), a class C felony.

80.    **Guideline Provisions:**  Based on an offense level of 29 and a criminal history category of VI, the guideline range of imprisonment is 151 to 188 months.

### Impact of Plea Agreement

81.    Even if the defendant pled guilty to all nine counts of the indictment, his guideline range would have changed as he had the maximum number of increases allowed under the grouping rules.

### Supervised Release

82.    **Statutory Provisions: Counts 1, 2, 5 through 7, and 9:** The Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

83.    **Guideline Provisions: Counts 1, 2, 5 through 7, and 9:** The guideline range for a term of supervised release is at least 2 years, but not more than 3 years, pursuant to U.S.S.G. § 5D1.2(b)(2).

### Probation

84.    **Statutory Provisions:**  The defendant is eligible for probation by statute.  The authorized term of probation is not less than 1 year, nor more than 5 years, pursuant to 18 U.S.C. § 3561(b)(1).

85.    **Guideline Provisions:**  The defendant is ineligible for probation, pursuant to U.S.S.G. § 5C1.2(f).

### Fines

86.    **Statutory Provisions:  Counts 1, 2, 5 through 7, and 9:**  The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571.

87.    A special assessment of $50 is mandatory for each count for a total of $300, pursuant to 18 U.S.C. § 3013.

88.   **Guideline Provisions:** According to U.S.S.G. § 5E1.2(c)(3), the minimum fine for this offense is $15,000, and the maximum fine is $150,000.

Subject to the defendant's ability to pay, the Court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release, pursuant to U.S.S.G. § 5E1.2(I). The most recent advisory from the Administrative Office of the U.S. Courts suggests that a monthly cost of $1,734 be used for imprisonment; a monthly cost of $180.90 for supervision; and a monthly cost of $1,132 for community confinement.

## Restitution

89.   **Statutory Provisions:** The Court may order the defendant to make restitution pursuant to 18 U.S.C. § 3663. Restitution should be made to the Crestar Bank, 1340 Good Hope Road, N.E., Washington, D.C. in the amount of $3,684.74; Crestar Bank, 825 N. Capitol Street, N.W, Washington, D.C. in the amount of $1,900.50; and the Crestar Bank, 300 Pennsylvania Avenue, S.E., Washington, D.C. in the amount of $3,325.

90.   **Guideline Provisions:** The Court shall enter a restitution order pursuant to U.S.S.G. § 5E1.1(a)(1).

## PART E.     FACTORS THAT MAY WARRANT DEPARTURE

91.   The pesentation of information in this section does not necessarily consitute a recommendation by the probation officer for a departure.

+5705447224   F C I SCHUYLKILL                    119 P17    FEB 01 '01  10:34

MOORE, Samuel Bertrell                                        **Page 17**

92.   Pursaunt to U.S.S.G. § 4A1.3, Adequacy of Criminal History, the defendant's
      criminal history may be underrepresented by his criminal history category.  The
      defendant has 22 to criminal history points and he has convictions that are not
      counted.

                                   Respectfully submitted,

                                   RICHARD A. HOUCK, JR.
                                   CHIEF U.S. PROBATION OFFICER

                      By:

                                   Gregory A. Hunt
                                   U. S. Probation Officer

**Approved:**

Deborah A. Jason          Date:
Supervising U.S. Probation Officer



+5705447224    E C I SCHUYLKILL                                    119 P18    FEB 01 '01  10:34

MOORE, Samuel Bertrell                                                    Page 18

## ADDENDUM TO THE PRESENTENCE REPORT
## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## UNITED STATES V. SAMUEL BERTRELL MOORE, DKT. NO. 95-319-01

### DISCLOSURE AND OBJECTION CHRONOLOGY

The presentence report was disclosed on April 18, 1996.

Assistant United States Attorney Michael Tubach submitted the Receipt and Acknowledgment form to the United States Probation Office on April 25, 1996.

The defense counsel, Rita Pendry, verbally submitted her objections to the presentence report on April 25, 1996. She will forward the Receipt and Acknowledgement form to the United States Probation Office prior to sentencing.

### OBJECTIONS

### By the Government

Assistant United States Attorney Michael Tubach reviewed the presentence report and had a few minor objections which have been reflected in the body of the report.

### By the Defendant

The defendant and his counsel, Reita Pendry, reviewed the presentence and had no material inaccuracies. Ms. Pendry believes that one of the defendant's convictions may have been overturned; however, she did not have verification of this information and it would not effect the guideline calculations.

Respectfully submitted,

RICHARD A. HOUCK, JR.
CHIEF U.S. PROBATION OFFICER

By: _____
Gregory A. Hunt
U.S. Probation Officer

Approved:

_____    4/25/96
Deborah A. Jason        Date:
Supervising U.S. Probation Officer

# EXHIBIT - 12

+5705447224   F C I SCHUYLKILL

118 P19   FEB 01 '01  10:16

DEC    '96   11:57  No.006  P.03

COMMITMENT TO BUREAU OF PRISONS

TYPE OF COMMITMENT:
_____ Pretrial
_____ Convicted (Pending Sentence)
___✓___ Convicted (Sentenced)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

the _____2nd_____ day of ___May___ , 19 96

UNITED STATES OF AMERICA

vs.

Samuel B Moore
(Name of Defendant)

4/11/45 - 199-509
(DOB, PDID, DCDC Numbers)

CRIMINAL NO. 95-319

OFFENSE(S)

bank robbery

CODE VIOLATION: 18 : 2113 (a)

TO:   Attorney General of the U.S.
      Director, Bureau of Prisons

The Court has ordered that the above named defendant be committed to the
Bureau of Prisons; therefore receive into your custody the body of said
defendant and safely keep in your custody until further order, and this shall
be your sufficient warrant.

By the court: S  SPORKIN

NANCY MAYER-WHITTINGTON, Clerk

By: _____Romero_____
        Deputy Clerk    (Seal)

Defendant's Court Return Date: _____  Status_____ Sentence_____
                                          Motion_____ Trial_____
SENTENCE IMPOSED BY THE COURT:

__150__ Months incarceration; Supervised Release of _5_ years to follow.

Total Special Assessment $ 300.00      Total Fine $_____

Medical Treatment:_____

Court Recommends Incarceration at:_____

BOND SET/REDUCED:_____

OTHER:_____

CO-183  (Re

# EXHIBIT - 13

# FILE NOTE

DATE: FEBRUARY 4, 1997

SUBJECT: PRIOR CUSTODY CREDIT/RELEASE FROM DC SENTENCE

ON 01/30/1997, I SPOKE TO JAMES CAMPBELL, DC DEPARTMENT OF
CORRECTIONS @ (202)-673-8257.  MR. CAMPBELL INFORMED ME THAT
MOORE WAS RELEASE FROM THE 3 DC SENTENCES ON 12-17-1996 VIA
PAROLE.  MOORE RECEIVED JAIL CREDIT ON THE DC SENTENCES FROM
11-09-1995 THROUGH 11-21-1995.  SEE ATTACHED FACE SHEETS.

FBI RAP SHEET INDICATES AN ARREST DATE OF 11/08/95 AND THIS
COINCIDES WITH THE ENTRY LISTED IN THE PSI PAGE 11, PGH 55.  THIS
DAY WAS NOT AWARDED ON DC SENTENCES - 1 DAY (B)(2) CREDIT WILL BE
AWARDED.

