UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,       :   CIVIL NO:  1:CV-00-2148
          Petitioner,        :
                             :   (Judge Caldwell)
    v.                       :
                             :   (Magistrate Judge Smyser)
                             :
UNITED STATES OF AMERICA,     :
          Respondent,        :
                             :

**FILED**
**HARRISBURG**

MAR 0 1 2001

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO VACATE PETITION FOR HEBEAS CORPUS**

In reply to the Government's response to Petitioner's
Motion brought under 28 U.S.C. §2241, Petitioner relys on the
points and authorities and appendix of documents contained in his
initial Motion filed pursuant to 28 U.S.C. §2255 (transformed in-
to this instant 2241), and continues to strive and resolve the
ambiguity within the record of these instant matters, and give
scope to a correct and authoritative pronouncement of the senten-
cing court.

The Bureau of Prisons (BOP), has improperly read and sub-
sequently confused the record regarding the facts of Petitioner's
initial arrest, presentence incarceration status, and the authori-
ty of the sentencing court to award, as part of the sentence, credit
for time served.  This error has resulted in the deprivation of 400
days presentence custody credit being with-held from Petitioner's
sentence, contrary to the intent of the sentencing court, in vio-
lation of the Constitution's Due Process Clause, and fundamental
principals of justice.

Petitioner's claim should be granted because he went as far

as he felt it was safe to go in his attempt to exhaust administrative remedies, and his sentence has not been properly calculated by the BOP.

## Statement of the Facts

On November 7, 1995, Petitioner was arrested by a joint robbery task force, consisting of D.C. Metropolitan Police, FBI Special Agents, and others, after a high speed chase from the Bank, and a subsequent car crash into a tree.  During the chase the Task Force did not know the identity of the Petitioner.  After the crash, Petitioner was transported to D.C. General Hospital for treatment, read or advised of his rights by Special Agent D. Condon, FBI, and officially charged with Bank Robbery pursuant to Title 18 §2113(a). The next morning, November 8, 1995, petitioner was presented to U.S. Magistrate Judge Alan Kay, United States District Court for the District of Columbia.  A Magistrate Complaint and Affidavit was filed against Petitioner and his co-defendant, Ms. Juana Demonia, and an Arrest Warrant was issued.  On November 9, 1995, the arrest warrant that was issued on November 8, 1995, was returned and executed as to Petitioner, and he was placed in temporary detention pending a hearing pursuant to the Bail Reform Act.

On November 15, 1995, per Magistrate Judge Kay, Petitioner was ordered held without bond and committed to the custody of the Attorney General.  On November 20, 1995, a Detention Memorandum was filed against the Petitioner.  Thirty days after Petitioner's arrest triggered the Sixth Amendment provisions of the Speedy Trial Act, on December 7, 1995, Petitioner was indicted in the U.S. District Court for the District of Columbia, charging him with nine counts of Bank Robbery, 18 U.S.C. §2113(a).

On November 22, 1995, Petitioner was sentenced in D.C. Superior Court to a total of 450 days on unrelated D.C. Code violations.  At the time of the D.C. Code sentence, Petitioner was being housed in D.C. Jail under a federal detention order, and was subsequently removed to a D.C. Department of Corrections (DCDC) Correctional Facility to await trial on his federal offense and serve his 450 day D.C. Code sentence.

On May 2, 1996, Petitioner was sentenced in the U.D. District Court for the District of Columbia to a 151 - month term of imprisononment, with a five year term of supervised release. Petitioner "expriated" his 450-day D.C. sentence on December 17, 1996, with a 50-day reduction by the Emergency Powers Act (EPA). (Gov. Ex. 13, D.C. Face Sheet).  He was then transferred by U.S. Marshals to begin his federal sentence.  (Petit. Ex. 1, p.5,Diagram).

Petitioner brought a §2255 claim challenging his sentence and was resentenced on September 30, 1997.  (Petit. Ex.2,p.8). The sentencing Judge made several significant changes; he was resentenced to a 151 - month term of imprisonment with a two year reduction of supervised release (3 years as opposed to the original 5 years), and "credit for all time served."  (Petit. App. 3,p.17).

---

EXHIBITS:

Petit. Ex., refers to Petitioner's attached Exhibits.

Gov. Ex., refers to Government Exhibits attached to their response.

Petit. App., refers to the Appendix attached to Petitioner's initial §2255 Motion.

Petit. I. Motion, refers to Petitioners initial §2255 Motion.

On October 7, 1999, Petitioner filed a §2255 Motion, initiating these instant matters, (Petit. Ex. 2, pp. 9-10). The sentencing court ORDERED the judgment and commitment changed to reflect its 3 year supervised release sentence, and ORDERED the government to respond regarding error in the computation of the sentence by the BOP. (Petit. Ex. 3).

### ARGUMENT

I.  **THE HABEAS PETITION SHOULD NOT BE DISMISSED IN THAT PETITIONER SOUGHT REMEDY AND WAS PERSUADED BY BOP STAFF MEMBERS THAT FURTHER PURSUIT WOULD BE FUTILE.**

On or about April 2, 1997, Petitioner filed an Inmate Request to the Inmate Systems Manager's Office for prior custody credit. At that time, Petitioner had not been resentenced and "credit for time served" was not reflected on his judgment and commitment order. However, the response Petitioner received from the staff member was so illogically spoken that it had to be an attempt at humor or a mean and blatant obfuscation of the record. (See Gov. Ex. 5 or Petit. App. 13-1,2). Petitioner was arrested on November 7, 1995, for Bank Robbery, and it was inconceivable for the Systems Manager's Office to be honestly unclear anyones record in U.S.P. Allenwood. Yet, the state offenses mentioned in Gov. Ex. 5, paragraph 2, as Robbery Fear, is in fact the self same instant Bank Robbery by intimidation. (Petit. App. 7-1 and Petit. App. 8). The third paragraph goes on to mention three minor D.C. offenses that are written and made to appear Petitioner was first arrested by D.C. authorities for these D.C. offenses on November 7, 1995, and therefore, giving D.C. primary jurisdiction, but the Robbery Fear, that is clearly not a D.C. offense, is no longer mentioned. The Robbery Fear (intimidation), that is Federal, gives

(4)

the U.S. District Court for the District of Columbia, its D.C.
Federal authorities, and its "federal detention order," primary
jurisdiction from November 7, 1995, the day of Petitioner's
initial arrest for Title 18 U.S.C. §2113(a).  The U.S. District
Court never relinquished their custody.

After numerous conversations, attempting to explain to
staff at U.S.P. Allenwood that their interpretation of the record
was "wrong," Petitioner tried to file the appropriate form to go
to the next administrative level, but was told that "it might be
a good idea to leave it alone," and, "people have lost good time
for making a nuisance of themselves and filing frivolous paper-
work that is a waste of time."  Petitioner took the tone of voive
and the demeanor of the various staff members as a warning.  Be-
cause Petitioner was thwarted in his attempts to pursue a remedy,
his petition should not be dismissed.  He petitions the Court to
make a factual finding on primary jurisdiction as it applies to
this case, correct the record, and in the interest of Justice,
grant Petitioner the right to serve his sentence of 151- months,
no more, as the sentencing court intended.

## II. PETITIONER'S SENTENCING CALCULATION CLAIM SHOULD BE GRANTED WHERE THE BUREAU OF PRISONS HAS MISCONSTRUED THE RECORD AND ERRONEOUSLY CALCULATED HIS SENTENCE.

The sentencing court did not make a hypothetical sentencing calculation. In view of the courts opportunity to sentence Petitioner twice, on the second occasion reducing supervised release from 5 years to 3 years, and specifically awarding "credit for time served," it is evident the court considered the applicable statutory sentencing factors and was cognizant of the germane information it needed to achieve a reasonable punishment for the offense involved and made its determination on that basis.

