*fedarx*

(9

3/7/01

(8m

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,          : CIVIL NO: 1:CV-00-2148
              Petitioner,       :
                                : (Judge Caldwell)
          v.                    :
                                : (Magistrate Judge Smyser)
UNITED STATES OF AMERICA,       :
              Respondent,       :

**FILED**
HARRISBURG, PA

MAR 0 7 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

**REPORT AND RECOMMENDATION**

The petitioner, a federal prisoner proceeding *pro se*,
filed in the United States District Court for the District of
Columbia a motion under 28 U.S.C. § 2255 to vacate, set aside
or correct his sentence.  The petitioner claimed that a
clerical error was made in the preparation of his Judgement and
Commitment Order regarding the term of his supervised release
and that the Bureau of Prisons (BOP) incorrectly calculated the
term of his sentence.  By an Order filed on July 17, 2000,
Judge Roberts of the United States District Court for the
District of Columbia granted the petitioner's § 2255 motion in
part and amended the petitioner's Judgment and Commitment
Order.  Judge Roberts further ordered that the petitioner's
claim that the BOP  incorrectly calculated his sentence be
transferred to this court.  On December 15, 2000, this court

received part of the original file from the United States
District Court for the District of Columbia.  It was not until
January 16, 2001, however, that this court received a copy of
the petitioner's  § 2255 motion.

By an Order dated January 22, 2001, we construed the
petitioner's claim that the BOP incorrectly calculated his
sentence as a habeas corpus claim brought pursuant to 28 U.S.C.
§ 2241, and we ordered the respondent to show cause on or
before February 8, 2001 why the petitioner should not be
granted habeas corpus relief.  The Order of January 22, 2001
provided that the petitioner may file a reply to the
respondent's response to the show cause order within ten days
of its filing.

On February 8, 2001, the respondent filed a response to
the petition.  The petitioner requested and received an
extension of time to file a reply, and on March 1, 2001 the
petitioner filed a reply.

The respondent argues that the petition should be
dismissed because the petitioner has not exhausted

2

administrative remedies with regard to his claim that the BOP incorrectly calculated his sentence.

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981).

The BOP has set up procedures for inmates to follow in seeking administrative remedies. These procedures are contained in Title 28 of the Code of Federal Regulations at sections 542.10 to 542.19. The regulations establish three levels of administrative review. At the first level the Warden of the institution responds to the inmate's complaint. If the inmate is not satisfied with the Warden's response the inmate may

3

appeal to the Regional Director.  If the inmate is not satisfied
with the Regional Director's decision the inmate may appeal to
the Office of the General Counsel.  "Appeal to the General
Counsel is the final administrative appeal."  28 C.F.R. §542.15.

The respondent submitted the declaration of M. Leslie
Owen, an Assistant Regional Counsel with the Northeast Regional
Office of the BOP.  Owen states that computerized indexes of all
administrative appeals filed by inmates are maintained by the
Regional and Central offices, in a system know as SENTRY, so
that rapid verification can be made as to whether an inmate has
exhausted administrative appeals on a particular issue. *Owen
Decl.* at ¶3.  Owen states that she reviewed the SENTRY records
and that those records establish that although the petitioner
submitted an informal request to a staff member regarding the
computation of his sentence, the petitioner has never raised any
issues regarding his sentence calculation through the BOP's
administrative remedy program. *Id.* at ¶4.

The petitioner admits that he has not exhausted
administrative remedies but he asserts that he should be excused
from the exhaustion requirement.  The petitioner states that BOP

4

staff members told him that "it might be a good idea to leave it
alone" and that "people have lost good time for making a
nuisance of themselves and filing frivolous paperwork that is a
waste of time. *See* Doc. 8 at 5.   The petitioner states that he
took the staff members tone of voice and demeanor as a warning
and that he was therefore thwarted in his attempt to pursue a
remedy. *Id.*

Assuming *arguendo* that BOP staff made the above-
referenced statements to the petitioner, the requirement remains
in place that a petitioner must have exhausted administrative
remedies.

Based on the foregoing, it is recommended that the
petition be dismissed based on the petitioner's failure to
exhaust administrative remedies and that the case file be
closed.

J. Andrew Smyser
Magistrate Judge

Dated:   March ___7___ , 2001.

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,          : CIVIL NO: 1:CV-00-2148
          Petitioner,           :
                                : (Judge Caldwell)
     v.                         :
                                : (Magistrate Judge Smyser)
UNITED STATES OF AMERICA,       :           **FILED**
          Respondent,           :        **HARRISBURG, PA**

                                          MAR 0 7 2001

                    **NOTICE**
                                    MARY E. D'ANDREA, CLERK
                                    PER_____ DEPUTY CLERK

          Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

          Any party may object to a magistrate judge's proposed findings, recommendations
          or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or
          making a recommendation for the disposition of a prisoner case or a habeas corpus
          petition **within ten (10) days** after being served with a copy thereof. Such party
          shall file with the clerk of court, and serve on the magistrate judge and all parties,
          written objections which shall specifically identify the portions of the proposed
          findings, recommendations or report to which objection is made and the basis for
          such objections. The briefing requirements set forth in Local Rule 72.2 shall
          apply. A judge shall make a de novo determination of those portions of the report
          or specified proposed findings or recommendations to which objection is made and
          may accept, reject, or modify, in whole or in part, the findings or recommendations
          made by the magistrate judge. The judge, however, need conduct a new hearing
          only in his or her discretion or where required by law, and may consider the record
          developed before the magistrate judge, making his or her own determination on the
          basis of that record. The judge may also receive further evidence, recall witnesses
          or recommit the matter to the magistrate judge with instructions.

                                        J. Andrew Smyser
                                        Magistrate Judge

Dated: March 7, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

March 7, 2001

Re:  1:00-cv-02148    Moore v. USA

True and correct copies of the attached were mailed by the clerk
to the following:

         Samual Bertrell Moore
         FCI-SCHUYLKILL
         09644-050
         P.O. Box 759
         Minersville, PA  17954

         Kate L. Mershimer, Esq.
         U.S. Attorneys Office
         Room 217, Federal Bldg.
         228 Walnut St.
         Harrisburg, Pa  17108

         David Barasch
         US Atty's Office
         2nd Floor
         228 Walnut St.
         Harrisburg, PA  17108

cc:
Judge                   (  /     )       (  ) Pro Se Law Clerk
Magistrate Judge        (  /     )       (  ) INS
U.S. Marshal            (  )             (  ) Jury Clerk
Probation               (  )
U.S. Attorney           (  )
Atty. for Deft.         (  )
Defendant               (  )
Warden                  (  )
Bureau of Prisons       (  )
Ct Reporter             (  )
Ctroom Deputy           (  )
Orig-Security           (  )
Federal Public Defender (  )
Summons Issued          (  )  with N/C attached to complt. and served by:
                              U.S. Marshal (  )     Pltf's Attorney (  )

Standard Order 93-5     (  )
Order to Show Cause     (  )  with Petition attached & mailed certified mail
                              to: US Atty Gen  (  )   PA Atty Gen (  )

DA of County   (  )   Respondents  (  )

Bankruptcy Court                    (  )
Other_____*Handled*_____  (  )

MARY E. D'ANDREA, Clerk

DATE: _____ 3/-7-01

BY: _____
Deputy Clerk