**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,
    Petitioner,

v.

DAVID ROMINE,
    Respondent,

CIVIL NO. 1:CV-00-2148

(Judge Caldwell)

FILED
HARRISBURG, PA
APR 3 0 2001
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### MOTION FOR STAY OF JUDGMENT PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to Rule 62 FRCvP, Petitioner moves for a Stay of the Proceedings to Enforce the Judgment, pending the exhaustion of administrative remedies. Strong substantiation of the merits have been presented in favor of interim relief, and there is the necessary "level" or "degree" of possibility of success that he will win his case on the affirmative record established in these instant matters, on his return to federal court, in the event the Bureau of Prisons (BOP) fails to grant him the relief he is entitled. See, Virginia Petroleum Jobbers Association v. FPC, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958).

Petitioner prays, before the judgment becomes final, that the court will grant his Motion For A Stay, issue a temporary injunction to preserve this instant record, and where, there is no reasonable possibility that the grievance process certified by the Department of Justice will resolve the complaint, the court is requested to monitor the effectiveness of said process to ensure the Stay actually contributes to reducing cost and delay, and to make a determination as to the integrity of the application of the process. The integrity and the fairness of the exhaustion requirement

are prerequisite to the impartial administration of justice. The misreading and subsequent misapplication of the record by the BOP in this case, does not necessarily prove inadequacy of the grievance process certified by the Department of Justice nor is it charged that there is/was any connivance or intentional wrongdoing by any BOP staff member, where, presumption is the bane of reason and the nurse of error for any and all who must depend on human frailties. Result depends on cause. The BOP is in error.

    Petitioner has presented sufficient unrefuted evidence of likelihood of success on the merits of his claim. The granting of his Motion For A Stay will not interfere with the internal operations of the BOP. The issuance of a temporary injunction is justified, and it is not necessary that petitioner be absolutely certain, wholly without doubt, regarding the final outcome of these instant matters, where there are other elements present (i.e., the balance of hardships tips decidedly toward petitioner), it will ordinarily be enough that the petitioner has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make a fair ground for litigation and thus for more deliberative investigation. See, <u>Hamilton Watch Co. v. Benrus Watch Co.</u>, 206 F.2d 738, 740 (2d Cir. 1953). Petitioner has satisfied the burden of demonstrating a combination of probable success and the possibility of irreparable injury. In the presentation of his case, serious questions are raised and the balance of hardships tips sharply in his favor.

    <u>WHEREFORE</u>, Petitioner prays the Court will grant his Motion For A Stay Pending The Exhaustion Of Administrative Remedies.

Respectfully submitted,

Samuel B. Moore-Bey

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL BERTRELL MOORE,
    Affiant,

v.

DAVID ROMINE,

CIVIL NO.  1:CV-00-2148

(Judge Caldwell)

### AFFIDAVIT IN SUPPORT OF MOTION FOR STAY OF JUDGMENT PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES

I, Samuel B. Moore, the Affiant in the above entitled matter, do aver and affirm under penalty of perjury that, the following is submitted in support of my Motion For Stay Of Judgment Pending Exhaustion Of Administrative Remedies, and is the truth to the best of my knowledge and information:

The Affiant, filed a 28 U.S.C. §2241 petition pro se seeking credit on his federal sentence for some 400 days spent in custody before his federal sentencing in 1997 to 151 months for six counts of bank robbery. On April 18, 2001, the court upon consideration of the report of the magistrate judge, dated March 7, 2001, the objections that were filed, and on independent review of the record, ordered that the magistrate judge's report be adopted, and the petition under 28 U.S.C. §2241 was dismissed for failure to exhaust administrative remedies.

Reiterated below is proof positive of affiant having demonstrated a combination of probable success and the possibility of irreparable injury. The Bureau of Prisons (BOP) will suffer nothing if this Motion For A Stay is granted. Affiant stands to suffer severe harm, which is specific in nature (the refusal to recognize an award by the court of "meaningful credit" which resulted in an unlawful increase in petitioner's sentence by the BOP), if the Stay is not granted. The balance of respective harm weighs in favor of the affiant.

(1) Affiant has made a strong showing that he is likely to prevail on the merit if it is made necessary by the BOP to return to federal court after exhausting the administrative remedy process. (A) On November 7, 1995, affiant was arrested by D.C. Federal Authorities and charged with Title 18 U.S.C. §2113(a).

(1)

At the time of affiant's arrest he was unknown to federal arresting authorities, and was arrested specifically for the taking away, by intimidation, of bank deposits of which were insured by the Federal Deposit Insurance Corporation. (See, Indictment, PSI, Petit. App. 8 to 11). (B) The initial arrest on November 7, 1995, triggered the Speedy Trial Act (STA) Clock, a subsequent indictment was returned on December 7, 1995, and primary/priority jurisdiction attached by U.S. District Court on day of initial arrest. (See, Petit. App. 12, p.5, item 12, and, Ex. Attached to Motion For Reconsideration Of Magistrate Judge's Ruling(Motion To Dismiss Indictment)). (C) On the day of initial arrest affiant was taken to the Emergency Room of D.C. General Hospital, read his rights and "officially" placed under arrest by the FBI. (See, Petit. Ex. 4, p.1&2). (D) On November 8, 1995, an Arrest Warrant was issued by the Magistrate Judge Alan Kay, Complaint and Affidavit filed against affiant and Ms. Juana Demonia (Co-defendant), and on November 9, 1995, the Warrant returned executed, affiant arrested, and a temporary detention order pending a hearing pursuant to Bail Reform Act. (See, Petit. App. 12, p. 4, item 1 - 3). Subsequently, an "official detention" order was filed.

(2) Affiant has shown that without a stay of the proceedings to preserve the record and permit the court to monitor the administrative remedy process, he will suffer irreparably by the BOP's increase in the term of his sentence by an unlawful withdrawal of meaningful credit.

(3) The issuance of a stay would not harm the BOP at all nor would it harm anyother parties interested in these instant proceedings. Affiant has good reason to deem the exhaustion of administrative remedies futile, but necessary per order of the court, and there is very strong likelihood he will inevitably succeed.

(4) The public has a substantial interest in not having a significant

(2)

portion of affiant's sentence arbitrarily and capriciously taken away because of erroneous evaluation of BOP records by BOP staff. Society is further served by preservation of the integrity of the criminal justice process, and more profoundly, it has an interest in treating affiant, and all prisoners, with basic fairness to enhance the chance of rehabilitation by avoiding negative and antisocial behavioral reactions to said arbitrariness.

For the foregoing reasons shown on the proof in the record of these instant matters, Affiant prays the court will grant a stay of the proceedings, and monitor the process to ensure the integrity of the process.

Respectfully submitted,

*S. Moore-Bey*

Samuel B. Moore-Bey
Affiant Pro Se

(3)

## CERTIFICATE OF SERVICE

I certify that I have caused to be forwarded, by U.S. Certified Mail, the original and two (2) copies of my Motion For Stay Of Judgment Pending Exhaustion Of Administrative Remedies, and attached Affidavit In Support Of Motion, to the Clerk of the Court for the Middle District of Pennsylvania, 228 Walnut Street, P.O. Box 983, Harrisburg, PA 17108, to be served on all interested parties in these instant matters, on this 27th day of April, 2001.

Respectfully submitted,

*S. Moore-Bey*
Samuel B. Moore-Bey
Petitioner Pro Se