F. ORTIZ, LIE

SENT BY:        +5705447224   F C I SCHUYLKILL                    118 P16    FEB 01 '01  10:15
                          3-97 ; 12:55 ;D.C. Jail -- RECORDS     717 517 6288;# 1
                                                                       1-31-97

To: MR. ORTiz, INMATE RECORDS
    USP ALLENWOOD
    P.O. BX 3500
    WHITE DEER, PA 17887


FROM: JAMES L. CAMPBELL
      LEGAL INSTRUMENT EXAMINER
      D.C. DEPT OF CORRECTION
      D.C. JAIL

RE: INMATE SAMUEL MOORE
    141821


MR ORTIZ,

I'M FORWARDING THE DOCUMENTS
YOU REQUESTED. (1) FACESHEET (2)
AND THE RELEASE DOCUMENT.

+5705447224   F C I SCHUYLKILL                     118 P17   FEB 01 '01  10:15

ADP Form 19 DCDC-7-70

### DISTRICT OF COLUMBIA
### DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepared
12-15-95
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|---|---|
| 141821 | Moore, Samuel | | | | | | | B | M |
| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth | | |
| | | | | | | 4-11-45 | Wash., D.C. | | |

**TOTAL SENTENCE: 450 days**

| | | | |
|---|---|---|---|
| Offense | POSS. COCAINE | POSS. HEROIN | BRA |
| Case Number | M16734-94B | M16734-94C | F9493-95C |
| Sentence (Yrs., Mos., Days) | 180 days | 180 days (cons.) | 90 days (cons.) |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 11-22-95 | 11-22-95 | 12-14-95 |
| Full Term Date (Mo., Da., Yr.) | | | 1-31-97 |
| Short Term / M.R. Date (Mo., Da., Yr.) | | 12-17-96 EPA | 1-31-97 |
| Parole Eligibility Date (Mo., Da., Yr.) | | | 4-6-96   7-17-96 EPA |
| Max. Supervision Date (Mo., Da., Yr.) | | | N/A |
| Statutory Good Time Rate / Month | | | OMNIBUS CRIME ACT |
| Plea | Not Guilty | Not Guilty | Guilty |
| Committing Judge | Canan | Canan | Peters |
| Defense Attorney | | | |
| Initialed By. | | | |

#### DETAINERS

| Date Filed | For | Action | Date |
|---|---|---|---|
| 5-1-96 | 1st MONTH CENT'S FEDERAL SENTENCE | | |

#### CONDUCT CREDITS

| Credits | Forfeit | Restore | Balance |
|---|---|---|---|
| | | | |

#### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| 11/9/95 | 11/27/95 = 15 days |

#### REMARKS

Pending case: 95-681M01
STT cap 95-349Intra
paid by 15 days EPA
STT cap 45 days / EPA #

+5705447224    F C I SCHUYLKILL    12:55 D.C. Jail - RECORDS→    118 P18    FEB 01 '01 10:15    717 547 6299:# 3

**District of Columbia Department of Corrections**

Release Authorization

| Inmate's Name | 1. | DCDC No. | 2. | Institution | 3. | Date | 4. |
|---|---|---|---|---|---|---|---|
| Moore, Samuel | | 141-821 | | CDF | | 12-17-96 | |

| Release Date | 5. | Method | 6. | Detainer: ___ Yes | 7. |
|---|---|---|---|---|---|
| 12-17-96 | | Federal Removal | | XXX No | |

| Custody Will Be Taken By: | 8. | Notified (CDP) |
|---|---|---|
| Officer from BOP Bus | | Place By: _____ Date. _____ |

**CERTIFICATION:** I certify that this release is in accordance with applicable and controlling rules, regulations, and statutory provisions. I have personally reviewed this inmate's Institutional Record and determined that there is no information that would prevent release by the method stated above and all detainer information has been personally reviewed by me. 9.

| Name/Title | 10. | Signature | 11. | Date | 12. |
|---|---|---|---|---|---|
| Legal Instruments Examiners | | *(signature)* | | 12-17-96 | |

| Special Instructions (If Any) | 13. | Photo | 14. |
|---|---|---|---|

**Release Action**

| Identified By   R & D Control: | 15. | Released To: | 16. |
|---|---|---|---|
| | | Transported By: | 17. |
| Date of Release: | 18. | Time of Release | 19. |

**Receipt of Agency Taking Custody**

I have received the above named inmate, together with his/her Institutional Record (if Applicable)

| Name/Title | 20. | Signature | 21. | Date |
|---|---|---|---|---|
| | | | | |

Location:

| White - | Institution Record - Original |
|---|---|
| Yellow - | R & D Copy |
| Pink - | Inmate Copy |
| Gold - | Record Office Copy |

IDPS-1595

# EXHIBIT - 14

+5705447224   F C I SCHUYLKILL                    120 P11    FEB 01 '01  10:4



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## WASHINGTON, D. C.  20001

February 11, 1997

Mark Snow, Inmate Systems Manager
USP Allenwood
P.O. Box 3500 White Deer, PA  17887

Mr. Snow;

Thank you for your correspondence, dated February 5, 1997, concerning Moore, Samuel. Mr. Moore was sentenced to four years of supervised probation on August 17, 1993 in docket F-262-93 G for the convicted offense of Attempt Distribution of Heroin.   While on community supervision, Mr. Moore was re-arrested on December 19, 1994 in docket M16734-94.  On November 22, 1995, Mr. Moore was sentenced to 180 days of confinement inM16734-94C and M16734-94B, Possession of Cocaine and Possession of Heroine offenses.

The supervising probation officer submitted a violation report to the appropriate sentencing judge.  However, on May 6, 1996, the Court took the action of terminating probation in F-262-93, noting the lengthy time of incarceration that was applicable in U.S. District Court docket 95-139.  Therefore, the probation in F-262-93G has been closed.

If you have any additional questions concerning this matter, please contact me at (202) 508-1621/

Sincerely yours,

Richard Lamb, Probation Officer
Rm. 203, Building B
409 E. Street, NW
Washington, D.C.  20001

APPROVED BY: Timothy L. Carroll
Deputy Compact Administrator

# EXHIBIT - 15



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

_____

*White Deer, PA  17887-3500*

July 9, 1997

MEMORANDUM FOR TERESA BUTT, NERO RISA

FROM: Fernando Ortiz, LIE

SUBJECT: MOORE, Samuel Bertrell
         Reg. No.: 09644-050
         Docket No.: CR 95-319

Would like to know what do you think of the response provided by
Mr. Sheehan, in his letter dated May 2, 1997.  This was in response
to our letter originally dated April 3, 1997 and then mailed out a
second time on May 2, 1997 in reference to the Supervise Release
imposed.