By specifying petitioner's sentence to have commenced on December 17, 1996, the BOP did not credit petitioner for the 400-days time period he spent under federal control pursuant to the "detention order" issued by the U.S. District Court on 11-8-95, one day after his arrest. This was despite the sentencing court pronouncement at sentencing and its direction in the judgment and commitment and sentence that credit be awarded for "time served." See Rios v Wiley, 201 F.3d 257,261 (3rd cir 2000.)

First the court must ascertain the meaning that it should ascribe to the sentencing court's directive that petitioner be givien credit for time served. The actual sentence petitioner received was 151 months total. The BOP's deprivation of petitioner's 400-days has resulted in a combined sentence of 151 months plus 400 days.

A significant refusal to recognize an award by the court of "meaningful credit" has resulted in an unlawful increase in petitioner' sentence by the BOP.See <u>Brown v Perrill</u>, 28 F3d 1073,1075-76 (10th cir 1994)( (we are concerned here not with the granting of a credit but rather with the increase in the term by a withdrawal of a credit).

As part of the courts review of sentence calculation it must reach a conclusion concerning the meaning of the sentencing courts word as it pronounced sentence. See <u>Rios v wiley</u>, 201 F3d 257, 268-69(3rd ci 2000) ( citing <u>U.S. v Margiotti</u>,85 F3d 100,105 (2d cir 1996) ("section 5G1.3(c) simply does not require the use of any particular verbal formula or incantation.") (citing <u>U.S. v Mc Cormick</u>, 58 f3d 874, 878 (2d cir 1995), and <u>U.S. v Saldana</u>,109 F3d 100,104 (1st cir. 1997).

Primary federal costodial jurisdiction was never relinguished in this case,See <u>U.S. v Smith</u>,812 F.Supp 368,371-374(E.D.N.Y. 1993) (citing cases), and <u>U.S. v Dowdle</u>,217 F3d 610,611 (8th cir 2000) ( Sovereign that first arrested defendant convicted of crime in both state and federal court,had primary jurisdiction.)

Unlike <u>Wilson</u>, <u>U.S. v Wilson</u>,503 U.S. 329, 112 S.ct.1351,117 L.ed.2d 593, 598(1992), who was first arrested by Tennessee authorities and had presentence state custody,and unlike <u>Rios</u>, See <u>Rios v Wiley</u>, 29 F.Supp,2d 232,233 (M.D.Pa.1998),who was first arrested on New York State charges and had presentence state custody, Petitioner was first arrested by D.C federal authorities and remained without relinquishment under a federal detention order from the day of arrest on November 7, 1995, until he was transferred from his D.C. detention facility on December 17,1996, to begin his federal sentence.

_____(Petit. Ex, 4&5, note: item 42- lists the assisting D.C. office

and item 43- lists officer Dennis Condon, FBI, advising of rights and

making arrest). The sentencing court recognized petitioner's first

arrest pursuant to federal charges in its November 30, 1999, ORDER.

(Petit Ex. 3,p.1,2d paragraph).

This case is not about double credit, it is about which court,

D.C. or U.S., first assumed jurisdiction over Petitioner and maintaine

and exercised that jurisdiction to the exclusion of the other. See

Penn General Casualty Co, v Pennsylvania, 294 U.S. 189, 195 79 L.ed.85

The Bail Reform Act of 1984 provides a federal court with two

choices when dealing with a criminal defendant who has been "charged

with an offense" and is awaiting trial, 18 U.S.C. § 3142 (a) .....

The court may either (1) "release" the defendant on bail, or (2)

order him "detained" without bail. A court may "release" the a defenda

subject to a variety of restrictive conditions..... If, however, the

court "finds that no condition or combination of condition will

reasonably assure theappearance of the person as required and the

safety of any other person and the community," § 3142 (e), the court

"shall order the detention of the person directing  that the person

be committed to the custody of the Attorney General for confinement

in a correction facility." § 3142 (1) (2).  (Petit.App,11). Thus,

under the language of the Bail Reform Act of 1984, a defendant suffers

"detention" only when committed to the custody of the Attorney General

See Rodriquez v Jamer,60 F3d 745, 748 (11th cir 1995) (quoting

Reno v Koray 515 U.S. 50, 132 L.ed2d 46, 115 S.Ct 2021, 2028-29 (1995)

(8)

The district court has power to issue time served credit under 18 U.S.C. § 3585 (b) and the sentencing judge deemed he had an obligation to do so, where he was aware that all of Petitioner's presentence time was spent in federal official detention. Estate of Cowart v Nicklas Drilling Co,505 U.S. 469, 479, 120 L.ed2d 379, 112 S.ct. 2589 (1992) (the basic canon of statutory construction is that identical terms within an Act bear the same meaning").

Credit for time spent in "official detention" under § 3585 (b) is available only to those defendants who were detained in a "Penal or Correctional facility, § 3621 (b), and who were subject to BOP control, See Reno v Koray,515 U.S. 50, 58 132 L.ed2d 46, 55, 115 S.ct. 201 (1995).

Finally, Petitioner's federal offense and subsequent federal arrest triggered the Sixth Amendment provision of the Speedy Trial Act as only a federal offense can. 18 U.S.C. § 3161 (b) See U.S. v Mills, 964 F2d 1186,1190 (D.C. cir. 1992), Petitioner was arrested on November 1995, and indicted in U.S. District Court for the District of Columbia on December 7,1995. Within thirty days.

## CONCLUSION

For the reasons foregoing, and any others that may appear to the court, the habeas Petition should be granted and Petitioner should receive all credit for time served against his federal sentence,from his "official detention" at the outset of his incarceration on November 7, 1995, until his transfer to U.S.P. Allenwood on Decmber 17,1995. A total of 400 days.

Respectfully Submitted

Samuel B. Moore-Bey,
Petitioner Pro Se
Reg. No. #09644-050
F.C.I.-Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

## CERTIFICATE OF SERVICE

I certify that I have caused to be forwarded, by
United States Certified Mail, Return Receipt Requested,
the original and two (2) copies of my Motion in Reply to
Government's Response To Petitioner's Petition For Habeas
Corpus, to the Clerk of the Court for the Middle District
of Pennsylvania, U.S. Courthouse, 228 Walnut Street, P.O.
Box 983, Harrisburg, PA 17108, to be served on all in-
terested parties in these instant matters, on this _26th_
day of February, 2001.

_S. Moore Bey_
Samuel B. Moore-Bey,
Petitioner Pro Se

(10)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

JAN 2 7 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,       )
                                )
        v.                      )
                                )   Civil Action No. 99-2680 (SS)
SAMUEL B. MOORE-BEY,            )   Crim. Action No. 95-319 (SS)
                                )
        Defendant.              )
                                )

*Exhibit*

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

In reply to the Government's Response to Defendant's Motion under 28 U.S.C. § 2255 to vacate, set aside or CORRECT his sentence, Defendant essentially strives to resolve the ambiguity within the record, attain clarity, correctly frame the issue, give scope to an authoritative pronouncement of the Court, and receive the relief he seeks.

The Court has jurisdiction to hear Defendant's 2255 Motion in its entirety, and to Correct the implementation of the judgment of the Court by the Bureau of Prisons (BOP), where a misinterpretation of the facts of Defendant's arrest, pre-sentence incarceration status, and the intention of the U.S. District Court's sentence, has resulted in the deprivation of 400-days pre-trial custody credit, contrary to the fundamental principals of justice and the notion of comity.

### JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1291, and 18 U.S.C. § 3553, whereby, the information in the record ably allowed the Court to exercise its sentencing authority meaningfully.

### SUMMARY OF ARGUMENT

Defendant does not claim that an illegal sentence was initially imposed. Rather, a correct federal costodial sentence and a correct credit for pre-trial

(Petit. Ex. 1)

custody was additionally imposed to constitute the entire sentence (APP.3,p.17).[1]
Any intervening action by the D.C.Superion Court concerning the amount of punish-
ment for any D.C. offense the Defendant may have committed was purely a matter of
D.C. concern.  A concern subservient to the sovereignty and primary judicial
power of the U.S. District Court.