OPTIONAL FORM 99 (7-90)

**FAX TRANSMITTAL**   # of pages ▶ 4

| To Terea Butt | From Fernando Ortiz |
|---|---|
| Dept./Agency NERO RISA | Phone # (717) 547-0963 |
| Fax # (215) 597-6315 | Fax # (717) 547-6299 |

NSN 7540-01-317-7368    5099-101    GENERAL SERVICES ADMINISTRATION

07/09/97  13:03  +5705447224  F C I SCHUYLKILL
☎717  6299     ALP ISM          118 P25   FEB 01 '01  10:20  ✉001

```
*****************************
***   ACTIVITY REPORT   ***
*****************************

TRANSMISSION OK

TX/RX NO.            0977
CONNECTION TEL               82155976315
CONNECTION ID       BOP NERO
START TIME          07/09 13:02
USAGE TIME          01'06
PAGES                   4
RESULT              OK
```



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

*White Deer, PA  17887-3500*

July 9, 1997

MEMORANDUM FOR TERESA BUTT, NERO RISA

FROM:  Fernando Ortiz, LIE

SUBJECT: MOORE, Samuel Bertrell
         Reg. No.: 09644-050
         Docket No.: CR 95-319


Would like to know what do you think of the response provided by
Mr. Sheehan, in his letter dated May 2, 1997.  This was in response
to our letter originally dated April 3, 1997 and then mailed out a
second time on May 2, 1997 in reference to the Supervise Release
imposed.

OPTIONAL FORM 99 (7-90)

**FAX TRANSMITTAL**    # of pages ▶ 4

To Teresa Butt    From Fernando Ortiz

+5705447224   F C I SCHUYLKILL                        118 P26    FEB 01 '01  10:21

**UNITED STATES DISTRICT COURT**
FOR THE
**DISTRICT OF COLUMBIA**
**WASHINGTON 20001**


May 2, 1997


Mr. Mark R. Snow
Inmate Systems Manager
U.S. Penitentiary, Allenwood
White Deer, PA 17887-3500

RE: MOORE, Samuel Bertrell
      Federal Reg. No.: 09644-050
      Docket No.: CR 95-319

Dear Mr. Snow:

        Assistant U.S. Attorney Eric A. Dubelier has sent us a copy of Warden J.T. Holland's
letter of April 3, 1997 to Assistant U.S. Attorney Michael Tubach concerning the period of
supervised release that Judge Stanley Sporkin imposed on Mr. Moore at sentencing in the above-
captioned case.  In the letter, Warden Holland states: "Currently, Mr. Moore's term of supervised
release is computed at five years, contrary to Title 18 United States Code, § 3624(e).  If it is the
Court's intention that the terms of supervised release are to run concurrent, for a total term of
three years, please advise our office."  In particular, Warden Holland asks that any response be
directed to you.

        I spoke to Judge Sporkin about this matter, and Judge Sporkin confirmed that it was his
intention that Mr. Moore's period of supervised release run concurrently, for a total of five years.
Judge Sporkin recalled Mr. Moore and his case quite well, and recalled being persuaded that a
prolonged period of supervised release would be appropriate for a defendant being sentenced on
multiple counts of Bank Robbery in violation of 18 U.S.C. 2113(a).

        If you have any additional questions, please do not hesitate to contact me at (202) 273-
0573.

                                                Sincerely,

                                                *Kevin P. Sheehan*

                                                Kevin P. Sheehan
                                                Law Clerk to Judge Sporkin


cc: Assistant U.S. Attorney Eric A. Dubelier

+5705447224    F C I SCHUYLKILL    118 P27    FEB 01 '01 10:21



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

*White Deer, PA 17887-3500*

~~A~~ ~~X~~X~~X~~X~~X~~X~~X~~X~~X~~X~~X~~X~~X~~197~~
May 2, 1997
2nd request

Michael Tubach
Assistant United States Attorney
The Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20001

RE: MOORE, Samuel Bertrell
    Federal Reg. No.: 09644-050
    Docket No.: CR 95-319

Dear Mr. Tubach:

The above referenced offender has been committed to this institution for service of federal sentence imposed under the above referenced docket. Mr. Moore was sentenced in the United States District Court in the District of Columbia, to a 151 month term of imprisonment for violation of Title 18, United States Code § 2113(a), Bank Robbery on Counts 1, 2, 5, 6, 7, & 9. At the time of sentencing, the court imposed a three year term of supervised release on count 1, and a two year term of supervised release on count 2. The term of supervised release on Count 2 was ordered to run consecutive to count 1. (Please see Attachment A).

In accordance with Title 18, United States Code, § 3624(e) which states in part, <u>"The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any other Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release"</u>.

Currently, Mr. Moore's term of supervised release is computed at five years, contrary to Title 18 United States Code, § 3624(e). If it is the Courts intent that the terms of supervised release are to run concurrent, for a total term of three years, please advise our office.

+5705447224    F C I SCHUYLKILL                    118 P28    FEB 01 '01  10:22

Michael Tubach
Page 2
April 3, 1997

        It is our desire to carry out the intent of the Court in
computing Mr. Moore's sentence.  We are seeking your assistance in
this matter and any assistance you can offer in clarifying this
matter would be greatly appreciated.   If you have any questions,
feel free to contact this institution at (717) 547-0963, ext. 449
or 450.   You may direct a written response to Mark R. Snow, Inmate
Systems Manager, at this institution.

        You attention to this matter of mutual concern is greatly
appreciated.

                                Sincerely,


                                J. V. Holland
                                Warden

# EXHIBIT - 16

+5705447224   F C I SCHUYLKILL                        118 P13    FEB 01 '01  10:14

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF COLUMBIA
DISTRICT: 16   OFFICE: DC

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:  MOORE, SAMUEL
USMS NUMBER: 09644050

I. IDENTIFICATION DATA:

   USMS NBR: 09644050   NAME: MOORE, SAMUEL

   ADDRESS: 2629 JASPER STREET, S.E.   WASHINGTON, DC                        PHONE:

   DOB: 04/11/1945  AGE: 52  POB: WASHINGTON, DC       SEX: M  RACE: B  HAIR: BLK  EYE: BRO  HEIGHT: 507  WEIGHT: 145

   SSN: 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  FBI NBR:        ALIEN NBR: DC141821

   OTHER NUMBER                OTHER NUMBER TYPE
   141821                      DC JAIL NUMBER

   ACTIVE DETAINERS:           DETAINER DATE   AGENCY
   NONE

   PRISONERS ALIASES:          ALIAS REMARKS:
   MOORE-BEY, SAMUEL
   BEY, MOORE S.
   WYATT, BILLY
   WILLIAM, JAMES
   WYATT, WILLIAM
   JONES, ROBERT

   GENERAL REMARKS:
   NONE


II. CASE INFORMATION:

   CTR    STATUS          COURT CASE NUMBER     FEDERAL COURT CITY
    1     WHCAP           95-319                WASHINGTON

   CTR  JUDGE NAME                 US ATTORNEY NAME            DEFENSE ATTORNEY NAME
    1   SPORKIN, STANLEY

   CTR   ARREST DATE  ARRESTING AGENCY        LOCATION OF ARREST    WARRANT NUMBER
    1    11/09/1995   LOCAL LAW ENFORCEMENT   WASHINGTON DC

   CTR   OFFENSE             OFFENSE REMARK              DISPOSITION
    1    UNKNOWN                                         GUILTY (PLEA)
    1    ROBBERY                                         GUILTY (PLEA)

   CTR   SENTENCE DATE  SENTENCE                         APPEAL DATE
    1    05/02/1996     ONE HUNDRED FIFTY ONE MONTHS     **/**/****