The BOP has obfuscated the record of these instant matters, erroneously in-
terpreted Defendant's Criminal Docket for this current conviction, misconstrued
his PSI and FBI Rap Sheet, to conclude that he was initially arrested by the
Washington Metropolitan Police Department for D. C. Superior Court offenses. Sub-
sequently, giving D.C. erroneous priority of jurisdiction, and thus, calculating
Defendant's pre-sentence custody time based on misconceptions (APP. 13-1).  De-
fendant's argument in his initial 2255 Motion To Correct His Sentence, serves to
illuminate the BOP's erroneous conclusions regarding who first arrested him(ju-
dicial priority), and for what charges he was initially officially detained (18
U.S.C. § 2113(a)).

The BOP has implemented and misapplied the judgment of the Court to Defendant.
Consequently, he is compelled to appreciate the execution of his sentence minus
credit for time served, contrary to the pronouncement of the Court.  The Court
has, in its discretion, the authority to impose as part of the Defendant's sentence,
credit for time served.

The BOP wrongfully deprived, and the Court appropriatly imposed credit for
time served, in this instant case, where "official detention" (custody) and priority
of jurisdiction belonged exclusively and uninterrupted, to the U.S. District Court,
from the day Defendant was arrested, 11-7-95, and charged with 18 U.S.C. § 2113(a);
until the present.

---

1. "APP." refers to the Appendix attached to Defendant's initial 2255 Motion.

2.

The D.C. Superior Court was afforded limited jurisdiction, by the U.S. District Court, to sentence Defendant on his unrelated D.C. charge, house him in D.C. facilities, "on loan" from the District Court, until such time the District Court completed the adjudication of its case. A correct federal sentence, including a correct credit for pre-trial custody, was imposed. The intervening action by the D.C. sovereign regarding the computation of the unrelated D.C. sentence was accomplished within the territorial sovereignty of the Distrce Court, whose prior right acquired by first arrest continued unchanged, since the federal government never relinquished its custody and primary jurisdiction. Under the inviolable rules of comity, which are reciprocal, the District Court could not be deprived of Defendant's custody until through with him.

## ARGUMENT

While the Defendant , a pro se litigant, with whom the experience of these instant circumstances and events are well-defined and decipherable, finds the deprivation of his 400-days credit incredible in the face of a record that is, to him, clear and pellucid, he nevertheless, prays the Court to exercise authority and Correct an on-going miscarriage of justice, where the BOP has misapplied the implementation of the judgment of the Court.

Before Defendant can rightfully perform or began the execution of his sentence it must first be carried into effect, implemented by the BOP, in a mode and manner not inconsistant with the oral pronouncement of the Court. No guess work, but the true intent, at the imposition of the entire sentence by the Court. Here, 400-days have been lost in the transition between sentencing, implementation and the execution or service of the sentence by the Defendant.

The BOP should not be allowed to say "opps" and wipe clean a slate on which more than 13 months have been written. The appurtenance of the 400-days to Defend-

3.

ant's sentence will not release a convicted criminal into society with his
debt still outstanding, but rather, in the interest of justice, shall allow
him to serve the entire sentence as imposed by the Court, no more and no less.
See: Luther v. Vanyur, 14 F.Supp.2d 773,779(E.D.N.Y.1997).

Where there is a direct conflict between a judge's unambiguous oral pro-
nouncement of sentence and the written judgment, the oral pronouncement must
control, even if erroneous.  U.S. v. Buchanan, 59 F.3d 914(9th Cir.1995).  In
this case, there is no such conflict.  The judge's oral and written judgment
are consistant (APP. 4-2).

Defendant's initial arrest and the establishment of "official detention
status" by the U.S. District Court is thoroughly documented in Defendant's
2255 Motion and Appendix (APP. 7 thru 12).  The forbearance which courts of
co-ordinate jurisdiction, administered under a single system, exercise towards
each other, whereby conflicts are avoided, by avoiding interference with the
process of each other, is a principal of comity, with perhaps no higher sanct-
ion than the utility which comes from concord; but between state courts and
those of the United States, it is something more.  It is a principal of right
and of law, and therefore, of necessity.  Covell v. Heyman, 111 U.S. 176, 28
L.Ed. 390.

Key to this instant issue is the prior right acquired by first arrest.
D.C. Superior Court was withdrawn from the primary judicial power of the U.S.
District Court.  The D.C. sentence was imposed after the determination of
"official detention" (priority of custody) by the U.S. District Court, and when
Defendant was sentenced by D.C., 15-days after his federal arrest, even though
Defendant was housed within a D.C. facility, he was "on loan status" to the re-
ceiving jurisdiction of D.C., and whether express or implied, D.C. was given
only the jurisdiction needed to sentence Defendant by the consent of the U.S.

District Court (See: Diagram #1 , below).  Thereby, leaving the federal

jurisdiction intact, and the federal sovereignty uninterrupted.  <u>Ponzi</u> v.

<u>Fessenden</u>, 258  U.S. 254, 66 L.Ed. 607;  and, <u>Zerbst</u> v. <u>McPike</u>, 97 F.2d 253.



FEDERAL SRA
ARREST FOR
18 § 2113(a)
ON: 11-7-95

FEDERAL SRA
SENTENCE IM-
POSED ON
5-2-96

FEDERAL SE...
SENTENCE ...
GINS 12-17-
RECEIVE 1-...
CREDIT SRA

15-DAYS

UNRELATED D.C. SENTENCE
BEGINS ON 11-22-95.

D.C. S...
EXPIRE...
12-17-...
TURNE...
TO SRA

**DIAGRAM #1**

The fact that there was an outstanding warrant for Defendant by the D.C.

Superior Court at the time he was arrested by federal authorities for federal

charges, in no way jeopardized the primary judicial power of the U.S. District

Court.  <u>Penn General Casualty Co.</u> v. <u>Pennsylvania</u>, 294 U.S. 189,195, 79 L.Ed. 850

(When state and federal courts each proceed against the same res, "the court first

assuming jurisdiction over the property may maintain and exercise that jurisdict-

ion to the exclusion of the other").

5.

If Defendant escapes, is released on bail or probation or parole and does not present himself in Court, the proceedings must, in strict construction, cease. The only method by which the tribunal may reassert jurisdiction is by "arrest." In the meantime, if the accused comes within the territorial jurisdiction of another sovereign, the latter may seize his body and continue him in physical custody if he be accused of an offense against the peace and dignity there of. Herbert v. State of Louisiana, 272 U.S. 312, 71 L.Ed. 270.

Analysis of opinions upon the subject indicates that the "rule of comity," spoken of in the arguments in this case, means nothing more than voluntary consent of the officials or courts who have jurisdiction over the accused given to another court or sovereign to proceed against the accused in a different forum. The power lay with the courts or officials who had possession of the body... Where the body of the accused is in manual possession of one sovereign, surrender can be obtained by another such soverign only by consent of the first or by force. The latter is unthinkable. Strand v. Schmittroth, 251 F.2d 590 (9th Cir.1957); U.S. v. Warren, 610 F.2d 680, 84-85(9th Cir.1980)(A lack of "primary jurisdiction" does not mean that a sovereign does not have jurisdiction over a defendant. It simply means that the sovereign lacks priority of jurisdiction for purposes of trial, sentencing and incarceration.); Roche v. Sizer, 675 F.2d 507(2d Cir.1982); Clark v. Floyd, 80 F.3d 371(9th Cir.1996).

## CONCLUSION

Wherefore, the Court has jurisdiction to hear Defendant's Motion in its entirety, to clarify and to Correct the misapplication of the imposition of its sentence by the BOP. For these reasons, and any others that may appear to the Court, Defendant should receive all credit for time served and earned against his current federal sentence, from his "official detention" at the outset of his

6.

incarceration on November 7, 1995, subsequent to his arrest by federal authorities, until his transfer to the BOP on December 17, 1996.  A total of 400-days.