(050) N.J. Dist. Per. Sylvia Baldwin, NO (129) on this inmate - 1-16-97
                                                    F. Ortiz

DATE: 09/24/1997 TIME: 16:35  PAGE:   2

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF COLUMBIA
DISTRICT: 16    OFFICE: DC

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:    MOORE, SAMUEL
USMS NUMBER: 09644050

III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | WT-TRIAL | 11/09/1995 | 11/09/1995 | **/**/**** | HELD W/O BOND |
| 1 | WT-DESIG | 05/02/1996 | **/**/**** | **/**/**** | J/C 95-319 |
| 1 | RL-BOP | 01/06/1997 | **/**/**** | 01/06/1997 | ALLENWOOD, PA |
| 1 | READMIT | 09/24/1997 | 09/24/1997 | **/**/**** | ALLENWOOD, PA |
| 1 | WHCAP | 09/24/1997 | **/**/**** | **/**/**** | |

IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| DCS | D.C. SUPERIOR | 11/09/1995 | 12/17/1996 | 0 | |
| 3JY | D.C. JAIL | 12/17/1996 | 01/06/1997 | 20 | PAROLED TO FEDERAL DETAINER |
| 3JY | D.C. JAIL | 09/24/1997 | **/**/**** | 1 | |

TOTAL DAYS BOARDED    21

. MEDICAL EXPENSE HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| **/**/**** | | NO MEDICAL SERVICES HAVE BEEN PROVIDED TO THIS PRISONER |

***** END OF REPORT ******

# EXHIBIT - 17

+5705447224    F C I SCHUYLKILL                                120 P13    FEB 01 '01  10

# ~~TAINER ACTION LETTE~~

BP-S394.058
February 1994

**U.S. Department of Justice**                          **Federal Bureau of Prisons**

| | |
|---|---|
| To: D.C. Board of Parole<br>     717 14th Street NW<br>     Washington, D.C. 20005 | Institution: USP Allenwood<br>P.O. Box 3500 White Deer, Pa. 17887<br><br>Date: ~~XXXXXXXXXXXXXXXX~~<br>MARCH 4, 1997 |
| Re: Possible Parole<br>    Violation         Inmate's Name<br>                           MOORE, Samuel B | Register No.: 09644-050<br>DOB: 04/11/45 ~ B/M<br>DCDC #: 141821 |

Dear Sir:

                                 **\*\* 2nd and final request \*\***

The below checked paragraph relates to the above name inmate:

This office is in receipt of the following report regarding the above named: <u>Presentence investigation report indicates possible parole violation. The defendant was arrested on 01/10/72 for Forgery & Uttering. On 07/28/72, the defendant was sentenced in DC Superior Court to 18 months - 5 years. On 04/04/74 defendant was paroled. On 08/14/74 a parole warrant was issued. The defendant was arrested for armed robbery while he was on parole. A parole warrant was issued but there is no available information indicating that his parole was revoked. On 09/25/74, the defendant was arrested for Armed Robbery and CPWL. On 04/30/75 the defendant was sentenced in DC Superior Court under Docket #: 89769-74 to a term of 6 - 18 years. The defendants parole was revoked on several occasions, however; a parole violation is currently outstanding due to the defendant committing the instant federal offense on 06/12/95. The defendant was arrested on 11/09/95 and served three DC Superior Court Sentences from 11/09/95 through 12/17/96.</u> Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject.

____     A detainer has been filed against this subject in your favor charging_____
_____. Release is tentatively scheduled for _____
_____, however, we will again notify you approximately 60 days prior to actual release.

____     Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

____     Your detainer warrant has been removed on the basis of the attached_____.
Notify this office immediately if you do not concur with this action.

____     Your letter dated _____ requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is _____

____     I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve _____ for the offense of _____. If you wish your__
               filed as a detainer, please return it to us with a cover letter

# EXHIBIT - 18

+5705447224   F C I SCHUYLKILL                    120 P10    FEB 01 '01  10:

BP-S394.058  **DETAINER ACTION LETTER** CDFRM
FEB 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| To:D.C. BOARD OF PAROLE<br>717 14TH STREET, NW<br>WASHINGTON, DC.  20005 | Institution:FCI SCHUYLKILL<br>P.O. BOX 700<br>MINERSVILLE,PA.  17954 |
|---|---|
| | Date: October 19, 1998 |

| Re:DCDC:141821<br>DOB: 04-11-1945 | Inmate's Name:<br>MOORE, SAMUEL BERTRELL | Register No:<br>09644-050 |
|---|---|---|

The below checked paragraph relates to the above named inmate:

**☒**  This office is in receipt of the following report: FEDERAL PRESENTENCE REPORT INDICATES NUMEROUS ARREST WHICH RESULTED IN THE INMATE BEING INCARCERATED AND PAROLED ON NUMEROUS OCCASION.  WITH SEVERAL PAROLE VIOLATIONS BEING OUTSTANDING.  COULD YOU PLEASE CHECK YOUR RECORDS TO VERIFY IF THERE ARE ANY OUTSTANDING PAROLE VIOLATIONS.  Could you please investigate this report and advise what disposition, if any, has been made of the case.  If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject.

☐  A detainer has been filed against this subject in your favor charging_____
Release is tentatively scheduled for _____, however, we will again notify you approximately 60 days prior to actual release.

☐  Enclosed is your detainer warrant.  Your detainer against the above named has been removed in compliance with your request.

☐  Your detainer warrant has been removed on the basis of the attached _____.  Notify this office immediately if you do not concur with this action.

☐  Your letter dated_____requests notification prior to the release of the above named prisoner.  Our records have been noted.  Tentative release date at this time is_____.

☐  I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve_____for the offense of _____.  If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐  The above named inmate has been transferred to _____.  Your detainer/notification request has been forwarded.

☐  . Other:

Sincerely,

*D. Kreb*

D. KREBS, LIE

FOR: H. MILLS, INMATE SYSTEMS MANAGER

# EXHIBIT - 19

+5705447224    F C I SCHUYLKILL                    119 P20    FEB 01 '01  10

BP-S394.058    **DETAINER ACTION LETTER** CDFRM
FEB 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| To: D.C. DEPARTMENT OF CORRECTIONS<br>1901 D STREET, S.E.<br>WASHINGTON, DC.  20003 | Institution: FCI SCHUYLKILL<br>P.O. BOX 700<br>MINERSVILLE, PA.  17954 |
|---|---|
|  | Date: October 19, 1998 |

| Re: DCDC:141821<br>DOB: 04-11-1945 | Inmate's Name:<br>MOORE, SAMUEL BERTRELL | Register No:<br>09644-050 |
|---|---|---|

The below checked paragraph relates to the above named inmate:

XX    This office is in receipt of the following report: FEDERAL PRESENTENCE REPORT INDICATES THREE ARREST
WITH NO DISPOSITION.  08-23-1963. HOMICIDE, 06-18-1968 GRAND LARCENY AND 06-19-1968 PETTY LARCENY AND
NARCOTICS.  Will you please investigate this report and advise what disposition, if any, has been
made of the case.  If subject is wanted by your department and you wish a detainer placed, it will
be necessary for you to forward a certified copy of your warrant to us along with a cover letter
stating your desire to have it lodged as a detainer, or indicate you have no further interest in
subject.