Respectfully submitted,

Samuel B. Moore-Bey, Defendant Pro Se
Reg. No. #09644-050
FCI - Schuylkill
P.O. Box 759
Minersville, PA  17954-0759

## CERTIFICATE OF SERVICE

I certify that I have caused to be forwarded, by certified mail, the original and two copies of my Reply To The Government's Response To My 2255 Motion To Vacate, Set Aside Or Correct Sentence, to the Office of the Clerk of the Court for the District of Columbia, U.S. Courthouse, 3rd & Constitution Ave., N.W., Washington, D.C. 20001, to be served on all interested parties in this matter, on this _14th_ day of January, 2000.

Samuel B. Moore-Bey, Defendant Pro Se

7.

Proceedings include all events.    *Crim. Docket for case # 95-CR-319*    CAT B
1:95cr319-ALL USA v. MOORE

PRIOR

11/8/95   1       MAGISTRATE COMPLAINT and Affidavit filed against SAMUEL
                  BERTRELL MOORE, JUANA DEMONIA  in violation of 18:2113(a)
                  and 2.
                  [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

11/8/95   --      ARREST WARRANT ISSUED  by Magistrate Judge Alan Kay  for
                  SAMUEL BERTRELL MOORE, JUANA DEMONIA .
                  [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

11/9/95   --      DEFENDANT SAMUEL BERTRELL MOORE arrested.
                  [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

11/9/95   2       WARRANT returned executed as to SAMUEL BERTRELL MOORE  on
                  11/9/95 .  Return on  arrest warrant issued 11/08/95.
                  [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

11/9/95   --      ARRAIGNMENT on magistrate complaint for SAMUEL BERTRELL
                  MOORE held  before Magistrate Judge Alan Kay : Attorney
                  appearance for SAMUEL BERTRELL MOORE by Reita Pauline
                  Pendry. Preliminary/Detention hearing set for 9:30 11/15/95
                  for SAMUEL BERTRELL MOORE, for JUANA DEMONIA. Defendant
                  JUANA DEMONIA did not appear. Defendant JUANA DEMONIA in
                  hospital. Defendant MOORE committed/commitment issued.
                  [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

11/9/95   3       ORDER by Magistrate Judge Alan Kay  as to SAMUEL BERTRELL
                  MOORE : of temporary detention pending hearing pursuant to
                  Bail Reform Act   (N)
                  [ 1:95-m -681 ] (gdf) [Entry date 11/13/95]

11/15/95  --      PRELIMINARY HEARING  before Magistrate Judge Alan Kay as to
                  SAMUEL BERTRELL MOORE, JUANA DEMONIA : Control hearing on
                  (10 day hold) set for 9:30 a.m. on 11/17/95 for JUANA
                  DEMONIA. Defendants committed/commitment issued. Court
                  Reporter: Pro Typists, Inc.
                  [ 1:95-m -681 ] (gdf) [Entry date 11/16/95]

11/15/95  --      DEFENDANT(S) SAMUEL BERTRELL MOORE, JUANA DEMONIA  ordered
                  held without bond  by Magistrate Judge Alan Kay .
                  [ 1:95-m -681 ] (gdf) [Entry date 11/16/95]

11/15/95  8       ORDER   by Magistrate Judge Alan Kay  as to SAMUEL BERTRELL
                  MOORE : committing defendant to the custody of the U.S.
                  Attorney General.   (N)
                  [ 1:95-m -681 ] (gdf) [Entry date 11/16/95]

11/15/95  9       ATTORNEY APPEARANCE  for SAMUEL BERTRELL MOORE by Reita
                  Pendry
                  [ 1:95-m -681 ] (gdf) [Entry date 11/22/95]

(Petit. Ex. 2)

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE
                                                                   PRIOR

11/17/95 --    BOND HEARING before Magistrate Judge Alan Kay as to JUANA
               DEMONIA:Bond set to Work Release. SAMUEL BERTRELL MOORE,
               JUANA DEMONIA ordered held for the Grand Jury - probable
               cause shown. Court directs that the 10 day Hold be
               terminated. Further, Probable cause found as to defendant
               #1 Samuel Moore and defendant #2 Juana Demonia on 11/15/95.
               Hold for Grand Jury. Reporter: Pro-Typists, Inc.
               [ 1:95-m -681 ] (gdf) [Entry date 11/27/95]

11/20/95 11    DETENTION MEMORANDUM  by Magistrate Judge Alan Kay as to
               SAMUEL BERTRELL MOORE .   (N)
               [ 1:95-m -681 ] (gdf) [Entry date 11/27/95]

12/7/95 12     INDICTMENT filed against  SAMUEL BERTRELL MOORE (1)
               count(s) 1-9 (mlp) [Entry date 12/11/95]

12/7/95 --     CASE ASSIGNED  to Judge Stanley Sporkin  as to SAMUEL
               BERTRELL MOORE . (mlp) [Entry date 12/11/95]

12/7/95 --     Attorney representation for USA  by Stephen Pierce Anthony.
               (mlp) [Entry date 12/11/95]

12/7/95 --     PDID AND DATE OF BIRTH for SAMUEL BERTRELL MOORE :  PDID #:
               194509 DOB: 04/11/45 (mlp) [Entry date 12/11/95]

12/19/95 --    ARRAIGNMENT held  before Judge Stanley Sporkin  as to ,
               SAMUEL BERTRELL MOORE (1) counts 1-9:  Plea not guilty
               entered by SAMUEL BERTRELL MOORE (1) count(s) 1-9 .,
               Trial set for 10:00 2/5/96 for SAMUEL BERTRELL MOORE .
               Motion hearing set for 2:30 1/29/96 for SAMUEL BERTRELL
               MOORE . Motions due by 1/10/96 for SAMUEL BERTRELL MOORE
               ., Defendant committed/commitment issued.    Reporter:
               Beverly Byrne (mlp) [Entry date 12/22/95]

12/19/95 14    ORDER by Judge Stanley Sporkin  as to SAMUEL BERTRELL
               MOORE: directing defendant to appear in a line-up at 12:00
               noon on 1/3/96. (N) (mlp) [Entry date 01/02/96]

12/26/95 13    MOTION filed by SAMUEL BERTRELL MOORE to dismiss count(s)
               as to SAMUEL BERTRELL MOORE (1) count(s) cmp, 1-9
               attachments. (mln) [Entry date 12/26/95]

2/1/96 --      STATUS HEARING before Judge Stanley Sporkin  as to SAMUEL
               BERTRELL MOORE: Plea not guilty withdrawn as to SAMUEL
               BERTRELL MOORE (1) counts 1-2, 5-7, 9. Plea guilty
               entered by SAMUEL BERTRELL MOORE 1 count(s) 1-2, 5-7, 9 .
                SAMUEL BERTRELL MOORE  referred for pre-sentence
               investigation report. Sentence set for 10:00 4/16/96 for
               SAMUEL BERTRELL MOORE. Defendant committed/commitment
               issued.    Reporter: Theresa Sorensen (mlp)
               [Entry date 02/05/96]

2/1/96   15    WAIVER of Trial by Jury as to SAMUEL BERTRELL MOORE .
               Approved by Judge Stanley Sporkin . (mlp)

Docket as of October 6, 2000 12:16 pm                  Page 5

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE

PRIOR

                    [Entry date 02/05/96]

2/1/96    16        PLEA AGREEMENT filed as to SAMUEL BERTRELL MOORE . (mlp)
                    [Entry date 02/05/96]

5/1/96    17        MEMORANDUM IN AID OF SENTENCING filed by defendant SAMUEL
                    BERTRELL MOORE; Exhibits (3) (kk) [Entry date 05/02/96]