☐    A detainer has been filed against this subject in your favor
charging_____.
Release is tentatively scheduled for _____, however, we will again
notify you approximately 60 days prior to actual release.

☐    Enclosed is your detainer warrant.  Your detainer against the above named has been removed in
compliance with your request.

☐    Your detainer warrant has been removed on the basis of the attached
_____. Notify this office immediately if you do not concur
with this action.

☐    Your letter dated_____requests notification prior to the release of the
above named prisoner.  Our records have been noted.  Tentative release date at this time
is_____.

☐    I am returning your _____ on the above named inmate who was
committed to this institution on _____ to serve_____for
the offense of _____. If you wish your
_____ filed as a detainer, please return it to us
with a cover letter stating your desire to have it placed as a hold or indicate you have no further
interest in the subject.

☐    The above named inmate has been transferred to _____. Your
detainer/notification request has been forwarded.

☐    Other:

Sincerely,

D. KREBS, LIE

FOR: H. MILLS, INMATE SYSTEMS MANAGER

# EXHIBIT - 20

+5705447224    F C I SCHUYLKILL                    119 P19     FEB 01 '01  10:34

BP-S394.058  **DETAINER ACTION LETTER** CDFRM
FEB 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISON**

| To: D.C. DEPARTMENT OF CORRECTIONS<br>1901 D STREET, S.E.<br>WASHINGTON, DC. 20003 | Institution: FCI SCHUYLKILL<br>P.O. BOX 700<br>MINERSVILLE, PA. 17954 |
|---|---|
| | Date: NOVEMBER 19, 1998 |

| Re: DCDC: 141821<br>DOB: 04-11-1945 | Inmate's Name:<br>MOORE, SAMUEL BERTRELL | Register No:<br>09644-050 |
|---|---|---|

**\*\*\*SECOND REQUEST\*\*\***

The below checked paragraph relates to the above named inmate:


XX    This office is in receipt of the following report: FEDERAL PRESENTENCE REPORT INDICATES THREE ARRES
      WITH NO DISPOSITION.  08-23-1963, HOMICIDE, 06-18-1968 GRAND LARCENY AND 06-19-1968 PETTY LARCENY AN
      NARCOTICS.  Will you please investigate this report and advise what disposition, if any, has been
      made of the case.  If subject is wanted by your department and you wish a detainer placed, it will
      be necessary for you to forward a certified copy of your warrant to us along with a cover letter
      stating your desire to have it lodged as a detainer, or indicate you have no further interest in
      subject.

☐     A detainer has been filed against this subject in your favor
      charging_____
      Release is tentatively scheduled for _____, however, we will again
      notify you approximately 60 days prior to actual release.

☐     Enclosed is your detainer warrant.  Your detainer against the above named has been removed in
      compliance with your request.

☐     Your detainer warrant has been removed on the basis of the attached
      _____.  Notify this office immediately if you do not concur
      with this action.

☐     Your letter dated_____requests notification prior to the release of the
      above named prisoner.  Our records have been noted.  Tentative release date at this time
      is_____.

☐     I am returning your _____ on the above named inmate who was
      committed to this institution on _____ to serve_____for
      the offense of _____.  If you wish your
      _____ filed as a detainer, please return it to us
      with a cover letter stating your desire to have it placed as a hold or indicate you have no further
      interest in the subject.

☐     The above named inmate has been transferred to _____.  Your
      detainer/notification request has been forwarded.

☐     Other:




                              Sincerely,



                              D. KREBS, LIE

                    FOR: H. MILLS, INMATE SYSTEMS MANAGER

**EXHIBIT - 21**

```
             +5705447224  F C I SCHUYLKILL                    120 P09   FEB 01 '01  10:
```

BP-S394.058  **DETAINER ACTION LETTER** CDFRM
FEB 94
**U.S. DEPARTMENT OF JUSTICE**                           **FEDERAL BUREAU OF PRISON**

| To:D.C. BOARD OF PAROLE<br>717 14TH STREET, NW<br>WASHINGTON, DC.  20005 | Institution:FCI SCHUYLKILL<br>P.O. BOX 700<br>MINERSVILLE,PA.  17954 |
|---|---|
| | Date:  NOVEMBER 19, 1998 |

| Re:DCDC:141821<br>   DOB: 04-11-1945 | Inmate's Name:<br>MOORE, SAMUEL BERTRELL | Register No:<br>09644-050 |
|---|---|---|

***SECOND REQUEST***

The below checked paragraph relates to the above named inmate:

**✗**   This office is in receipt of the following report: FEDERAL PRESENTENCE REPORT INDICATES NUMEROUS ARREST WHICH RESULTED IN THE INMATE BEING INCARCERATED AND PAROLED ON NUMEROUS OCCASION.  WITH SEVERAL PAROLE VIOLATIONS BEING OUTSTANDING.  COULD YOU PLEASE CHECK YOUR RECORDS TO VERIFY IF THER ARE ANY OUTSTANDING PAROLE VIOLATIONS.  Could you please investigate this report and advise what disposition, if any, has been made of the case.  If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject.

☐   A detainer has been filed against this subject in your favor charging_____.
Release is tentatively scheduled for _____, however, we will again notify you approximately 60 days prior to actual release.

☐   Enclosed is your detainer warrant.  Your detainer against the above named has been removed in compliance with your request.

☐   Your detainer warrant has been removed on the basis of the attached _____.  Notify this office immediately if you do not concur with this action.

☐   Your letter dated_____requests notification prior to the release of the above named prisoner.  Our records have been noted.  Tentative release date at this time is_____.

☐   I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve_____for the offense of _____.  If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐   The above named inmate has been transferred to _____.  Your detainer/notification request has been forwarded.

☐   Other:

Sincerely,

*O Kreb*

D. KREBS, LIE

FOR: H. MILLS, INMATE SYSTEMS MANAGER

# EXHIBIT - 22

NOV.-23'98(MON) 12:52    USMS    +5705447224  F C I SCHUYLKILL    TEL:215( )818    120 P07    FEB 01 '01 10:40    P. 002



## JOINT FUGITIVE TASK FORCE

U.S. MARSHAL TEAMS
400 7th St. NW
WASHINGTON, DC

Telephone 202-307-0034
Fax: 202-324-6036

TO: U.S. MARSHALS SERVICE  E/PA  DATE: 11-17-98

REF: Moore, Samuel B    Parole Viol - CPWOL
     (NAME)            (VIOLATION)

     147358              602CBTE
     (FID #)            (FBI #)

THE ABOVE REFERENCEDD FUGITIVE/PRISONER HAS BEEN TARGETED BY THE
DCJFTF.  HE/SHE IS WANTED BY DC SUPERIOR COURT OR THE DC PAROLE
BOARD.  THIS A FEDERAL WARRANT FOR REMOVAL PURPOSES.