5/2/96    --        SENTENCING by Judge Stanley Sporkin for SAMUEL BERTRELL
                    MOORE (1) Count(s) 1 : Defendant Sentenced to One Hundred
                    Fifty-One (151) Months Incarceration; Three (3) Years
                    Supervised Release; Fifty Dollars ($50.00) Special
                    Assessment; Count(s) 2 : Defendant Sentenced to One Hundred
                    Fifty-One (151) Months Incarceration, to run concurrently;
                    Two (2) Years Supervised Release, to be served
                    consecutively; Fifty Dollars ($50.00) Special Assessment;
                    Count(s) 5-7, 9 : Defendant Sentenced to One Hundred
                    Fifty-One (151) Months Incarceration, to run concurrently;
                    Three (3) Years Supervised Release on each count, to be
                    served concurrently with each other, and with the terms
                    imposed on Counts 1 and 2; Fifty Dollars ($50.00) Special
                    Assessment on each count, for a total Special Assessment of
                    Three Hundred Dollars ($300.00); Count(s) 3-4 and 8
                    dismissed on oral motion by USA; Defendant
                    committed/commitment issued Court Reporter: Beverly Byrne
                    (kk) [Entry date 05/07/96]

5/2/96    18        RECEIPT and Acknowledgment of Presentence Investigation
                    Report by USA as to SAMUEL BERTRELL MOORE. (kk)
                    [Entry date 05/07/96]

5/2/96    19        RECEIPT and Acknowledgment of Presentence Investigation
                    Report by SAMUEL BERTRELL MOORE. (kk) [Entry date 05/07/96]

5/9/96    20        JUDGMENT and Commitment issued by Judge Stanley Sporkin as
                    to SAMUEL BERTRELL MOORE. (kk) [Entry date 05/15/96]

7/15/96   21        ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                    MOORE authorizing transcript of proceeding held on 5/2/96.
                    Signed: 7/11/96.  Reporter: Beverly Byrne. (mln)
                    [Entry date 07/16/96]

7/17/96   22        TRANSMITTED supplemental record on as to SAMUEL BERTRELL
                    MOORE ; Consisting of: Copy of CJA 24 ordering Transcript
                    on Appeal,. (mln) [Entry date 07/17/96]

9/18/96   23        TRANSCRIPT filed as to SAMUEL BERTRELL MOORE  for date of
                    5/2/96.  Reporter: Beverly Byrne (mln) [Entry date 09/19/96]

5/6/97    24        APPLICATION filed by defendant SAMUEL BERTRELL MOORE to
                    proceed in forma pauperis Location of Dft: USP, Allenwood,
                    P.O. Box 3000, White Deer, PA 17887 (kk)
                    [Entry date 05/12/97]

Docket as of October 6, 2000 12:16 pm                    Page 6

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE

                                                                    PRIOR

5/6/97    25        MOTION filed by defendant SAMUEL BERTRELL MOORE to vacate,
                    set aside or correct sentence pursuant to 28 USC 2255,
                    referencing count(s) 1, 2, 5-7, 9 (Civil Case No: 97-990
                    (SS)) (kk) [Entry date 05/12/97]

5/6/97    26        APPLICATION filed by defendant SAMUEL BERTRELL MOORE to
                    proceed in forma pauperis . Location of Dft:
                    USP-Allenwood, P.O. Box 3000, White Deer, PA 17887 (kk)
                    [Entry date 05/22/97]

5/20/97   --        ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                    : granting application by defendant SAMUEL BERTRELL MOORE
                    (1) to proceed in forma pauperis [26-1] (Fiat) (N) (kk)
                    [Entry date 05/22/97]

5/21/97   27        ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                    MOORE : directing the government to show cause within 60
                    days of service of defendant's 2255 motion as to why the
                    relief requested should not be granted. (N) (mlp)
                    [Entry date 06/03/97]

5/27/97   28        RESPONSE  by plaintiff USA  in opposition to motion to
                    vacate, set aside or correct sentence pursuant to 28 USC
                    2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                    97-990 (SS)) [25-1] by SAMUEL BERTRELL MOORE . (mlp)
                    [Entry date 06/03/97]

6/2/97    29        ATTORNEY APPEARANCE for defendant SAMUEL BERTRELL MOORE by
                    Reita Pendry (kk) [Entry date 06/04/97]

6/5/97    30        ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                    : directing that the United States secure the transcript
                    of the defendant's sentencing, and file its final
                    opposition to defendant's 2255 motion (N) (kk)
                    [Entry date 06/11/97]

6/19/97   31        SUPPLEMENTAL SUBMISSION by the UNITED STATES as to SAMUEL
                    BERTRELL MOORE (gdf) [Entry date 06/23/97]

6/27/97   32        ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                    : granting motion by defendant SAMUEL BERTRELL MOORE (1) to
                    vacate, set aside or correct sentence pursuant to 28 USC
                    2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                    97-990 (SS)) [25-1]; Defendant's sentence is vacated;
                    Defendant shall be resentenced on 9/11/97 at 2:00 PM; The
                    Federal Public Defender shall appoint counsel to represent
                    defendant at the resentencing; The U.S. shall prepare a
                    writ of habeas corpus ad prosequendum to secure defendant's
                    attendance at the resentencing (N) (kk)
                    [Entry date 07/05/97]

Proceedings include all events.                                    CAT B
1:95cr319-ALL USA v. MOORE

                                                                   PRIOR
9/9/97    33      SUPPLEMENT by defendant SAMUEL BERTRELL MOORE to his motion
                  to vacate, set aside or correct sentence pursuant to 28 USC
                  2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                  97-990 (SS)) [25-1] (kk) [Entry date 09/09/97]

9/10/97   34      WRIT OF HABEAS CORPUS AD PROSEQUENDUM issued to Warden,
                  Allenwood, PA, for production of Samuel Moore, for hearing
                  on September 30, 1997, as to SAMUEL BERTRELL MOORE .
                  Ordered by Judge Stanley Sporkin . (lkn)
                  [Entry date 09/11/97]

9/30/97   --      RESENTENCING before Judge Stanley Sporkin for SAMUEL
                  BERTRELL MOORE (1) : Motion by defendant SAMUEL BERTRELL
                  MOORE (1) to vacate sentence, denied. Sentence of 5/2/96
                  reimposed. COUNT 1 : DEFENDANT RESENTENCED to identical
                  sentence imposed on 5/2/96, with credit for time served.
                  (Defendant Sentenced to One Hundred Fifty-One (151) Months
                  Incarceration; Three (3) Years Supervised Release; Fifty
                  Dollars ($50.00) Special Assessment.) COUNT 2 : DEFENDANT
                  RESENTENCED to identical sentence imposed on 5/2/96, with
                  credit for time served. (Defendant Sentenced to One Hundred
                  Fifty-One (151) Months Incarceration, to run concurrently;
                  Two (2) Years Supervised Release, to be served
                  consecutively; Fifty Dollars ($50.00) Special Assessment.)
                  COUNTS 5-7, 9 : DEFENDANT RESENTENCED to identical sentence
                  imposed on 5/2/96, with credit for time served. (Defendant
                  Sentenced to One Hundred Fifty-One (151) Months
                  Incarceration, to run concurrently; Three (3) Years
                  Supervised Release on each count, to be served concurrently
                  with each other, and with the terms imposed on Counts 1 and
                  2; Fifty Dollars ($50.00) Special Assessment on each
                  count.) Total Special Assessment of Three Hundred Dollars
                  ($300.00). Defendant committed/commitment issued.
                  Reporter: Beverly Byrne (kk) [Entry date 10/07/97]

10/2/97   35      NOTICE OF APPEAL filed by defendant SAMUEL BERTRELL MOORE
                  from Court's oral sentence imposed on 9/30/97 and entered
                  on 10/7/97. Appeal references SAMUEL BERTRELL MOORE (1),
                  count(s) 1, 2, 5-7, 9. Counsel and defendant notified.
                  Docketing statement received.  NO FEE: FPD (kk)
                  [Entry date 10/07/97]

10/6/97   37      ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                  MOORE authorizing transcript of proceeding held on
                  9/30/97. Signed: 10/3/97.  Reporter: Beverly Byrne. (mln)
                  [Entry date 10/08/97]