_____  ARRESTED IN YOUR DISTRICT ON _____  PLEASE FIND
       ATTACHED FACSIMILE COPY OF WARRANT AND ATTACHED DOCUMENTS.

__✓__  SUBJECT IN CUSTODY AT  FCI Schuylkill
       PLEASE FILE DETAINER. (SEE ATTACHED USM-11)

REMARKS:_____

/////////////////////////////////////////////////////////
IF YOU HAVE NOT RECEIVED A CERTIFIED COPY OF AN ESCAPE WARRANT,
PLEASE CONTACT THE DC DEPARTMENT OF CORRECTIONS WARRANT SQUAD
SUPERVISOR_____ AT 202-673-7302.
/////////////////////////////////////////////////////////
IF YOU HAVE NOT RECEIVED A CERTIFIED COPY OF A DC PAROLE WARRANT,
PLEASE CONTACT THE DC PAROLE BOARD; JILL REID AT 202-727-9798.
/////////////////////////////////////////////////////////
WHEN THE FUGITIVE/PRISONER IS IN US MARSHAL CUSTODY, PLEASE
"106" TO USM, DC SUPERIOR COURT, DISTRICT #7.  DUSM JOHN KING
IS IN CHARGE OF PRISONER COORDINATION AT 202-616-8640.

PLEASE CONTACT CHERYL COOK  202-324-6034  IF NECESSARY.
THANK-YOU FOR ASSISTING THE DC JOINT FUGITIVE TASK FORCE!

FBI:DC POLICE, CORRECTIONS, & PAROLE GSA-FPS USSS USPP

# EXHIBIT - 23

+5705447224    F C I SCHUYLKILL                        120 P06    FEB 01 '01  10:40

United States Marshals Service
Eastern District of Pennsylvania
2110 U. S. Courthouse
Philadelphia, PA  19106

DETAINER

To:  FCI Schuylkill              Date:  November 18, 1998
     PO Box 789
     Minersville, PA 17954       Subject:  Moore, Samuel B.
                                  Reg #09644-050

     Please accept this detainer against the above named subject
who is currently in your custody.  When the subject is to be
released from your custody, please notify this office at once so
that we may assume custody if necessary.  If subject is
transferred from your custody to another detention facility, we
request that you forward our detainer to said facility at time of
transfer and advise this office.

     The notice requirements of the Speedy Trial Act of 1974
apply if the detainer is based on pending federal criminal
charges which have not yet been tried.  The notice requirement
provisions do not apply to detainers lodged for charges which
have already been tried or for which no trial is required, such
as parole revocation detainers or sentencing detainers.  Further,
the notice requirement provisions would not apply to detainers
lodged against prisoners who have not yet been sentenced at the
time the detainer is lodged.  If there is an "X" marked in the
following space (_____) the notice requirements of the Speedy
Trial Act apply and you are requested to give a copy of the
detainer to the prisoner.

     If there is no "X" in the above space, no further action is
required except you are requested to give a copy of the detainer
to the prisoner and to acknowledge receipt of this detainer on
the attached copy and return it to this office in the enclosed
self addressed envelope.

                              Very truly yours,

                              ALAN D. LEWIS
                              United States Marshal
                              by:  WARRANT SECTION
                              Call 215-597-8158 when subject
                              is ready for pickup/transport

RECEIPT:
DATE:_____11-23-98_____

SIGNED:_____David Parlor_____

TITLE:_____LIE_____

# EXHIBIT - 24

+5705447224    F C I SCHUYLKILL                    120 P03    FEB 01 '01  10:39

# DISTRICT OF COLUMBIA BOARD OF PAROLE

**WARRANT**                    NUMBER: P34382-98

WIN-W0098 809

TO: *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

RE: **NAME** : MOORE, JR, SAMUEL BERTRELL
    **ALIAS**: MOORE-BEY, SAMUEL B
            MOORE, "ROB", SAM
            BROWN, LEROY ROGER
            09644-050

**DISTINGUISHING MARKS:** DOB: 041149

**SENTENCE TYPE:** ADULT

**PAROLE OFFICER:** ALSTON, JOSEPH

**LAST KNOWN ADDRESS:** 2629 JASPER STREET, S.E.
                       WASHINGTON, D. C. 20020

**SSN#** 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
**DCDC#** 141-821
**PDID#** 194509
**FBI#** 602087E
**DOB:** 04/11/1945
**SEX:** MALE
**RACE:** BLACK
**EYES:** BROWN
**HAIR:** BLACK
**HEIGHT:** 5 ft  7 in
**WEIGHT:** 130 lbs
**COMPLEXION:** MEDIUM

    **SUBJECT'S LOCATION:** At large ~~X~~    Confined in FBOP

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of  CPWOL, Armed Robbery, CPWOL, Bank Robbery, Aid. &abet., Bank Larc., ADW dur. Bk. and was on the 31st of Jan.1994 released on parole from the Occoquan Facility, And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND*

*RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS,*

*EXCEPT  IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL,  STATE OR DISTRICT OF*

*COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.  PLACE A DETAINER AND NOTIFY*

*THE D.C. BOARD OF PAROLE.  ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS*

*PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE.  IMMEDIATELY*

*NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this*    15th    *day of* OCTOBER, 1998

A TRUE COPY
TEST

Director, Michael Green
Parole ~~Administration~~
D.C. Board of Parole

*Margaret Quick*
*Member, D.C. Board of Parole*

\* **FYCA case ONLY:** This warrant expires at 12:01 a.m. on _____, 19_____
and the person named MUST NOT be held beyond that time.

   

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., 2ND FLOOR
WASHINGTON, DC 20001

September 18, 1998

## STATEMENT OF ALLEGED PAROLE VIOLATION(S)

Parolee: MOORE, Samuel Bertrell          DCDC#141-821

ALIAS (ES) Sam Moore/Leroy Roger Brown   PDID#194-509

"Rob"/"Sam"                              FBI# 602087E

LAST KNOWN ADDRESS: 2629 Jasper ST. SE   DOB: 4/11/45
                    Washington DC 20020  RACE: Blk   SEX M

HGT: 5'7   WGT: 130 EYES: Bro   HAIR: Blk  COMPLEXION: Med

IDENTIFYING SCARS/MARK: _____

SENTENCE TYPE: X ADULT __YRA __FYCA  __YRA&ADULT __FYCA& ADULT

_X SUBJECT IS AT LARGE  ___SUBJECT IS CONFINED IN_____

PAROLE OFFICER: Joseph Chance Alston   PAROLE UNIT: GSU 2

The parolee identified above is alleged to have committed the
following violation(s) of parole:

1. Mr. Moore failed to report to parole supervision for further
instructions after his release from US District Court Detainer on
or after 3/2/96. (code#0101)

2. Mr. Moore illegally possessed narcotic drug opiates, on or
after 12/19/94. (code#0401)

3. Mr. Moore illegally possessed narcotic drug opiates, on or
after 1/8/93. (code#0401)

4. Mr. Moore illegally possessed narcotic drug opiates, on or
about 5/26/94. (code#0401)

5. Mr. Moore illegally possessed a CDS, cocaine on or after
12/19/94. (code#0402)

6. Mr. Moore illegally sold narcotic drug opiates on or about
5/26/94. (code#0409)

DISTRICT OF COLUMBIA BO[ ]F PAROLE                              page 7

7. Mr. Moore frequented place where narcotic drugs are illegally
sold on 5/26/94. (code#0417)

8. Mr. Moore illegally sold all laws during arrest on or after
12/19/94 for Possession of Heroin cc#M16734-94B and Possession of
Cocaine cc#M16734-94C. (code#0901)