10/6/97   38      OPINION by Judge Stanley Sporkin as to SAMUEL BERTRELL
                  MOORE  (N) (kk) [Entry date 10/08/97]

Proceedings include all events.                              CAT B
1:95cr319-ALL USA v. MOORE

                                                                    PRIOR

10/6/97   39      ORDER by Judge Stanley Sporkin as to SAMUEL BERTRELL MOORE
                  : denying motion by defendant SAMUEL BERTRELL MOORE (1) to
                  vacate, set aside or correct sentence pursuant to 28 USC
                  2255, referencing count(s) 1, 2, 5-7, 9 (Civil Case No:
                  97-990 (SS)) [25-1] (N) (kk) [Entry date 10/08/97]

10/7/97   36      TRANSMITTED PRELIMINARY RECORD on appeal [35-1] by SAMUEL
                  BERTRELL MOORE to U.S. Court of Appeals and Counsel.
                  Docketing Statement attached. (kk) [Entry date 10/07/97]

10/8/97   40      JUDGMENT and Commitment issued  by Judge Stanley Sporkin as
                  to SAMUEL BERTRELL MOORE. (erd) [Entry date 10/10/97]

10/17/97  41      USCA # 97-3142 assigned for appeal [35-1] by SAMUEL
                  BERTRELL MOORE (erd) [Entry date 10/20/97]

1/15/98   42      TRANSCRIPT filed as to SAMUEL BERTRELL MOORE  for date of
                  09/30/97.  Reporter: Beverly J. Byrne (jmf)
                  [Entry date 01/16/98]

7/16/98   43      CERTIFIED COPY of Judgment filed in USCA, dated 5/22/98,
                  referencing  appeal [35-1]  as to SAMUEL BERTRELL MOORE
                  Affirming the judgment of USDC as to SAMUEL BERTRELL MOORE
                  (1) count(s) 5-7, 9, 1, 2.    USCA # 97-3142 (erd)
                  [Entry date 08/21/98]

9/9/98    44      ORDER  by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                  MOORE authorizing transcript of proceeding held on 2/1/96.
                  Signed: 9/8/98.  Reporter: Theresa Sorensen. (erd)
                  [Entry date 09/14/98]

10/7/99   45      APPLICATION filed by SAMUEL BERTRELL MOORE, 09644050 to
                  proceed in forma pauperis.  Location of Dft: FCI,
                  Schulylkill, P.O. Box 759, Minersville, PA  17954-0759. (erd)
                  [Entry date 10/13/99]

10/7/99   46      MOTION filed by SAMUEL BERTRELL MOORE to vacate, set aside
                  or correct sentence pursuant to 28:2255, referencing SAMUEL
                  BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No:
                  99-2680) (erd) [Entry date 10/13/99]

11/30/99  47      ORDER   by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                  MOORE: Response to 28 U.S.C. 2255 motion due by 12/15/99
                  for SAMUEL BERTRELL MOORE .   (N) (hsj) [Entry date 12/07/99]

12/15/99  48      RESPONSE by USA  to motion to vacate, set aside or correct
                  sentence pursuant to 28:2255, referencing SAMUEL BERTRELL
                  MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No: 99-2680)
                  [46-1] by SAMUEL BERTRELL MOORE (bjsp) [Entry date 12/29/99]

12/28/99  49      MOTION filed by SAMUEL BERTRELL MOORE Enlargment of time
                  to file his reply motion. (hsj) [Entry date 01/14/00]

Proceedings include all events.                            CAT B
1:95cr319-ALL USA v. MOORE

PRIOR

1/13/00    50    ORDER   by Judge Stanley Sporkin  as to SAMUEL BERTRELL
                 MOORE : granting motion Enlargment of time to file his
                 reply motion. [49-1] as to SAMUEL BERTRELL MOORE (1) Reply
                 to response to motion due by 2/1/00 for SAMUEL BERTRELL
                 MOORE .  (N) (hsj) [Entry date 02/01/00]

1/27/00    51    REPLY   by SAMUEL BERTRELL MOORE  to response to motion to
                 vacate, set aside or correct sentence pursuant to 28:2255,
                 referencing SAMUEL BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2
                 (Civil Case No: 99-2680) [46-1] by SAMUEL BERTRELL MOORE (ks)
                 [Entry date 02/07/00]

2/23/00    52    ORDER CASE REASSIGNED  from Judge Sporkin  to Judge Richard
                 W. Roberts  by direction of the Calendar Committee, as to
                 SAMUEL BERTRELL MOORE.  (N) (erd) [Entry date 03/01/00]

7/17/00    53    ORDER by Judge Richard W. Roberts as to SAMUEL BERTRELL
                 MOORE: granting in part motion to vacate, set aside or
                 correct sentence pursuant to 28:2255, referencing SAMUEL
                 BERTRELL MOORE (1) count(s) 5-7, 9, 1, 2 (Civil Case No:
                 99-2680) [46-1] as to SAMUEL BERTRELL MOORE. (1); the
                 Judgment & Commitment Order issued on 10/08/97 is AMENDED
                 so that page three of the Judgment and Commitment Order
                 shall state that the defendant shall be placed on a term of
                 supervised release for a term of three years on Count(s) 1,
                 2, 5, 6, 7 and 9, all count(s) to be served concurrently;
                 the defendant's motion to Vacate, Set Aside or Correct his
                 Sentence pursuant to 28 U.S.C. 2255 is TRANSFERRED to the
                 Middle District of Pennsylvania. (N) (su)
                 [Entry date 07/24/00]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

SAMUEL B. MOORE-BEY
                        Defendant.

Civil Action No.99-2680 (SS)
Criminal Action No. 95-319 (SS)

FILED

NOV 3 0 1999

NANCY MAYER ... ... ... CLERK
U.S. DISTRICT COURT

### ORDER

This matter is before the Court on defendant Samuel B. Moore-Bey's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On May 9, 1996 the defendant was sentenced to 151 months on Counts 1, 2, 5, 6, 7 and 9, fined a special assessment of $300 and placed on supervised release for a term of five years. After appealing his sentence based upon a claim he was not advised of his right to appeal he was resentenced. The terms of the resentencing were as follows: 151 months of incarceration on each count to run concurrently; a three year term of supervised release; and a special assessment of $300.

On October 7, 1999, Mr. Moore-Bey filed his current motion. Mr. Moore-Bey sets forth two grounds in support of said motion. (1) Error in the Computation of Sentence by the Bureau of Prisons; and (2) Clerical Mistake in Recording of the term of his Supervised Release. Mr. Moore-Bey was detained and arrested pursuant to federal charges. While in custody he was brought up on an unrelated District of Columbia charge and sentenced to jail for 450 days. In support of his first claim Mr. Moore-Bey claims he should have been credited for these 450 days because he was under the jurisdiction of the federal courts during that time. In support of his second claim Mr. Moore-Bey alleges that there is a clerical mistake in the judgment and

[N]

(Petit. Ex. 3)

47

commitment order. Specifically, he claims the court imposed a 3 year term of supervised release

at the resentencing. However, the judgment and commitment order refers to a 5 year period. The

transcript of the resentencing, attached to Mr. Moore-Bey's petition, confirms Mr. Moore-Bey's

allegation.

Section 2255 of Title 28 United States Code provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack , may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The statute goes on to state that, "[u]nless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to

be served upon the United States attorney."

Mr. Moore-Bey's allegations have been timely and properly brought under 28 U.S.C. §

2255. As the defendant may be entitled to some relief if his allegations prove to be true, Mr.

Moore-Bey's motion warrants further investigation. Accordingly, it is hereby

**ORDERED** that the U.S. Attorney file a response to Mr. Moore-Bey's 28 U.S.C. § 2255

Motion by December 15, 1999.