9. Mr. Moore failed to obey all laws during arrest on or about
11/8/96 for Bank Robbery cc#95-319. (code#0901)

10. Mr. Moore failed to obey all laws during arrest on or after
11/9/95 for BRA cc#F9493-95.(code#0901)

11. Mr. Moore failed to obey all laws during arrest on or after
5/26/94 for PWID Heroin cc#M6725-94. (code#0901)

12. Mr. Moore failed to obey all laws during arrest on or after
1/8/93 for Possession of Heroin cc#F262-93. (code#0901)

NOV. -23' 98(MON) 12:53   USMS(    +5705447224  S.C I SCHUYLKILL        120 P08    FEB 01 '01 10:41

TEL:215(    818                     P. 003

# DIS__CT OF COLUMBIA BOARD __F PAROLE

**WARRANT**                         **NUMBER:** P34382-98

**TO:** *Any Officer of the D.C. Department of Corrections, Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

**RE: NAME :** *MOORE, JR, SAMUEL BERTRELL*                    **SSN#** 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
    **ALIAS:** *MOORE-BEY, SAMUEL B*                            **DCDC#** 141-821
           *MOORE, "ROB", SAM*                               **PDID#** 194509
           *BROWN, LEROY ROGER*                               **FBI#** 602087E
                                                             **DOB:** 04/11/1945
                                                             **SEX:** MALE
**DISTINGUISHING MARKS:** DOB .04 11 49                         **RACE:** BLACK
                                                             **EYES:** BROWN
**SENTENCE TYPE:** ADULT                                       **HAIR:** BLACK
                                                             **HEIGHT:** 5 ft  7 in
**PAROLE OFFICER:** ALSTON, JOSEPH                             **WEIGHT:** 130 lbs
                                                             **COMPLEXION:** MEDIUM
**LAST KNOWN ADDRESS:** 2629 JASPER STREET, S.E.
                       WASHINGTON, D. C. 20020

    **SUBJECT'S LOCATION: At large__ X____  Confined in_**

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of  CPWOL, Armed Robbery, CPWOL, Bank Robbery, Aid.&abet..Bank Larc.,ADW dur.Bk.R and was on the 31st of Jan.1994 released on parole from the Occoquan Facility, And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice.*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND*

*RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.*

*EXCEPT  IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL,  STATE OR DISTRICT OF*

*COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.  PLACE A DETAINER AND NOTIFY*

*THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS*

*PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE. IMMEDIATELY*

*NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this   15th    day of OCTOBER, 1998*

    **A TRUE COPY**
    **TEST**

_Michael Green_                          _Margaret Quick_
Director, Michael Green                   _(Member, D.C. Board of Parole_
Parole Determination
D.O. Board of Parole

\* FYCA case ONLY: This warrant expires at 12:01 a.m. on _____ , 19____
  and the person named MUST NOT be held beyond that time.

    *Called U. S. Marshals Service on 11-23-98*
    *Certified warrant is being mailed*
                *D. Krebs*

**EXHIBIT - 25**

+5705447224    F C I SCHUYLKILL                    121 P04    FEB 01 '01  11:14

BP-S399.058 **TRANSFER ORDER** CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

In accordance with the authority provided in Title 18, U.S. Code, Section 3621, and the authority delegated to me by the Director of the Bureau of Prisons, I hereby order transfer of:

| Name of Inmate | Register No. |
|---|---|
| MOORE, Samuel | 09644-050 |

From (Name of Institution and Location)

  United States Penitentiary, Allenwood, Pennsylvania

To (Name of Institution and Location)

  Federal Correctional Institution, Schuylkill, Pennsylvania

| Reason for Transfer | Transfer Code |
|---|---|
| Lesser Security | 308 |

| Parole Status | Custody Classification |
|---|---|
| N/A | IN |

| Health Status | Central Inmate Monitoring Case |
|---|---|
| Suitable for Transfer | __XXX_ No _____ Yes |

| Signature of Transferring Authority | Title of Transferring Authority | Date |
|---|---|---|
| John F. Fanello | Warden | 9/23/98 |

RETURN OF SERVICE - Pursuant hereto, I have this _28_ day of _Sept_, 1998, executed the above order and committed the inmate to the institution indicated.

| Signature | Name |
|---|---|
| | H. Sloser |
| Title    Lt | Agency   Bop |

For transfer to CTC's, complete the following:

| Projected release date | Type of release |
|---|---|
| | |

| Scheduled date and time of departure and transportation information | Scheduled date and time of arrival |
|---|---|
| | |

Record Copy - J & C; Copy - Central File
(This form may be replicated via WP)        Replaces BP-399(58) of OCT 88

EXHIBIT - 26

+5705447224    F C I SCHUYLKILL                          121 P01    FEB 01 '01  11:13

```
   SCHUX  542*22 *              SENTENCE MONITORING        *     01-02-2001
 PAGE 001 OF 001 *               GOOD TIME DATA            *     07:37:15
                                AS OF  01-02-2001

 REGNO...: 09644-050     NAME: MOORE, SAMUEL BERTRELL
 ARS 1...: SCH A-DES                                 VCCLEA VIOLENT
 COMPUTATION NUMBER..: 010              FUNC..: PRT   ACT DT:
 LAST UPDATED:  DATE.: 01-02-2001       FACL..: SCH      CALC: AUTOMATIC
 UNIT................: 1                QUARTERS............: A06-127L
 DATE COMP BEGINS....: 12-17-1996       COMP STATUS.........: COMPLETE
 TOTAL JAIL CREDIT...: 1                TOTAL INOP TIME.....: 0
 CURRENT REL DT......: 12-11-2008 THU   EXPIRES FULL TERM DT: 07-15-2009
 PROJ SATISFACT DT...: 12-01-2007 SAT   PROJ SATISF METHOD..: GCT REL
 ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
 DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:

 ---------------------------GOOD CONDUCT TIME AMOUNTS----------------------

    START       STOP      MAX POSSIBLE TO     ACTUAL TOTALS    VESTED   VESTED
    DATE        DATE      DIS  FFT         DIS    FFT          AMOUNT    DATE
 12-16-1996  12-15-1997    54   0                                54   12-30-1997
 12-16-1997  12-15-1998    54   0                                54   12-30-1998
 12-16-1998  12-15-1999    54   0                                54   12-30-1999
 12-16-1999  12-15-2000    54   0                                54   12-30-2000
 12-16-2000  12-15-2001    54
 12-16-2001  12-15-2002    54
 12-16-2002  12-15-2003    54
 12-16-2003  12-15-2004    54
 12-16-2004  12-15-2005    54
 12-16-2005  12-15-2006    54
 12-16-2006  12-01-2007    52


      TOTAL EARNED AMOUNT..........................................:    216
      TOTAL EARNED AND PROJECTED AMOUNT............................:    592
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED ~ CONTINUE PROCESSING IF DESIRED

```
   SCHUZ        *          INMATE DISCIPLINE DATA         *    12-29-2000
PAGE 001 OF 001 *   CHRONOLOGICAL DISCIPLINARY RECORD     *    09:40:12

REGISTER NO: 09644-050 NAME..: MOORE, SAMUEL BERTRELL
FUNCTION...: PRT        FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 12-29-2000
```

```
G5401      DISCIPLINE DATA DOES NOT EXIST FOR THIS INMATE
```

+5705447224    F C I SCHUYLKILL                    121 P03    FEB 01 '01  11:13