___11/3: '99___
Date

_____
Stanley Sporkin
United States District Judge

194509

**Washington, D.C.**

**ARREST/PROSECUTION REPORT**

P.D. 163 Rev. 6/94

| 3. DEFENDANT'S TRUE NAME - LAST, FIRST, MIDDLE (ID Only) | 4. CID NUMBER |
|---|---|

| 5. UNIT/ARREST NO. | 6. DEFENDANT'S NAME - LAST, FIRST, MIDDLE (At time of arrest) | 7. DEA LAB NUMBER |
|---|---|---|
| 099500895 | Moore, Samuel Bertrell | |

| 8. Arresting Officer's Name | 9. TYPE OF RELEASE | 10. NICKNAME / ALIAS | 11. PHONE NUMBER |
|---|---|---|---|
| McGregor, Hayward | ☐ CITATION ☐ BOND ☐ COLLATERAL | ▶ "Sam" | |

| Rank | Badge # | Agency | 12. COURT DATE | 13. ADDRESS (Include Room / Apt No. City and State if Outside D.C.) | 14. TIME IN D.C. |
|---|---|---|---|---|---|
| Ofc. | 3668 | MPD/1D | ▶ UNK. | | LIFE |

| 15. ☐ CHILD ABUSE | ☐ GANG | ☐ HATE | ☐ SENIOR CITIZEN | ☐ DOMESTIC VIOLENCE | 16. SEX | 17. RACE | 18. BIRTHDATE | 19. SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|---|
| | | SPECIAL INTELLIGENCE | | | ▶ M | ▶ B | ▶4-11-45 | 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 |

| 20. NEED INTERPRETER | 21. HEIGHT | 22. WEIGHT | 23. HAIR | 24. EYES | 25. COMPLEX. | 26. PERMIT NO/ST | 27. BIRTHPLACE (City & State) |
|---|---|---|---|---|---|---|---|
| Yes ☐ No ☒ | 5'6" | 150 | brn. | brn. | med. | | Washington, D. C. |

| 28. ▶ CO-DEFENDANTS  Number ___ (If more than 3, list on back) | 29. IMPERSONATOR? | 30. ETHNICITY | 31. CAUTION |
|---|---|---|---|
| NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | M     F | | |

1. Juana Damonia  2346 Pitts Pl. S.E.

| 32. SCARS/MARKS/TATTOOS |
|---|

2.

| 33. HAT | 34. JACKET | 35. PANTS |
|---|---|---|

3.

| 36. COAT | 37. SHIRT | 38. SKIRT/DRESS |
|---|---|---|

### 39. WALES/NCIC CHECK

| CHECK MADE BY (Name) | NCIC NUMBER | WARRANT ON FILE (If Yes, enter Warrant Number(s).) |
|---|---|---|
| Det. Johnson, A | 97376 | Yes ☒  No ☐  M1673494/US 95-0681M-01-01 |

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) | DATE OF OFFENSE | TIME OF OFFENSE |
|---|---|---|
| ▶ 300 Pennsylvania Ave., S.E. | ▶ 11-7-95 | ▶ 1245 |

| 41. LOCATION OF ARREST (Exact Address, include Room / Apt No.) | DATE OF ARREST | TIME OF ARREST |
|---|---|---|
| ▶ 18th and 'V' Streets, S. E. | ▶ 11-7-95 | ▶ 1300 |

| 42. ASSISTING OFFICER'S NAME, BADGE NO. & UNIT OR AGENCY | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY |
|---|---|
| ▶ Det. Johnson, Anthony/#332/STB-MPD | ▶ Det. Russell, Gail S./D295/STB-MPD |

### 43. DEFENDANT ADVISED OF RIGHTS

| DATE | TIME | LOCATION | OFFICER'S NAME - ADVISING / COMPLETING PD FORM 47/47A | BADGE NO. | UNIT |
|---|---|---|---|---|---|
| 11-7-95 | 1434 | DC General Hospital/Emg. | SA Dennis Condon | D-57 | FBI/C- |

### 44. COMPLAINANTS / WITNESSES (If sworn member - Name, Rank, Badge No. and Unit)     MORE ☐   See Back

| NAME - LAST, FIRST, M.I. | ADDRESS - STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|
| W-1 | | | | |
| W-2 ▶ Ofc. McGregor, Hayward    MPD First District | | | | 727-4608 |

| 45. SPEC. OPS. | 46. TACTICS | 47. PREMISES | 48. SCHOOL ZONE ☐ |
|---|---|---|---|
| | | | PUBLIC HOUSING ☐ |

| 49. | CHARGES | NOI OR WARRANT NUMBER | CCN | MONEY | COLLA./BOND RECEIPT NO. |
|---|---|---|---|---|---|
| 1. | Robbery Fear | | 669-588 | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

(ENTER THE LEAD CHARGE FIRST)

| 50. PROPERTY RECOVERED / ITEMS OF EVIDENCE | 51. INITIALS - DATE - UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|
| PROPERTY BOOK/ PAGE NO.     CSES NO. | | |
| FBI/C-4 | 52. M.O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS | |

| 54. CCB USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX. | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|---|
| | 5-7 | 130 | | | | |

DISTRIBUTION: Page 1. to ID & RD; Page 2, & 3. to Prosecutor; Page 4. (yellow), Unit Copy; Page 5. Copy's Copy.

PAGE 2                REVERSE CARBON AND FILL IN REVERSE SIDE OF THIS FORM

(Petit. Ex. 4)

**55. EMPLOYMENT HISTORY** (List present employment if any, on Line 1)

| FROM - DATE - TO | EMPLOYER **UNEMPLOYED** | ADDRESS | BUS. PHONE | O. |
|---|---|---|---|---|
| 2. | | | | |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME - LAST, FIRST, M.I. **REFUSED** | ADDRESS - STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| | | | | |
| | | | | |

| 57. MILITARY SERVICE, BRANCH/DATE FROM - TO **unknown** | 58. TELEPHONE CALL MADE **hospitalized** ☐ Yes ☐ No ☐ Refused | 59. PHONE NUMBER |
|---|---|---|

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. REFER to them as W1 or W2, etc as indicated in Item 31.)

The victim teller reported to the police that at approximately 1245 hours the suspect #1 approached her window. After spending a short time feeling in his pockets as if looking for something, he then stated "HI HOW YA DOING", produced a piece of paper and passed it under the security glass. The note read, GIVE US YOUR LARGE BILLS. The suspect then stated "DON'T DO ANYTHING STUPID, THERE ARE THREE MORE OF US IN HERE". As the teller provided the suspect with currency, he again urged her by stating "COME ON, QUICK - QUICK". The teller then pushed the alarm button and the suspect backed away from the window and ran from the rear door of the bank with police in pursuit.

Detectives Johnson, Williams and the undersigned of the bank squad, as well as members of the FBI Response Team responded immediately to the bank. Members of the First District Tactical Unit who had been performing an undercover operation on the bank pursued the suspect on foot in an eastbound direction on Independence Avenue, S.E.,. The suspect boarded a vehicle operated by a second subject and continued to flee. First District Tactical Units, and patrol units from the First and Seventh District continued pursuit to 18th and 'V' Streets, S. E., where the suspect vehicle lost control and ran into a tree. Both occupants were apprehended, but due to injuries resulting from the crash, they were transported directly to D. C. General Hospital for treatment.

The undersigned along with Detectives Williams, Johnson, SA Condon, and SA Chackley responded to the hospital with witness #1 and witness #2 (who observed the suspect during the robbery from a second floor observation post). Independently, the suspect was identified by both witnesses.

The defendant Moore was advised of his rights by SA D. Condon, FBI.