```
  SCHUZ         *           INMATE DISCIPLINE DATA        *    12-29-2000
PAGE 001 OF 001 *               PENDING REPORTS           *    09:40:06
```

REGISTER NO: 09644-050 NAME..: MOORE, SAMUEL BERTRELL
FUNCTION...: PRT        FORMAT: PENDING    LIMIT TO ___ MOS PRIOR TO 12-29-2000

G5401     DISCIPLINE DATA DOES NOT EXIST FOR THIS INMATE

+5705447224    F C I SCHUYLKILL                    121 P05    FEB 01 '01 11:14

```
  ALPC3   600.00 *             SECURITY/DESIGNATION           *      01-07-1997
PAGE 001 OF 001 *                    DATA                     *      09:59:38
     REGNO: 09644-050   NAME: MOORE, SAMUEL BERTRELL                ORG: C
RC/SEX/AGE: B/M/51   FORM D/T: 12-30-1996/1031   RES: WASHINGTON, D.C, DC 2000
OFFN/CHG..: BANK ROBBERY: 151 MONTHS CBOP; 5  YEAR SUPERVISED RELEASE
            $300 ASSESSMENT
CUSTODY...: IN         BIL:              SEN LIMT: NONE
CITIZENSHP: UNITED STATES OF AMERICA  PUB SAFETY: GRT SVRTY,SENT LGTH
CIM CONSID:                                         USM: DC
JUDGE.....: SPORKIN     REC FACL: NR DC (CUM/PET)  REC PROG: PSYCH/DRUG
DETAINER..: GREATEST    SEVERITY: GREATEST         LENGTH..: 84 PLUS MOS (12
PRIOR.....: SERIOUS     ESCAPES.: < 5 YRS MINOR    VIOLENCE: > 15 YRS SERIOU
PRECOMMT..: N/A         V/S DATE:                  V/S LOC.:
EXC CAMP..:             SEC TOT.: 29               SEC LEV.: HIGH
CCM RMKS..: SRA:6 BANK ROBBERIES.HI-SPEED CHASE.LONG CRIM HX W/INCARC INC:
            74 ARM ROB-18Y (PV~ '87 PRISON BREACH-CCC)75 BANK ROB-20Y;ADW-
            25Y;94 POSS-180D;95 BAIL REF ACT-90D.P/C:PV;VOP-CURR OFNSE;63
            HOMICIDE-DISP UNK. GD HLTH. DRUG ABUSE. CR 95-319.   ACG
FACL DESIG: ALLENWOOD USP        DESIG: MXR TB  12-31-1996 DESIG REAS: LEVE
MGMT: N/A                   MV EXP: N/A        SEN: N/A
DESIG RMKS: JUDICIAL NON-COMPLY;SECURITY;LETTER SENT


  G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIR
```

EXHIBIT - 27

+5705447224    F C I SCHUYLKILL                          121 P06    FEB 01 '01   11

CO-181
(Rev. 2/91)

# FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEP 1 0 1997

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA            )
                                    )
                                    )
           vs.                      )        Criminal No.    95-319(SS)
                                    )
     SAMUEL B. MOORE                )
                                    )

WRIT OF HABEAS CORPUS AD PROSEQUENDUM
UNITED STATES PENITENTIARY ALLENWOOD

TO: Warden, BOX 3000, WHITE DEER, PA  17887
                    (Institution)

        You are directed to produce  Samuel Moore
presently in your custody, to the United States Marshal for the
District of ___Columbia___ or one of his deputies in order
to obtain the attendance of said prisoner for the purpose of
___hearing___ before this Court within the
District of Columbia on  September 30, , 19 97 , and upon
the conclusion of the proceedings herein, to return said defendant
forthwith by the United States Marshal or one of his deputies, to
the institution from whence he came.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

Date:   9/9/97

Certified as a true copy on  September  10 , 19 97 .

                                    NANCY MAYER-WHITTINGTON, Clerk

                                    By: _____
                                             Deputy Clerk

Executed this writ in the above-entitled case on _____
19____ .

USP ALLENWOOD, WHITE DEER, PA 17887

                                    UNITED STATES MARSHAL
CUMENT VERIFIED BY: _____

E: 9/17/97                              By: _____
IFIED WITH: Ezette Sanders, Deputy Clerk      Deputy Marshal
NCY: U.S. Dist Court Dist of Columbia

NE NUMBER: (202) 273-0503


+5705447224    F C I SCHUYLKILL                    121 P07    FEB 01 '01  11:14

| LEAVE BLANK | CRIMINAL | (STAPLE HERE) | LEAVE BLANK |
|---|---|---|---|

STATE USAGE
NFF SECOND
SUBMISSION    APPROXIMATE CLASS    AMPUTATION    SCAR

STATE USAGE                          LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**MKMR, SAMUEL Bertrell**

SIGNATURE OF PERSON FINGERPRINTED

X Saleri By

SOCIAL SECURITY NO.    LEAVE BLANK
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

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX
Bey S. Moore, Jones Robert, Moore-Bey Samuel Betrell,
William James, Anthony, Wyatt Billy, Wyatt William, Moore
Samuel, William James

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH  MM  DD  YY | SEX | RACE | HEIGHT | WEIGHT | EYES |
|---|---|---|---|---|---|---|---|
| 602087E | | 04-11-45 | M | B | 5-06 | 150 | BRO |

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. | 8. L. MIDDLE | 9. L. RING | 10. L. |
|---|---|---|---|---|

| LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY | L. THUMB | R. THUMB | RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY |
|---|---|---|---|

+5705447224  F C I SCHUYLKILL                                    121 P08    FEB 01 '01  11:16

| LEAVE BLANK | CRIMINAL | (STAPLE HERE) | | LEAVE BLANK |
|---|---|---|---|---|

STATE USAGE
NFF SECOND
SUBMISSION   APPROXIMATE CLASS   AMPUTATION   SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

MOORE, SAMUEL BERTRELL

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.

579547263

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

MOORE-BEY, S.
ROBERT, JONES
MOORE-BEY, SAMUEL BETRELL

WILLIAM, JAMES ANTHONY
WYATT, BILLY
WYATT, WILLIAM
MOORE, SAMUEL
WILLIAM, JAMES

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH   MM   DD   YY | SEX | RACE | HEIGHT | WEIGHT | EYES |
|---|---|---|---|---|---|---|---|
| 602087E | UNKNOWN | 04-11-1945 | M | B | 5 06 | 150 | BRO |

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|

| LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY | L. THUMB | R. THUMB | RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY |
|---|---|---|---|

Last Name
MOORE

First Name
SAMUEL

Middle Name
BERTRELL

REG #: 09644-050

Date of Photo

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,  :
           Petitioner  :   No. 1:CV-00-2148
                      :
         v.  :   (Judge Caldwell)
                      :
DAVID ROMINE,  :   (Magistrate Judge Smyser)
          Respondent  :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 8th day of February, 2001, she served a copy of the attached

### EXHIBITS IN SUPPORT OF RESPONSE TO THE PETITION FOR HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Samuel Bertrell Moore
Reg. No. 09644-050
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954-0759
2000 WL 1827590

Shelley Grant
Paralegal Specialist