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)]

| 62. RECORD CLERK'S NAME Harper | 1-7-93 Distr. 3. UCSA RWID Heroin | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|
| 12-19-94 63. ARREST RECORD SUMMARY 5-25-94 UCSA PWID Heroin ² UCSA PWID Heroin | 12-14-89 ⁴Crd. Card Fraud  6. | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ No (If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME - OFFICER MAKING STATEMENT Det. Gail S. Russell | BADGE NUMBER D #295 | RANK D-II | 68. SIGNATURE OF REVIEWING OFFICER |
|---|---|---|---|
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT SIB | DATE 11-8-95 | UNIT (CID) | DATE 11/8/95 |

CHECK LAST COPY FOR LEGIBILITY BEFORE TURNING IN REPORT

**METROPOLITAN POLICE DEPARTMENT**
Washington, D.C.

**ARREST/PROSECUTION REPORT**

P.D. 163 Rev. 6/94    G.O. 401.5

| | |
|---|---|
| 1. | 2. ID NUMBER (ID Only) |
| 3. DEFENDANT'S TRUE NAME - LAST, FIRST, MIDDLE (ID Only) | 4. CID NUMBER |
| | 669-588 |

5. UNIT-ARREST NO.  **099500894**

6. DEFENDANT'S NAME - LAST, FIRST, MIDDLE (At time of arrest)
**DAMONIA, JUANA**

7. DEA LAB NUMBER

8. Arresting Officer's Name
**MCGREGOR, HAYWOOD**

9. TYPE OF RELEASE
☐ CITATION ☐ BOND
☐ COLLATERAL

10. NICKNAME / ALIAS

11. PHONE NUMBER

| Rank | Badge # | Agency | 12. COURT DATE | 13. ADDRESS (Include Room / Apt No. City & State if Outside D.C.) | 14. TIME IN D.C. |
|---|---|---|---|---|---|
| OFF | #3668 | MPD | 11-8-95 | 2346 PITTS PLACE S.E. #204 | LIFE |

| 15. ☐ CHILD ABUSE ☐ GANG ☐ HATE ☐ SENIOR CITIZEN ☐ DOMESTIC VIOLENCE **SPECIAL INTELLIGENCE** | 16. SEX F | 17. RACE B | 18. BIRTHDATE 1-7-66 | 19. SOCIAL SECURITY NUMBER 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 |
|---|---|---|---|---|

| 20. NEED INTERPRETER Yes.☐ No ☒ | 21. HEIGHT 5'1 | 22. WEIGHT 160 | 23. HAIR BLK | 24. EYES BRN | 25. COMPLEX DARK | 26. PERMIT NO/ST 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 | 27. BIRTHPLACE (City & State) unk. |
|---|---|---|---|---|---|---|---|

28. CO-DEFENDANTS: Number _____ (If more than 3, list on back)
NAME, ADDRESS, ZIP CODE AND PHONE NUMBER

| | 29. IMPERSONATOR? M F | 30. ETHNICITY | 31. CAUTION |
|---|---|---|---|
| 1. | 32. SCARS/MARKS/TATTOOS | | |
| 2. | 33. HAT | 34. JACKET | 35. PANTS |
| | 36. COAT | 37. SHIRT | 38. SKIRT/DRESS |
| 3. | | | |

**39. WALES/NCIC CHECK**

| CHECK MADE BY (Name) **JOHNSON, ANTHONY** | NCIC NUMBER **97731** | WARRANT ON FILE (If Yes, enter Warrant Number(s).) Yes ☐ No ☒ |
|---|---|---|

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) 300 PENN AVE S.E. | DATE OF OFFENSE 11-7-95 | TIME OF OFFENSE 1245 |
|---|---|---|
| 41. LOCATION OF ARREST (Exact Address, include Room / Apt No.) 18TH AND V ST S.E. | DATE OF ARREST 11-7-95 | TIME OF ARREST 1300 |

| 42. ASSISTING OFFICER'S NAME, BADGE NO. & UNIT OR AGENCY DET. ANTHONY JOHNSON #D332 CID | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY DET. RUSSELL, GAIL #295 CID |
|---|---|

**43. DEFENDANT ADVISED OF RIGHTS**

| DATE 11-7-95 | TIME 1444 | LOCATION DC GENERAL HOSPITAL | OFFICER'S NAME - ADVISING / COMPLETING PD FORM 47/47A CONDON, DENNIS | BADGE NO. | UNIT FBI |
|---|---|---|---|---|---|

**44. COMPLAINANTS / WITNESSES** (If sworn member - Name, Rank, Badge No. and Unit)    MORE ☐ See Back

| | NAME - LAST, FIRST, M.I. | ADDRESS - STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|---|
| W-1 | | | | | |
| W-2 | | | | | |

| 45. SPEC. OPS. | 46. TACTICS | 47. PREMISES | 48. SCHOOL ZONE ☐ PUBLIC HOUSING ☐ |
|---|---|---|---|

**49.**

| | CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA./BOND RECEIPT NO. |
|---|---|---|---|---|---|
| 1. | ROBBERY FEAR    11-7-95 | | 669-588 | | |
| 2. | DISTRIBUTION COCAINE XX-XX-XX | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| 50. PROPERTY RECOVERED / ITEMS OF EVIDENCE | 51. INITIALS - DATE - UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|
| PROPERTY BOOK/ PAGE NO. | CSES NO. | 52. M.O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS |

| 54. CCB USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX | SCARS/MARKS/TATTOOS | |
|---|---|---|---|---|---|---|---|

DISTRIBUTION: Page 1 to ID & RD. Page 2 & 3 to Prosecutor; Page 4 (yellow), Unit Copy; Page 5 Officer's Copy.

PAGE 1    REVERSE CARBON AND FILL IN REVERSE SIDE OF THIS FORM

(Petit. Ex. 5)

| FROM - DATE - TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| 1. | UNKNOWN | | | |
| 2. | — | | | |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** *(Begin with immediate family)*

| RELATIONSHIP | DOB/AGE | NAME - LAST, FIRST, M.I. | ADDRESS - STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| | | UNKNOWN | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM - TO | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| UNKNOWN | ☐ Yes  ☐ No  ☐ Refused | |

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. Use Continuation Form PD 202A for additional space: Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. REFER to them as W1 or W2, etc as indicated in Item 31.)

The victim teller reported to the police that at approximately 1245 hours the suspect #1 approached her window. After spending a short time feeling in his pockets as if looking for something, he then stated "HI HOW YA DOING", produced a piece of paper and passed it under the security glass. The note read, GIVE US YOUR LARGE BILLS. The suspect then stated "DON'T DO ANYTHING STUPID, THERE ARE THREE MORE OF US IN HERE". As the teller provided the suspect with currency, he again urged her by stating "COME ON, QUICK - QUICK". The teller then pushed the alarm button and the suspect backed away from the window and ran from the rear door of the bank with police in pursuit.

Detectives Russell, Williams and the undersigned of the bank squad, as well as members of the FBI Response Team responded immediately to the bank. Members of the First District Tactical Unit who had been performing an undercover operation on the bank pursued the suspect on foot in an eastbound direction on Independence Avenue, S.E.. The suspect boarded a vehicle operated by a black female (later identified as the defendant/Juana Damonia) and continued to flee. First District Tactical Units and patrol units from the First and Seventh District continued pursuit to 18th and 'Y' Streets, S. E., where the defendant lost control of the vehicle and ran into a tree. Both the defendant and co-defendant were apprehended, however, due to injuries resulting from the crash, they were transported directly to D. C. General Hospital for treatment and admitted.

The defendant Damonia was advised of her rights by SA D. Condon, FBI.

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.) ]

| 62. RECORD CLERK'S NAME | 3. | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|
| MOORE | | | |
| **63. ARREST RECORD SUMMARY** | | | |
| 1. DIST COCAINE | 2. | 4. | 6. |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear?  ☐ Yes  ☐ No
(If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME - OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICER |
|---|---|---|---|
| Anthony Johnson | D350 | II | |
| **67. SIGNATURE OF OFFICER MAKING STATEMENT** | UNIT | DATE | UNIT | DATE |
| Anthony Johnson | CID | 1-8-95 | C I D | 11/8/95 |

**CHECK LAST COPY FOR LEGIBILITY BEFORE TURNING IN REPORT**